BUCHALTER
A Professional Corporation
Joshua Robbins (SBN: 270553)
jrobbins@buchalter.com
Mark T. Cramer (SBN: 198952)
mcramer@buchalter.com
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017
Tel: (213) 891-0700
Fax: (213) 896-0400

Maurice R. Mitts (admitted pro hac vice)
mmitts@mittslaw.com
MITTS LAW LLC
1822 Spruce Street
Philadelphia, PA 19103
Tel: (215) 866-0112
Fax: (215) 866-0113

*Attorneys for Defendants*
*WCO Spectrum LLC, Academia Spectrum LLC,*
*Gary Winnick, Carl Katerndahl, Andreas Bitzarakis, and Tyler Kratz*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| T-MOBILE US, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> WCO SPECTRUM LLC, *et al.*, <br><br> Defendants. | Civil Action No. 2:23-4347-DMG-E (Hon. Dolly M. Gee) <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS WCO SPECTRUM LLC, ACADEMIA SPECTRUM LLC, GARY WINNICK, CARL KATERNDAHL, ANDREAS BITZARAKIS, AND TYLER KRATZ'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING MOTION TO DISMISS** <br><br> Complaint Filed: June 2, 2023 <br> Hearing Date: October 13, 2023 <br> Time: 9:30 a.m. <br> Courtroom: 8C |

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201 and the doctrinal authority cited herein, Defendants WCO Spectrum, LLC, Academia Spectrum, LLC, Gary Winnick, Carl Katerndahl, Andreas Bitzarakis, and Tyler Kratz (collectively, the "WCO Defendants") request that the Court take judicial notice of the following exhibits appended to the Declaration of Maurice R. Mitts, made in support of the WCO Defendants' Motion for Protective Order Staying Discovery Pending Motion to Dismiss and filed concurrently herewith.

1. **Exhibits A, D, E, F, and H** are true and accurate copies of news articles published on the website fiercewireless.com. The WCO Defendants submit that Fierce Wireless is a leading publication providing objective, independent commentary on the telecommunications industry, and that the accuracy of the facts stated in the articles are "not subject to reasonable dispute and capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned." *Rueda Vidal v. U.S. Dept. of Homeland Security*, 536 F. Supp. 3d. 604, 612-13 (C.D. Cal. 2021) (Gee, J.) (quoting *Campbell v. Pricewaterhouse Coopers, LLP*, 642 F.3d 820, 824 n.3 (9th Cir. 2011). That said, even if the Court declines to take judicial notice of the matters stated in these articles as factually true, the Court may still take judicial notice that the articles "indicate what was in the public realm at the time, [without considering] whether the contents of [the] articles [are] in fact true." *Rueda Vidal*, 536 F. Supp. 3d at 613 (taking judicial notice of certain Tweets and news articles as reflecting what was in the public realm at the time).

2. **Exhibit C** is a true and accurate copy of a news article published on the website of Public Media Company, a nonprofit consulting firm dedicated to serving public media. The article provides helpful factual background and context concerning the recent Federal Communications Commission rule change permitting commercial entities to hold licenses for the 2.5 GHz spectrum band. The WCO Defendants submit that the accuracy of the facts stated in the articles are "not subject to reasonable dispute and capable of accurate and ready determination by sources whose accurately

cannot reasonably be questioned." *Rueda Vidal v. U.S. Dept. of Homeland Security*, 536 F. Supp. 3d. 604, 612-13 (C.D. Cal. 2021) (Gee, J.) (quoting *Campbell v. Pricewaterhouse Coopers, LLP*, 642 F.3d 820, 824 n.3 (9th Cir. 2011). That said, even if the court declines to take judicial notice of the matters contained in this article as factually true, the Court may still take judicial notice that the articles "indicate what was in the public realm at the time, [without considering] whether the contents of [the] articles [are] in fact true." *Rueda Vidal*, 536 F. Supp. 3d at 613 (taking judicial notice of certain Tweets and news articles as reflecting what was in the public realm at the time).

3. **Exhibits O and P** are true and correct copies of news articles published to the website lightreading.com, the website of Light Reading, an independent business to business digital media platform which provides daily news, analysis, and insights for the global communications networking and services industry. The publication has been a leading resource for telecom, mobile, and cable network operators for more than 20 years. The WCO Defendants submit that the accuracy of the facts stated in the articles are "not subject to reasonable dispute and capable of accurate and ready determination by sources whose accurately cannot reasonably be questioned." *Rueda Vidal v. U.S. Dept. of Homeland Security*, 536 F. Supp. 3d. 604, 612-13 (C.D. Cal. 2021) (Gee, J.) (quoting *Campbell v. Pricewaterhouse Coopers, LLP*, 642 F.3d 820, 824 n.3 (9th Cir. 2011). That said, even if the court declines to take judicial notice of the matters contained in this article as factually true, the Court may still take judicial notice that the articles "indicate what was in the public realm at the time, [without considering] whether the contents of [the] articles [are] in fact true." *Rueda Vidal*, 536 F. Supp. 3d at 613 (taking judicial notice of certain Tweets and news articles as reflecting what was in the public realm at the time).

4. **Exhibits I, J, K, L, M, and N** are true and accurate copies of hearing transcripts, orders, and complaints entered in related litigations Plaintiffs have instituted in federal and state courts around the country. As this Court has noted

1  previously, "[c]ourt filings and orders issued in related litigation are [] proper
2  subjects of judicial notice." *Vampire Family Brands, LLC v. MPL Brands, Inc.*, No.
3  CV 20-9482-DMG (ASX), 2021 WL 4134841, at *1 (C.D. Cal. Aug. 6, 2021) (Gee,
4  J.) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir.
5  2006)).

6      5.    **Exhibit Q** is a true and correct copy of a Report and Order issued by the
7  Federal Communications Commission. As this Court has noted previously, a court
8  "may take notice of government documents and records obtained from reliable
9  sources." *Vampire Family Brands LLC*, 2021 WL 4134841, at *1 (citing U.S. ex rel.
10 *Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014), *aff'd*, 678
11 F. App'x 594 (9th Cir. 2017)).

12     As the above-referenced documents are properly the subject of judicial notice
13 pursuant to Federal Rule of Evidence 201 and the authority cited herein, the WCO
14 Defendants respectfully request that the Court take judicial notice of them and
15 consider them in ruling on the Motion for Protective Order Staying Discovery
16 Pending Motion to Dismiss filed concurrently herewith.

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | DATED:  August 16, 2023 | BUCHALTER<br>A Professional Corporation |
| 5 | | By: /s/ Mark T. Cramer<br>    Mark T. Cramer<br>    *Attorneys for Defendants*<br>    *WCO Spectrum LLC, Academia*<br>    *Spectrum LLC, Gary Winnick, Carl*<br>    *Katerndahl, Andreas Bitzarakis, and*<br>    *Tyler Kratz* |