**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| T-MOBILE US, Inc., *et al.*,<br><br>            Plaintiffs,<br><br>     vs.<br><br>WCO SPECTRUM LLC, *et al.*,<br><br>            Defendants. | Case No. CV 23-4347-DMG (Ex)<br><br>**ORDER RE STIPULATION TO CONTINUE MOTION TO DISMISS HEARING AND REQUEST TO STAY DISCOVERY [95, 96]** |

The Court has reviewed the parties' Joint Stipulation to Continue the Hearing and Related Deadlines as to Defendants' Motions to Dismiss ("MTDs") [Doc. # 96] and Defendants' Request to Stay Discovery [Doc. # 95 ("Request")] pending the Court's ruling on the MTDs. The Request is presented in the form of a Joint Stipulation and noticed for hearing before Hon. Charles F. Eick, United States Magistrate Judge. For good cause shown, the hearing on Defendants' motions to dismiss [Doc. ## 92, 93] is **CONTINUED** from April 26, 2024 to **May 10, 2024 at 9:30 a.m.** Plaintiffs must file their Oppositions by April 19, 2024, and Defendants shall file any Replies by April 26, 2024.

As for the Request, the Court directs the parties' attention to the Initial Standing Order ("ISO") [Doc. # 19], which states as follows:

> Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, **it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference**. At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose firm deadlines to complete discovery.

*See* ISO at 3 (emphasis in original).

Thus, as the hortatory language of the Court's ISO suggests, nothing prevents the parties from engaging in discovery if they can *mutually agree* to do so—indeed, the parties are encouraged to commence discovery if there are areas of inquiry not likely to be affected by any pending motions.

Unfortunately, it seems that no such compromise may be possible under the circumstances described in the Request. Defendants claim that their pending MTDs may dispose of this case entirely, thus obviating the need for any discovery whatsoever. *See* Request at 4–5, 12–17.[1] Plaintiffs, on the other hand, decry the case's slow progress and wish the case to proceed without further delay, so much so

---

[1] All page citations refer to the page numbers inserted by the CM/ECF system.

that they attempt to litigate the merits of the MTDs before the Magistrate Judge. *Id.* at 27–33. Nowhere in the parties' Request does either side propose a compromise or limiting principle that might allow at least some discovery to proceed in advance of the Scheduling Conference. Without any such agreement, there will be no discovery until the pleadings are at issue and the Court has issued a Scheduling and Case Management Order setting a discovery cut-off.

Defendants' Request for a protective order staying discovery [Doc. # 95] is therefore DENIED as moot and the April 26, 2024 hearing noticed before Magistrate Judge Eick, is VACATED.

**IT IS SO ORDERED.**

DATED: April 2, 2024

DOLLY M. GEE
Chief, United States District Judge

cc: Hon. Charles F. Eick

3