**ALSTON & BIRD LLP**
Jeffrey A. Rosenfeld (#136896)
jeffrey.rosenfeld@alston.com
Jesse Steinbach (#278923)
jesse.steinbach@alston.com
Brooke Bolender (#340689)
brooke.bolender@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1143

**WILLIAMS & CONNOLLY LLP**
Kenneth J. Brown*
kbrown@wc.com
William P. Ashworth*
washworth@wc.com
R. Kennon Poteat III*
kpoteat@wc.com
Kathryn E. Hoover*
khoover@wc.com
Perry F. Austin*
paustin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000

**KLEINBARD LLC**
Steven J. Engelmyer*
sengelmyer@kleinbard.com
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Telephone: (215) 568-2000

*admitted *pro hac vice*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE US, INC., CLEARWIRE SPECTRUM HOLDINGS LLC, CLEARWIRE SPECTRUM HOLDINGS II LLC, CLEARWIRE SPECTRUM HOLDINGS III LLC, FIXED WIRELESS HOLDINGS LLC, NSAC LLC, TDI ACQUISITION SUB LLC, AND WBSY LICENSING LLC,<br><br>Plaintiffs,<br>vs.<br><br>WCO SPECTRUM LLC, SCH LLC, ACADEMIA SPECTRUM LLC, GARY WINNICK, CARL KATERNDAHL, ASHOK VASUDEVAN, ANDREAS BITZARAKIS, AND TYLER KRATZ,<br><br>Defendants. | Case No. 2:23-CV-4347-DMG-E<br><br>Judge Dolly M. Gee<br><br>**PLAINTIFF T-MOBILE'S PARTIAL OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Complaint Filed: June 2, 2023<br>Hearing Date: May 10, 2024<br>Time: 9:30 a.m.<br>Courtroom 8C |

      Plaintiffs T-Mobile US, Inc., Clearwire Spectrum Holdings LLC, Clearwire Spectrum Holdings II LLC, Clearwire Spectrum Holdings III LLC, Fixed Wireless Holdings LLC, NSAC LLC, TDI Acquisition Sub LLC, and WBSY Licensing LLC (collectively "T-Mobile") respectfully submit this partial opposition to Defendants' Request for Judicial Notice.

      1.    Plaintiffs do not object to the Court taking judicial notice of **Exhibit A** to Defendants' Motion to Dismiss.  Although Plaintiffs refer to this specific document only once in the complaint, they do refer to Commitment Cost Agreements generally, and Plaintiffs do not contest the authenticity of Exhibit A. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), *overruled on other grounds in Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

      2.    Plaintiffs do not object to the Court taking judicial notice of **Exhibit B** to Defendants' Motion to Dismiss. *See Brooks v. Y.Y.G.M. SA*, 2021 WL 5450232, at *1 (E.D. Cal. Nov. 22, 2021) ("A complaint is a court record, and therefore an appropriate document for judicial notice.").

      3.    Plaintiffs object to the Court taking judicial notice of the newspaper articles attached to Defendants' Motion to Dismiss as **Exhibits C and D**.  It hardly could be more firmly established that the truth (or falsity) of newspaper articles—where those articles are not referenced in the complaint—is not a proper subject of judicial notice and cannot be considered in evaluating a Rule 12(b)(6) motion. *See, e.g., Ali v. Silicon Valley Bank*, 2018 WL 11631987, at *1 n.1 (N.D. Cal. Nov. 26, 2018) ("The Court DENIES Plaintiff's request that it take judicial notice of the truth of the matters asserted in various newspaper articles."); *Preven v. Cnty. of Los*

*Angeles*, 2011 WL 2882399, at *8 (C.D. Cal. June 17, 2011) ("[T]he Court will not take judicial notice of plaintiffs' Exh. 1, a copy of a newspaper article, because the content of articles in the news media is not a matter whose accuracy cannot be reasonably questioned." (internal quotation marks omitted)); *Atlas v. Accredited Home Lenders Holding Co.*, 556 F. Supp. 2d 1142, 1161 n. 7 (S.D. Cal. 2008) ("The Court concludes that these [newspaper articles], which are neither referenced in Plaintiff's complaint nor the subject of a proper request for judicial notice, may not be considered on a motion to dismiss.").

To be sure, the *fact* that a newspaper article was published, and that the contents thereof were in the public domain as of that date, may be the subject of judicial notice. *See Rueda Vidal v. U.S. Dep't of Homeland Sec.*, 536 F. Supp. 3d 604, 613 (C.D. Cal. 2021) (so holding at summary judgment stage); *Grill v. Lincoln Nat'l Life Ins. Co.*, 2014 WL 12588652, at *3 (C.D. Cal. June 3, 2014). Here, however, the fact that the articles submitted by Defendants as Exhibits C and D were in the public domain as of their publication dates is not relevant to any issue before the Court. Instead, Defendants ask the Court to judicially notice the truth of the facts stated therein, which they claim "are 'not subject to reasonable dispute and capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned.'" ECF No. 88, at 3 (quoting *Rueda Vidal*, 536 F. Supp. 3d at 612–13). Without going down the rabbit hole, suffice it to say that to verbalize the idea that news media are always sources "whose accuracy cannot reasonably be questioned" is to refute it. Because the truth (or falsity) of these articles is not properly the subject of judicial notice, and the fact of their publication is irrelevant, Defendants' request that the Court take judicial notice of Exhibits C and D should be denied.

* * * * *

For all of the foregoing reasons, Defendants' Request for Judicial Notice should be denied in part, as set forth herein.

Dated: April 19, 2024         Respectfully submitted,

By: /s/ Jeffrey A. Rosenfeld
ALSTON & BIRD LLP
Jeffrey A. Rosenfeld (#136896)
jeffrey.rosenfeld@alston.com
Jesse Steinbach (#278923)
jesse.steinbach@alston.com
Brooke Bolender (#340689)
brooke.bolender@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1143

WILLIAMS & CONNOLLY LLP
Kenneth J. Brown*
kbrown@wc.com
R. Kennon Poteat III*
kpoteat@wc.com
William P. Ashworth*
washworth@wc.com
Kathryn E. Hoover*
khoover@wc.com
Perry F. Austin*
paustin@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

KLEINBARD LLC
Steven J. Engelmyer*
sengelmyer@kleinbard.com
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Telephone: 215-568-2000

* admitted *pro hac vice*

*Attorneys for Plaintiffs*