**ALSTON & BIRD LLP**
Jeffrey A. Rosenfeld (#136896)
jeffrey.rosenfeld@alston.com
Jesse Steinbach (#278923)
jesse.steinbach@alston.com
Brooke Bolender (#340689)
brooke.bolender@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1143

**WILLIAMS & CONNOLLY LLP**
Kenneth J. Brown*
kbrown@wc.com
Jonathan B. Pitt*
jpitt@wc.com
William P. Ashworth*
washworth@wc.com
R. Kennon Poteat III*
kpoteat@wc.com
Kathryn E. Hoover*
khoover@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000

**KLEINBARD LLC**
Steven J. Engelmyer*
sengelmyer@kleinbard.com
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Telephone: (215) 568-2000

*admitted *pro hac vice*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE US, INC., CLEARWIRE SPECTRUM HOLDINGS LLC, CLEARWIRE SPECTRUM HOLDINGS II LLC, CLEARWIRE SPECTRUM HOLDINGS III LLC, FIXED WIRELESS HOLDINGS LLC, NSAC LLC, TDI ACQUISITION SUB LLC, AND WBSY LICENSING LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> WCO SPECTRUM LLC, SCH LLC, ACADEMIA SPECTRUM LLC, KAREN WINNICK AS TRUSTEE OF GKW TRUST, EXECUTOR OF THE ESTATE OF GARY WINNICK AND GARY WINNICK'S SUCCESSOR-IN-INTEREST, CARL KATERNDAHL, ASHOK VASUDEVAN, ANDREAS BITZARAKIS, AND TYLER KRATZ, <br><br> Defendants. | Case No. 2:23-CV-4347-AH(Ex) <br><br> Hon. Anne Hwang, Ctrm 7D <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS** <br><br> Complaint Filed: June 2, 2023 <br> Counterclaims Filed: March 31, 2025 |

Because WCO's counterclaims allege that a handful of litigations were "baseless," Plaintiffs ask the Court to take judicial notice of key pleadings and orders from those actions so the Court can see them for itself. ECF No. 149-2 (RJN); 149-3 (RJN Decl.). This should be uncontroversial; the Court unquestionably can take judicial notice of Plaintiffs' Exhibits 1 and 3-17[1]—which are comprised of pleadings, filings, and orders from other cases—not for their truth, but for the fact that they were filed/issued and their contents. RJN at 149-2 at 3 (citing cases). WCO does not contest this principle, admitting that "courts may take judicial notice of the *fact* of some filings in another proceeding when deciding a Rule 12(b)(6) motion." ECF No. 168 at 2 (RJN Opp'n).

Yet WCO still opposes the application, arguing that Plaintiffs are asking the Court to take notice of the filings for the truth of the matters asserted therein. *Id*. That is incorrect. As examples, Plaintiffs simply request that the Court take judicial notice (i) of certain allegations in the complaint in the *Albright* lawsuit, ECF 149-1 ("Mot.") 17 (citing Ex. 1); (ii) that the St. Lucie court entered an order dismissing that case because WCO withdrew its offer and "mooted the case," Mot. 18 (citing Ex. 12) (order dismissing case, which was "now moot" since "WCO withdrew its offer"); and (iii) of court orders and other filings granting Plaintiffs relief. This includes the Virginia court's order requiring Defendant Academia to produce documents in response to Plaintiffs' subpoena, Mot. 18 (citing Exs. 5 & 7), as well as WCO's letter to the Delaware court seeking to moot a hearing on Plaintiffs' motion to compel by producing documents, Mot. 18 (citing Ex. 9). These requests all fall squarely within the realm of what WCO admits is judicially noticeable—i.e., the fact of the filings and their contents—and do not ask the Court to pass on the truth of any contested allegations.

---

[1] WCO does not oppose Plaintiffs' Request for Judicial Notice of Exhibit 2, the publicly filed version of the *Albright* lease. ECF No. 168 at 1 n.1 (RJN Opp'n).

