**BONA LAW PC**
Aaron Gott (314264)
aaron.gott@bonalawpc.com
331 2nd Avenue South, Suite 420
Minneapolis, MN 55401
(612) 284-5001

Jarod Bona (234327)
jarod.bona@bonalawpc.com
Luke Hasskamp (280872)
luke.hasskamp@bonalawpc.com
Joseph D. Trujillo (305170)
joseph.trujillo@bonalawpc.com
4275 Executive Square, Suite 200
La Jolla, CA 92037
(858) 964-4589

Pat Pascarella (admitted *phv*)
pat.pascarella@bonalawpc.com
100 Crescent Court, #700 – 3425
Dallas, TX 75201
(469) 296-7716

**MITTS LAW, LLC**
Maurice R. Mitts (admitted *phv*)
mmitts@mittslaw.com
1822 Spruce Street
Philadelphia, PA 19103
(215) 866-0112

*[Additional Counsel appear on the Signature Page]*

*Counsel for WCO Spectrum LLC, Academia Spectrum LLC, Carl Katerndahl, Andreas Bitzarakis, Tyler Kratz and Karen Winnick*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE US, INC., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>WCO SPECTRUM LLC, *et al.*,<br><br>　　　　　Defendants. | No. 2:23-cv-4347-AH-E<br>Hon. Anne Hwang<br><br>**WCO SPECTRUM'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Complaint Filed: June 2, 2023<br>Counterclaims Filed: March 31, 2025 |

# ARGUMENT

T-Mobile's response, Dkt. No. 173-2, to WCO Spectrum's request for judicial notice, Dkt. No. 169, confirms that this Court should deny T-Mobile's own earlier request, Dkt. No. 149-2, that the Court judicially notice filings from various other actions. As is relevant here, the balance of T-Mobile's response does nothing to alter the conclusion that the Court may and should grant WCO's far narrower request that the Court judicially notice the materials filed years ago by T-Mobile in *In re Roman Catholic Diocese of Rockville Centre*, 1:20-bk-12345 (Bankr. S.D.N.Y.) (Dkt. Nos. 169-2–5) (collectively, the "requested bankruptcy materials").

***First***, T-Mobile now takes the position that the doctrine of judicial notice "does not extend to a party's improper spin" on the material requested for notice, including, for example, "selective quot[es]," "mischaracterized descriptions," or "misleading take" of those materials. Dkt. No. 173-2 at 3–4.

The gall of this position is exceptional. In advancing it, T-Mobile ignores that its own request dumps, selectively quotes, and flat out mischaracterizes over 700 pages of unilaterally curated judicial filings. *See, e.g.*, Dkt. No. 149-1 (T-Mobile motion to dismiss) at 17–19 (framing the circumstances surrounding the *Albright*, *Saint Lucie*, and *Lorain County Community College* actions); Dkt. No. 168 (WCO opposition to T-Mobile RJN) at 1–3 (identifying several mischaracterizations of documents bearing on contested factual issues). If WCO's request "spins" five specific statements undisputedly made by T-Mobile and its officers in the requested bankruptcy materials (it does not, *see* point (2) below), T-Mobile's request erases and then rewrites the history of its multi-year litigation campaign aimed at maintaining its monopsony in the markets for 2.5 GHz spectrum. The Court should reject T-Mobile's argument that judicial notice of the requested bankruptcy materials is unwarranted on grounds of some purported "misdescription"—but if it does, the Court must also deny T-Mobile's request.

***Second***, on the merits, WCO's description of the requested bankruptcy materials is not "spin." *Cf.* Dkt. No. 173-2 at 2–3. Contrary to T-Mobile's suggestion that the requested bankruptcy materials' references to "EBS licenses in the 'Coverage Area'" means something other than licenses "pertaining to the 2.5 GHz spectrum,'" *id.* at 3, that suggestion is incorrect. T-Mobile itself has repeatedly recognized that all EBS licenses (including those within the "Coverage Area") are issued on the 2.5 GHz spectrum.[1] Thus, WCO's use of the shorthand "2.5 GHz" when referring to the licenses discussed in the requested bankruptcy materials is simply a matter of fact.

***Third***, T-Mobile cannot now separate itself from the sworn statements made by Mr. Paul McCarthy in his declaration, Dkt. No. 169-3, to the court in *In re Roman Catholic Diocese of Rockville Centre*, 1:20-bk-12345 (Bankr. S.D.N.Y.). T-Mobile's attempt to do so, Dkt. No. 173-2 at 5, is highly technical and should be rejected. A corporation can speak only through its agents, which Mr. McCarthy, as T-Mobile's Senior Director of Portfolio Management and Strategy, qualifies as. *See* Dkt. No. 169-3 ¶ 1; Dkt. No. 162 (July 23, 2025 Joint Report) at 12 (T-Mobile identifying Mr. McCarthy as its lead percipient witness in this case). Mr. McCarthy made the subject statements in the scope of his responsibilities as a T-Mobile officer, Dkt. No. 169-3 ¶ 1, and for T-Mobile's benefit in that action, *id.*, ¶ 3. There is no question that his declaration's statements are now properly before the Court.

