**ALSTON & BIRD LLP**
Jeffrey A. Rosenfeld (#136896)
jeffrey.rosenfeld@alston.com
Jesse Steinbach (#278923)
jesse.steinbach@alston.com
Brooke Bolender (#340689)
brooke.bolender@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1143

**WILLIAMS & CONNOLLY LLP**
Kenneth J. Brown*
kbrown@wc.com
Jonathan B. Pitt*
jpitt@wc.com
William P. Ashworth*
washworth@wc.com
R. Kennon Poteat III*
kpoteat@wc.com
Kathryn E. Hoover*
khoover@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000

**KLEINBARD LLC**
Steven J. Engelmyer*
sengelmyer@kleinbard.com
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Telephone: (215) 568-2000

*admitted *pro hac vice*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| T-MOBILE US, INC., CLEARWIRE SPECTRUM HOLDINGS LLC, CLEARWIRE SPECTRUM HOLDINGS II LLC, CLEARWIRE SPECTRUM HOLDINGS III LLC, FIXED WIRELESS HOLDINGS LLC, NSAC LLC, TDI ACQUISITION SUB LLC, AND WBSY LICENSING LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> WCO SPECTRUM LLC, SCH LLC, ACADEMIA SPECTRUM LLC, KAREN WINNICK AS TRUSTEE OF GKW TRUST, EXECUTOR OF THE ESTATE OF GARY WINNICK AND GARY WINNICK'S SUCCESSOR-IN-INTEREST, CARL KATERNDAHL, ASHOK VASUDEVAN, ANDREAS BITZARAKIS, AND TYLER KRATZ, <br><br> Defendants. | Case No. 2:23-CV-4347-AH(Ex) <br><br> Hon. Anne Hwang, Ctrm 7D <br><br> **PLAINTIFFS' OPPOSITION TO WCO'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A SUR-REPLY** <br><br><br> Complaint Filed: June 2, 2023 <br> Counterclaims Filed: March 31, 2025 |

Plaintiffs T-Mobile US, Inc., Clearwire Spectrum Holdings LLC, Clearwire Spectrum Holdings II LLC, Clearwire Spectrum Holdings III LLC, Fixed Wireless Holdings LLC, NSAC LLC, TDI Acquisition Sub LLC, and WBSY Licensing LLC (collectively, "Plaintiffs") hereby oppose the *Ex Parte* Application for Leave to File a Sur-Reply filed by Defendant WCO Spectrum LLC ("WCO") on September 8, 2025. ECF No. 176.

For the second time this briefing cycle, WCO asks the Court for an unwarranted advantage in briefing related to its legally deficient counterclaims. Plaintiffs moved to dismiss WCO's counterclaims on May 30, 2025. ECF No. 149. Their memorandum in support of that motion complied with the Court's page limitations. ECF 149-1 ("Mot."). With only a few days to spare before its opposition was due, WCO made the highly unusual request to file an opposition brief that was longer than the brief to which it was responding. ECF No. 161. The Court granted that motion over Plaintiffs' objection, giving both parties five additional pages for their opposition and reply briefs. ECF No. 164. Now, clearly concerned about dismissal, WCO applies *ex parte* for leave to file an eight-page sur-reply to address nearly every legal issue in the briefing. Especially against this background, WCO's request should be rejected. Not only are sur-replies highly disfavored and almost always improper, but as demonstrated below, Plaintiffs' reply brief did not even arguably raise any new arguments—each and every point Plaintiffs made either was in their opening brief or responded directly to an argument raised in WCO's opposition brief. ECF No. 167 ("Opp'n"); ECF No. 173 ("Reply"). The law is clear that reiterating or further explaining arguments made in the opening brief, and responding to arguments made in opposition, are squarely within the bounds of a proper reply brief and do not warrant the extraordinary relief of a sur-reply. For these reasons, WCO's request should be denied.

As an initial matter, "[e]x parte motions are rarely justified." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). That is

especially true where, as here, a party seeks *ex parte* relief to file a sur-reply—a "highly disfavored" pleading that usually amounts to "a strategic effort by the nonmoving party to have the last word on a matter." *Sims v. Paramount Gold & Silver Corp.*, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010) (citation omitted); *see also Morawski v. Lightstorm Entm't, Inc.*, 2013 WL 12638618, at *3 (C.D. Cal. Jan. 23, 2013) (rejecting "attempt[] to 'have the last word'" via *ex parte* application for a supplemental brief (citation omitted)).