Under well-established law, this Court may take judicial notice of all these documents. *See* RJN at 3-4. Indeed, taking judicial notice of court filings and orders on a motion to dismiss sham litigation claims is standard fare in this Circuit. *See, e.g., Limon v. Carpenters Local Union 721*, 2021 WL 4925444, at *5 (C.D. Cal. Jan. 11, 2021) (taking judicial notice of order in alleged sham lawsuit and observing that the underlying court "found some merit to [the antitrust defendant's] claim"); *Pick v. Kay*, 2020 WL 12919340, at *3, *6 (C.D. Cal. July 7, 2020) (taking judicial notice of "judicial records relating to" allegedly sham lawsuits and noting that the antitrust defendant "experienced some limited success"), *aff'd* 2022 WL 193197, at *2 (9th Cir. Jan. 21, 2022); *Evanger's Dog & Cat Food Co. v. Env't Democracy Project*, 2022 WL 180205, at *3, *5 (C.D. Cal. Jan. 20, 2022) (noticing "that this complaint was filed [and] that it rests on the allegations contained within it" on motion to dismiss sham claim). The Ninth Circuit repeatedly has confirmed the propriety of such requests on motions to dismiss sham litigation allegations, both by affirming lower courts and by taking judicial notice itself in appeals concerning such claims. *See, e.g., Alpha III, Inc. v. City of San Diego*, 187 F. App'x 709, 2006 WL 1876853, at *1 (9th Cir. June 29, 2006) ("We take judicial notice of the state court's written opinions and final judgment, which . . . establish, as a matter of law, that [the challenged] lawsuit was not 'objectively baseless.'"); *Zendano v. Basta, Inc.*, 804 F. App'x 803, 804-05 (9th Cir. 2020) (taking judicial notice and affirming dismissal); *Pick v. Kay*, 2022 WL 193197, at *2 (9th Cir. Jan. 21, 2022) (same); *Kottle v. Nw. Kidney Ctrs.,* 146 F.3d 1056, 1064 n.7 (9th Cir. 1998) (rejecting argument that the lower court erred by taking judicial notice of proceedings underlying sham claim). In its opposition, WCO notably does not address a single case cited by Plaintiffs. *See* RJN 4-5; RJN Opp'n 1-3.

WCO's authorities are not to the contrary. Tellingly, none of WCO's cases deal with sham-litigation claims and none involves a request like Plaintiffs' Request here. For example, in *Harris v. Allison*, cited at RJN Opp'n 1, the court found that

it was not proper to notice a court filing for purposes of assessing the disputed factual question of the "Defendants' knowledge." 2023 WL 6784355, at *1 (9th Cir. Oct. 13, 2023). Fair enough. But here, in contrast, Plaintiffs do not ask the Court to take judicial notice regarding any party's knowledge or to evaluate the correctness of any substantive position taken in any of the litigations at issue.[2]

## CONCLUSION

For the foregoing reasons and those stated in Plaintiffs' Request, the Court should grant Plaintiffs' Request for Judicial Notice.

Dated: August 28, 2025           Respectfully submitted,

By: *Jeffrey A. Rosenfeld*
ALSTON & BIRD LLP
Jeffrey A. Rosenfeld (#136896)
jeffrey.rosenfeld@alston.com
Jesse Steinbach (#278923)
jesse.steinbach@alston.com
Brooke Bolender (#340689)
brooke.bolender@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1143

WILLIAMS & CONNOLLY LLP
Kenneth J. Brown*

---

[2] WCO's other cases are similarly inapposite. Neither *Shelton v. Ekchian* nor *Cactus Corner, LLC v. U.S. Department of Agriculture*, cited at RJN Opp'n 2, involved a request for judicial notice of court filings, but *Shelton* confirms the propriety of a Court considering on a 12(b)(6) motion documents that "form[] the basis of the plaintiffs' claims," 2024 WL 5717969, at *2-3 (C.D. Cal. Nov. 15, 2024) (citation omitted), and *Cactus* confirms that "[j]udicially noticed facts often consist of matters of public record, such as prior court proceedings," 346 F. Supp. 2d 1075, 1092 (E.D. Cal. 2004). *Weeks v. Home Depot U.S.A., Inc.* is a two-page decision that does not identify what was sought to be noticed or for what purpose. 2020 WL 1652539, at *1 (C.D. Cal. Jan. 21, 2020). And, *City of Indio v. Solomon* did not involve requests for judicial notice at all. 2012 WL 12888855 (C.D. Cal. Aug. 1, 2012).

kbrown@wc.com
Jonathan B. Pitt*
jpitt@wc.com
William P. Ashworth*
washworth@wc.com
R. Kennon Poteat III*
kpoteat@wc.com
Kathryn E. Hoover*
khoover@wc.com
Ilana B. Frier*
ifrier@wc.com
Camille Wyss*
cwyss@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

KLEINBARD LLC
Steven J. Engelmyer*
sengelmyer@kleinbard.com
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Telephone: 215-568-2000

*admitted *pro hac vice*

*Attorneys for Plaintiffs*