---

1. *See, e.g.,* Dkt. No. 1 ¶ 2 ("This case concerns Educational Broadband Service ('EBS') licenses issued by the FCC. EBS is a range of spectrum that the FCC historically has licensed to educational entities. **There typically are twenty EBS channels in any given geographic market, each of which physically occupies a unique place within the radio frequency spectrum. These fall within the band of spectrum from 2496 to 2690 MHz, which is commonly referred to as the '2.5GHz' band of spectrum.**"); *see also* Dkt. No. 169-3 (McCarthy declaration), ¶ 8 (referring to the "leased Spectrum" as "2.5 GHz band spectrum," stating "[t]he **leased Spectrum** is impossible to replace. As an initial matter, the Spectrum could not be replaced with other mobile wireless bands in the Coverage Area **for the simple fact that the FCC is not issuing any more 2.5 GHz band spectrum in the Coverage Area** (and none is otherwise available in the open market).") (emphases added).

***Fourth***, regardless of whether T-Mobile's prior statements in the requested bankruptcy materials may be considered formal "judicial admissions," *cf.* Dkt. 173-2 at 4, the Court may nonetheless rely on them to find that T-Mobile is judicially estopped from now challenging WCO's product market definition. Indeed, WCO expressly developed this argument in its underlying opposition. *See* Dkt. No. 167 (WCO Spectrum Opposition to Motion to Dismiss) at 4 n.6. And the Court need not assume the truth of T-Mobile's prior statements to make that judicial estoppel finding.[2] Rather, the Court need only observe that T-Mobile made these statements in that prior action—an observation that even T-Mobile agrees the Court may make. Dkt. No. 173-2 at 1 ("Although this bankruptcy case is not relevant to WCO's antitrust counterclaims—much less to Plaintiffs' motion to dismiss those counterclaims—Plaintiffs do not oppose the Court taking judicial notice of these documents for the fact of their filing and contents.").

## CONCLUSION

For the above reasons, WCO requests that the Court take judicial notice of the requested bankruptcy materials.

---

2. In fact, WCO's request for judicial notice expressly disclaims that the Court make such assumption. *See* Dkt. No. 169 at 2 ("WCO does not ask the Court to assume the truth of the subject statements.").

|  |  |
|---|---|
| DATED: September 8, 2025 | Respectfully submitted,<br><br>BONA LAW PC<br><br>*/s/ Luke Hasskamp*<br>LUKE HASSKAMP<br><br>Jarod Bona<br>jarod.bona@bonalawpc.com<br>Luke Hasskamp<br>luke.hasskamp@bonalawpc.com<br>Joseph D. Trujillo<br>joseph.trujillo@bonalawpc.com<br>4275 Executive Square, Suite 200<br>La Jolla, CA 92037<br>(858) 964-4589<br><br>Pat Pascarella (admitted *phv*)<br>pat.pascarella@bonalawpc.com<br>100 Crescent Court, #700 – 3425<br>Dallas, TX 75201<br>(469) 296-7716<br><br>Aaron Gott (314264)<br>aaron.gott@bonalawpc.com<br>331 2nd Avenue South, Suite 420<br>Minneapolis, MN 55401<br>(612) 284-5001<br><br>Aaron Lawrence (admitted *phv*)<br>aaron.lawrence@bonlawpc.com<br>16 Madison Square Park West, 9th Floor<br>New York, NY 10010<br>(212) 634-6861<br><br>**JAMES LYNCH LAW OFFICES**<br>James M. Lynch (admitted *phv*)<br>jmlynch@antitrustassociates.com<br>1101 South Arlington Ridge Road No 804<br>Arlington, VA 22202<br>(571) 212-5519 |

**MITTS LAW, LLC**
Maurice R. Mitts (admitted *phv*)
mmitts@mittslaw.com
1822 Spruce Street
Philadelphia, PA 19103
(215) 866-0112

*Counsel for WCO Spectrum LLC, Academia Spectrum LLC, Carl Katerndahl, Andreas Bitzarakis, Tyler Kratz and Karen Winnick*

## CERTIFICATE OF COMPLIANCE

As required by Local Rule 11-6.2, the undersigned, counsel of record for WCO Spectrum, certifies that this brief contains 3 page(s), which complies with the page limit set by this Court's Standing Order for Civil Cases Assigned to Judge Anne Hwang.

DATED: September 8, 2025                BONA LAW PC

                                                   */s/ Luke Hasskamp*
                                                   LUKE HASSKAMP

# CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, a true and correct copy of the foregoing WCO Spectrum's Reply ISO of Request for Judicial Notice was served via ECF to all counsel of record.

DATED: September 8, 2025                BONA LAW PC

                                        /s/ Luke Hasskamp
                                        LUKE HASSKAMP