This Court's rules do not ordinarily permit sur-replies. *See* Standing Order for Civil Cases Assigned to Judge Anne Hwang, § F.3; L. Civ. R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."). Courts generally disallow sur-replies "except 'in the most extraordinary circumstances.'" *Sims*, 2010 WL 5364783, at *8 (citation omitted). "A surreply is improper—and a court should not grant leave to file one—when a reply neither presents new arguments nor new evidence." *Afifeh v. Ahmadabadi*, 2022 WL 3016147, at *1 (C.D. Cal. July 5, 2022). Courts also deny such motions if the court finds "additional argument unnecessary to resolve the merits" of the pending motion. *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *5 (N.D. Cal. Mar. 14, 2012); *see also Volis v. Hous. Auth. of the City of Los Angeles Emps.*, 670 F. App'x 543 (9th Cir. 2016) (affirming denial of sur-reply because the district court "reviewed the briefing and found that there were no new issues raised by defendants' reply brief that necessitated more argument").[1]

---

[1] The Court should also reject WCO's suggestion that it alternatively consider its *ex parte* application for leave to file a sur-reply as a motion to strike—a motion WCO did not file and is completely unwarranted here, where WCO has not even identified what it proposes to strike. ECF 176-1 (*Ex Parte* App.) at 2 n.3. In any event, "[m]otions to strike are generally disfavored and 'should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation . . . if there is any doubt . . . , the court should deny the motion.'" *Holmes v. Elec. Doc. Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (citation omitted). To the extent WCO invites the Court to treat its *Ex Parte* Application as

There are no extraordinary circumstances here. The arguments WCO claims are "new" in the reply or were "intentionally held back" from Plaintiffs' motion (*Ex Parte* App. 1) are the same arguments that Plaintiffs made in their opening brief, or arguments that directly respond to WCO's contentions in its opposition:

- Plaintiffs' "wrong perspective" argument (Reply 15-16) was made in the "Relevant Market" section of their motion (Mot. 20-21). Indeed, Plaintiffs argued in their motion, which they filed in May, that WCO excluded substitute products by improperly focusing on why a *carrier* (which WCO decidedly is not)—as opposed to a party in WCO's alleged position—might prefer 2.5 GHz spectrum. *See* Mot. 20-21. WCO acknowledged as much in a footnote. *See* Opp'n 5 n.7.

- On failure to plead antitrust injury, Plaintiffs make the same legal argument in their reply as they made in their motion—that WCO is neither harmed by price suppression nor exclusion. *See* Mot. 6-10; Reply 3-8. And Plaintiffs responded to WCO's argument that it was foreclosed from the market because it allegedly cannot "close purchases" (Opp'n 20; Reply 4-7) and WCO's argument that its injury is "inseparable" from the harm to competition that allegedly injured sellers (Opp'n 9, 13; Reply 7-8).

- Plaintiffs' argument on exclusivity (Reply 10) reiterates the same legal points made in their motion using the same case law (Mot. 13-14). Plaintiffs also responded to WCO's argument about the number of leases allegedly covered by exclusivity terms. Opp'n 20; Reply 10.

---

a motion to strike, WCO also has not satisfied its obligation to telephonically meet and confer at least one week in advance of filing a motion as required under Local Rule 7-3, which is yet another reason to reject this request.

- Plaintiffs' argument on the "serial litigation" exception to *Noerr-Pennington* (Reply 13-14) is in direct response to WCO's invocation of, and argument on, this exception (Opp'n 23-26).[2]

An argument is not "new," for purposes of determining whether a sur-reply is appropriate, when it "restates the same grounds and arguments as earlier briefing," even if the arguments are not "articulated . . . in the exact same way." *Great Am. Ins. Co. v. Berl*, 2017 WL 8180627, at *1-2 (C.D. Cal. Oct. 23, 2017); *see also Brinker v. Axos Bank*, 2025 WL 1507154, at *2 ("expand[ing]" on arguments "does not constitute a new legal theory"). An argument also is not "new" when it "is made in response to an issue raised in [opposition]," or when it "serves merely to clarify [the] original position" in light of the opposition brief. *Great Am. Ins.*, 2017 WL 8180627, at *2. Plaintiffs "are permitted to respond to such arguments in [their] reply" that WCO "raises in [its] opposition." *Volis v. Hous. Auth. of City of Los Angeles Emps. Guthrie*, 2014 WL 12677316 at *3 (C.D. Cal. May 29, 2014) (citing *Am. Civil Liberties Union of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1106 n. 14 (9th Cir. 2003)), *aff'd* 670 F. App'x 543 (9th Cir. 2016); *see also Heil Co. v. Curotto Can Co.*, 2004 WL 2600134, at *1 n.1 (N.D. Cal. Nov. 16, 2004) ("[P]laintiff's reply does not raise new legal arguments, but, rather, responds to legal arguments made in defendant's opposition."), *aff'd* 163 F. App'x 908 (Fed. Cir. 2006).

WCO's request is nothing more than a thinly veiled attempt to have "the last word" concerning a matter on which Plaintiffs, as the movants, are entitled to close

---

[2] WCO also scatters throughout its proposed sur-reply improper argument responding to T-Mobile's reply brief on points it does not even try to argue were raised for the first time in reply. *E.g.*, ECF 176-1 (Proposed Sur-Reply) at 3 nn.1 & 2 (responding to T-Mobile's response to WCO on purported admissions on 2.5 GHz spectrum and the "Hypothetical Monopolist Test" in the "Relevant Market" section of the reply brief). That WCO seeks the last word on nearly every argument made in Plaintiffs' reply, even those in direct response to WCO's opposition, confirms the impropriety of WCO's application.

the briefing. *Afifeh*, 2022 WL 3016147, at *1. The same is true of WCO's request to respond to purported mischaracterizations of fact or law. *See Vyas v. Vyas*, 2016 WL 11742567, at *1 (C.D. Cal. May 18, 2016) (rejecting request for sur-reply to "correct a 'misstated key fact'"). Plaintiffs have not mischaracterized anything in their briefing. And, if a party could justify a sur-reply merely by claiming otherwise, "every party would be entitled to the last word," *Brinker*, 2025 WL 1507154 at *2, and briefing would never end.

Finally, WCO's insertion into its proposed sur-reply of one-sided briefing on the Ninth Circuit's decision in *In re Google Play Store Antitrust Litigation*, 147 F.4th 917, 935 (9th Cir. 2025), is pretextual and improper. That decision was issued more than a month ago, on July 31, 2025. If WCO genuinely thought it warranted submission as supplemental authority, it could have done so at any time before Plaintiffs filed their reply on August 28, 2025. Instead, WCO strategically sat on its hands for five weeks—until one week after Plaintiffs filed their reply—to raise this opinion, and it now puts Plaintiffs and the Court through the unnecessary fire drill of responding on an *ex parte* basis to what could have been a simple notice of supplemental authority weeks ago. *See Mission Power*, 883 F. Supp. at 493. This is precisely the type of "gamesmanship" that explains why *ex parte* requests for a one-sided advantage are disfavored. *See id.* at 490.

In any event, the *Google Play Store* case supports Plaintiffs' arguments for dismissal. The Ninth Circuit confirmed that the relevant market is not "defined in a vacuum," but rather by reference to the "nature of the claim" and the alleged "theory of harm." *In re Google Play Store*, 147 F.4th at 935 (citations omitted). That is precisely Plaintiffs' point: WCO cannot back into a relevant market on the basis of what carriers or end users do, because that is not the middleman/spectrum-broker "market" in which it is alleging harm. In contrast, *In re Google Play Store* offers no new support for WCO. The sole quotation WCO references from that case ultimately traces back to the Supreme Court's 1966 decision in *United States v.*

*Grinnell Corp.*, *see Ex Parte* App. 3, which WCO cited in its opposition brief, Opp'n at 15, 21.  The principle that the relevant market must be defined based on the commercial realities of the situation—which is Plaintiffs' point—in no way means that the Court may not accept the complaint's allegations about those realities as true and still dismiss the case for failure to plead a plausible relevant market.  To the contrary, courts in the Ninth Circuit routinely dismiss cases at the pleading stage where the defined market is facially invalid.  Reply 15-17.

For these reasons, WCO's *Ex Parte* Application for Leave to File a Sur-Reply should be denied.

Dated: September 10, 2025

Respectfully submitted,

By: *Jeffrey A. Rosenfeld*
ALSTON & BIRD LLP
Jeffrey A. Rosenfeld (#136896)
jeffrey.rosenfeld@alston.com
Jesse Steinbach (#278923)
jesse.steinbach@alston.com
Brooke Bolender (#340689)
brooke.bolender@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1143

WILLIAMS & CONNOLLY LLP
Kenneth J. Brown*
kbrown@wc.com
Jonathan B. Pitt*
jpitt@wc.com
William P. Ashworth*
washworth@wc.com
R. Kennon Poteat III*
kpoteat@wc.com
Kathryn E. Hoover*
khoover@wc.com
Ilana B. Frier*
ifrier@wc.com

Camille Wyss*
cwyss@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

KLEINBARD LLC
Steven J. Engelmyer*
sengelmyer@kleinbard.com
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Telephone: 215-568-2000

*admitted *pro hac vice*

*Attorneys for Plaintiffs*