**ALSTON & BIRD LLP**
Jeffrey A. Rosenfeld (#136896)
jeffrey.rosenfeld@alston.com
Jesse Steinbach (#278923)
jesse.steinbach@alston.com
Brooke Bolender (#340689)
brooke.bolender@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1143

**WILLIAMS & CONNOLLY LLP**
Kenneth J. Brown*
kbrown@wc.com
Jonathan B. Pitt*
jpitt@wc.com
William P. Ashworth*
washworth@wc.com
R. Kennon Poteat III*
kpoteat@wc.com
Kathryn E. Hoover*
khoover@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000

**KLEINBARD LLC**
Steven J. Engelmyer*
sengelmyer@kleinbard.com
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Telephone: (215) 568-2000

*admitted *pro hac vice*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE US, INC., CLEARWIRE SPECTRUM HOLDINGS LLC, CLEARWIRE SPECTRUM HOLDINGS II LLC, CLEARWIRE SPECTRUM HOLDINGS III LLC, FIXED WIRELESS HOLDINGS LLC, NSAC LLC, TDI ACQUISITION SUB LLC, AND WBSY LICENSING LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> WCO SPECTRUM LLC, SCH LLC, ACADEMIA SPECTRUM LLC, KAREN WINNICK AS TRUSTEE OF GKW TRUST, EXECUTOR OF THE ESTATE OF GARY WINNICK AND GARY WINNICK'S SUCCESSOR-IN-INTEREST, CARL KATERNDAHL, ASHOK VASUDEVAN, ANDREAS BITZARAKIS, AND TYLER KRATZ, <br><br> Defendants. | Case No. 2:23-CV-4347-AH(Ex) <br><br> Hon. Anne Hwang, Ctrm 7D <br><br> **DECLARATION OF WILLIAM P. ASHWORTH IN SUPPORT OF PLAINTIFFS' MOTION TO PARTIALLY LIFT DISCOVERY STAY** <br><br> Complaint Filed: June 2, 2023 |

I, William P. Ashworth, hereby state and declare as follows:

1.     I am an attorney admitted to practice *pro hac vice* before this Court and am a partner at Williams & Connolly LLP, counsel of record for Plaintiffs T-Mobile US, Inc., Clearwire Spectrum Holdings LLC, Clearwire Spectrum Holdings II LLC, Clearwire Spectrum Holdings III LLC, Fixed Wireless Holdings LLC, NSAC LLC, TDI Acquisition Sub LLC, and WBSY Licensing LLC (collectively "Plaintiffs" or "T-Mobile"). I submit this declaration in support of Plaintiffs' Motion to Partially Lift Discovery Stay.

2.     The facts set forth herein are based on my personal knowledge.

3.     On August 16, 2023, Plaintiffs served Requests for Production and Interrogatories on certain Defendants. On September 15, 2023, those Defendants filed Objections (not substantive responses) to the RFPs and Interrogatories, including an objection on the grounds that "all discovery in this matter is premature until Defendants' Motion to Dismiss is decided." *See, e.g.*, **Exhibit 1** (WCO Objections to Plaintiffs' First RFPs); **Exhibit 2** (WCO Objections to Plaintiffs' First Interrogatories).

4.     On April 2, 2024, Chief Judge Gee entered an Order providing that "there will be no discovery until the pleadings are at issue and the Court has issued a Scheduling and Case Management Order setting a discovery cut-off." ECF No. 97 at 3. That stay was subsequently extended and has not been lifted by this Court.

5.     On November 5, 2025, I emailed defense counsel a draft Stipulation and Proposed Order that would have lifted the discovery stay for written discovery related to Plaintiffs' claims. I subsequently corresponded by email with defense counsel regarding the proposed Stipulation and the discovery stay over the following week. As reflected in those emails, the parties could not reach agreement but agreed to meet and confer by videoconference on November 18, 2025. A true and correct copy of the parties' email correspondence is attached as **Exhibit 3**.

6.     In the email correspondence, defense counsel took the position that:

DECLARATION OF WILLIAM P. ASHWORTH IN SUPPORT OF PLAINTIFFS' MOTION TO PARTIALLY LIFT DISCOVERY STAY

"The Court made clear that, during this interim period, only written discovery that does *not* overlap with the issues implicated by WCO's counterclaims may proceed," based on the assertion that any other discovery would involve "redoing discovery that overlaps with the allegations implicated in the forthcoming amended counterclaims." **Exhibit 3**, at 2 (11/13/25 M. Mitts email). Defense counsel then made clear the scope of discovery they thought should be permitted at this stage: "[t]he only category we can safely move forward on now is a set of narrowly tailored interrogatories directed solely to the current RICO allegations. Anything further risks the duplication the Court expressly sought to prevent." *Id*. at 3.

7.    On November 18, 2025, I, along with others at my firm, met and conferred with counsel for Defendants about partially lifting the discovery stay that had been in place since April 2024. The parties, however, were unable to reach an agreement, which necessitated this motion.

8.    On November 19, 2025, I received an email from defense counsel clarifying Defendants' position: "we believe the most sensible approach is to either maintain the stay as to all discovery until the antitrust claims are revisited by the Court or limit discovery to interrogatories." **Exhibit 4** at 2 (11/19/2025 M. Mitts email).

9.    Attached as **Exhibit 5** is a true and correct copy of the transcript of the October 29, 2025 hearing on Plaintiffs' motion to dismiss Defendants' counterclaim.

I declare under penalty of perjury under the laws of the United States that the foregoing facts are true and correct.

Executed on this 25 day of November, 2025 at Washington, DC.

_____

William P. Ashworth

DECLARATION OF WILLIAM P. ASHWORTH IN SUPPORT OF PLAINTIFFS' MOTION TO PARTIALLY LIFT DISCOVERY STAY

# Exhibit 1

1  BUCHALTER
   A Professional Corporation
2  Joshua M. Robbins (SBN: 270553)
   jrobbins@buchalter.com
3  Mark T. Cramer (SBN: 198952)
   mcramer@buchalter.com
4  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA 90017
5  Tel: (213) 891-0700
   Fax: (213) 896-0400
6
   MITTS LAW LLC
7  Maurice R. Mitts (admitted *pro hac vice*)
   mmitts@mittslaw.com
8  1822 Spruce Street
   Philadelphia, PA 19103
9  Tel: (215) 866-0112
   Fax: (215) 866-0113
10
   *Attorneys for Defendants'*
11 *WCO Spectrum LLC, Academia Spectrum LLC,*
   *Gary Winnick, Carl Katerndahl, Andreas Bitzarakis, and Tyler Kratz*
12
13           UNITED STATES DISTRICT COURT
14           CENTRAL DISTRICT OF CALIFORNIA
15
16 T-MOBILE US, INC., *et al.*,          Civil Action No. 2:23-4347-DMG-E
                                         (Hon. Dolly M. Gee)
17         Plaintiffs,
                                         **DEFENDANTS WCO SPECTRUM**
18     vs.                               **LLC, GARY WINNICK, AND CARL**
                                         **KATERNDAHL'S OBJECTIONS TO**
19 WCO SPECTRUM LLC, *et al.*,           **PLAINTIFFS' FIRST SET OF**
                                         **REQUESTS FOR PRODUCTION**
20         Defendants.
21
22
23
24
25
26
27
28

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

1

**DEFENDANTS WCO SPECTRUM LLC,  GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

BN 78587870v1

5

Defendants WCO Spectrum LLC, Gary Winnick, and Carl Katerndahl, by and through their undersigned counsel and pursuant to Rules 34 and 26 of the Federal Rules of Civil Procedure, object to the First Set of Request for the Production of Documents served by Plaintiffs T-Mobile U.S., Inc.; Clearwire Spectrum Holdings, LLC; Clearwire Spectrum Holdings II, LLC; Clearwire Spectrum Holdings III, LLC; Fixed Wireless Holdings, LLC, NSAC LLC, TDI Acquisition Sub LLC, and WBSY Licensing LLC (collectively, "T-Mobile") as follows:

## **GENERAL OBJECTIONS**

1.     Defendants object to all discovery in this action as premature for two reasons. First, Defendants have filed a motion with the Court to stay discovery pending the outcome of their Motion to Dismiss. This motion is warranted because Plaintiffs have shown their willingness to pursue intrusive, burdensome discovery from Defendants for the past two years, including seeking it from Defendants as a nonparty and—when those efforts were limited to a scope reasonable for a third party—changing forums and seeking pre-complaint discovery. Plaintiffs' zeal to "unlock the doors of discovery" without affording any Court an opportunity to assess whether plaintiffs have stated "a plausible claim to relief" is inappropriate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It shows that their only goal in litigating against Defendants is to hamstring Defendants' efforts to purchase spectrum at any cost.

2.     *Second*, there has not yet been a scheduling conference in this matter. While the Court states in its Initial Standing Order that "it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference," Judge Gee has indicated that this statement is "hortatory." *Limbu v. UST Global, Inc.*, 2017 WL 8186674, at *7 n.4 (C.D. Cal. Apr. 20, 2017) (Gee, J.). "It is the Court's practice to set the Scheduling Conference and require the filing of a Joint Rule 26(f) report *after Defendant has filed an Answer.*" *Id* (emphasis added). Where the pleadings are not yet at issue and the parties do not "mutually agree to engage in discovery before the

2

**DEFENDANTS WCO SPECTRUM LLC,  GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

6

BUCHALTER
A Professional Corporation
Los Angeles

BN 78587870v1

Scheduling Conference, then they *must await the Scheduling Conference* and/or the issuance of the Court's Scheduling and Case Management Order." *Id.* (emphasis added). Defendants will not engage in discovery with plaintiffs until the sufficiency of their complaint is tested and ruled upon by the Court.

3. Defendants' investigation and development of all facts and circumstances relating to this action is ongoing. These objections are made without prejudice to, and are not a waiver of, Defendants' right to rely on other facts or documents at trial of this matter.

4. By making these objections to Plaintiffs' document requests, Defendants do not waive—and expressly reserve—their right to assert any and all objections as to the admissibility of any responses and/or objections into evidence in this action, or in any other proceedings, on any and all grounds including without limitation competency, relevancy, materiality, and privilege. Defendants make these objections herein without in any way implying that they consider the document requested or the responses thereto to be in any way relevant or material to the subject matter of this action.

5. Stating objections to document requests shall not be deemed or construed as an admission that there are, in fact, responsive documents, that Defendant performed any of the acts described in any document request, or definition and/or instruction applicable to any document request, or that Defendant concedes the characterization of the conduct or activities contained in the document request, or definitions and/or instructions applicable to the document request.

6. Defendants expressly reserve the right to supplement, clarify, revise, or correct any or all of the objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) and/or objection(s).

7. Defendants object to each instruction, definition, and document request so far as it purports to impose any requirement or obligation greater than or different

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

from those established under the Federal Rules of Civil Procedure or any applicable Rules or Orders of this Court.

8.     Defendants object to each document request that is overly broad, unduly burdensome, or disproportionate to the needs of the case, considering those factors enumerated in the Fed. R. Civ. P. 26(b)(1).

9.     Defendants object to each instruction, definition, and document request, so far as it seeks documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Any such disclosure by Defendants is inadvertent and shall not constitute a waiver of privilege.

10.     Defendants object to each instruction, definition, and document request as overly broad or unduly burdensome so far as it seeks documents or information that are readily or more accessible to Plaintiffs, from Plaintiffs own files, in Plaintiffs' possession, or that has been previously been produced in this action. Responding to such document requests would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such document requests is substantially the same or less for Plaintiffs as it is for Defendants. This objection encompasses, without limitation, documents and answers to interrogatories previously produced by Defendants to Plaintiffs in Albright Litigtaion. All such documents and information will not be produced.

11.     Defendants object to each instruction, definition, and document request so far as it seeks the production of the confidential, proprietary, or trade secret information of Defendants or of any third party. All such documents will not be produced.

12.     To the extent any of Plaintiffs' document requests seek documents that include expert material, Defendants object to any such requests as premature and expressly reserve the right to supplement, clarify, revise, or correct any or all

BUCHALTER
A Professional Corporation
Los Angeles

BN 78587870v1

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

objections to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) and/or objection(s) in accordance with the time period for exchanging expert reports to be set by the Court.

13. Defendants incorporate by reference every general objection stated above into each specific objection stated below. A specific objection may repeat a general objection for emphasis or for some other reason. The failure to include any general objection in any specific objection does not waive any general objection to that request. Defendants do not waive their right to amend their objections.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Defendants object to Instruction No. 4 so far as it purports to require the specific identification, disclosure, or production of "the instructions and/or programs necessary to search or retrieve [Electronically Stored Information]." There is no such requirement in the Federal Rules of Civil Procedure, and requiring Defendants to identify such information for all responsive ESI is unnecessary and unduly burdensome. If Defendants produce ESI which Plaintiffs have difficulty accessing, Plaintiffs should identify the specific documents or information and Defendants will provide reasonable assistance.

2. Defendants object to Instruction No. 6 in its entirety. There is no agreed upon ESI protocol between the parties, and no requirement under the Federal Rules of Civil Procedure or under any other authority of which Defendant is aware to require the specific production formats and fields identified in this instruction. Defendants do not consent to Plaintiffs unilaterally dictating production formats without entering into an agreed-upon ESI protocol binding upon all parties. Further, as all discovery in this action is premature, Defendants have not yet assessed what production formats are necessary and proportionate to the needs of the Action. Defendants are willing to discuss an ESI protocol an appropriate time which may include an agreed-upon production format consented to by all parties.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587870v1

3.    Defendants object to Instruction No. 9 so far as it requires the specific inclusion of the words "MATERIAL REDACTED" in every document which contains material withheld on the basis of privilege. If Defendants produce documents with privileged, confidential, proprietary, trade secret, or other information immune from disclosure under the discovery rules, Defendants will employ standard redaction methods such that the redacted portions are clear on the face of the documents.

4.    Defendants object to the relevant time period stated in Instruction No. 16 as overly broad and unduly burdensome. There is no basis for assuming documents from 2018—a full two years before FCC rules were changed to permit entities like WCO from purchasing spectrum—could possibly be relevant to this action. Requiring Defendants to search documents from clearly irrelevant time periods for responsive documents is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants will neither search for nor produce documents dated prior to January 1, 2020.

5.    Defendants object to the Definition of "Whistleblower," specifically to the characterization of "the anonymous individual who"—allegedly—"contacted Pennsylvania counsel for TDI Acquisition Sub LLC in the Albright litigation" as a "whistleblower." No party in this litigation knows the identity of this individual—his name was not provided to Plaintiffs' counsel. While he claims to have been an insider at WCO, there is no evidence verifying that claim. A random, anonymous individual whose identity after two years remains unknown making untested, unproven allegations is not a "whistleblower."

## **SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION**

## **REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications concerning the formation of WCO.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587870v1

**DEFENDANTS WCO SPECTRUM LLC,  GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 1:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of relevant evidence. The formation of WCO is not relevant to Plaintiffs' causes of action, which do not encompass WCO's corporate structure. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications concerning the business strategy of WCO. This includes all business plans of WCO.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 2:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of relevant evidence. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications concerning any presentation made or sponsored by WCO in connection with the National EBS Association (NEBSA).

7

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

BN 78587870v1

11

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 3:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning a fee-for-service model. This includes all Documents and Communications describing the business of any Defendant as a fee-for-service model.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 4:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning WCO marketing and/or pitch materials to actual, potential, or contemplated investors and/or clients.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587870v1

DEFENDANTS WCO SPECTRUM LLC,  GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 5:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 6:**

Organizational charts or other documents sufficient to identify all entities affiliated with WCO, including, but not limited to, all current and former parent companies, subsidiaries, and affiliates of each such entity.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 6:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of relevant evidence. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 7:**

Organizational charts, corporate directories, or other documents sufficient to identify all current and former WCO officers, partners, managing partners, directors, board members, employees, and investment committee members by full name, title

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANTS WCO SPECTRUM LLC,  GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

BN 78587870v1

1  or titles, and the dates of each such individual's employment or engagement with
2  WCO.

3  **SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 7:**

4  In addition to Defendants' General Objections set forth above, Defendants
5  further object to this Request as vague, ambiguous, overly broad, unduly
6  burdensome, not proportionate to the needs of the case, and not reasonably calculated
7  to lead to the discovery of relevant evidence. Moreover, Defendants object to the
8  extent that the Request seeks documents and/or information protected as privileged,
9  confidential, proprietary, trade secret, or other documents and/or information
10  immune from disclosure under the discovery rules. Defendants further object that all
11  discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

12  **REQUEST FOR PRODUCTION NO. 8:**

13  All Documents and Communications sufficient to show every person who has
14  held the position at WCO of Managing Partner, Finance, or its equivalent by any
15  other name.

16  **SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 8:**

17  In addition to Defendants' General Objections set forth above, Defendants
18  further object to this Request as vague, ambiguous, overly broad, unduly
19  burdensome, and not proportionate to the needs of the case. Moreover, Defendants
20  object to the extent that the Request seeks documents and/or information protected
21  as privileged, confidential, proprietary, trade secret, or other documents and/or
22  information immune from disclosure under the discovery rules. Defendants further
23  object that all discovery in this matter is premature until Defendants' Motion to
24  Dismiss is decided.

25  **REQUEST FOR PRODUCTION NO. 9:**

26  All Documents and Communications concerning (i) the Whistleblower; or (ii)
27  any document provided by the Whistleblower to counsel for Plaintiffs.

28

10

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS
TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

BN 78587870v1

14

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 9:**

In addition to Defendants' General Objections set forth above, Defendants further object to this request as seeking documents and information particularly within the control of Plaintiffs. Defendants have no idea who the self-described, purported whistleblower is. Neither, apparently, do Plaintiffs, despite the purported Whistleblower allegedly coming forward to counsel for Plaintiffs. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications concerning the May 2018 Notice of Proposed Rulemaking and subsequent July 2019 FCC rule change, effective April 2020, concerning EBS licenses as described in Complaint ¶ 2, 34-36.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 10:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications concerning any public records requests for spectrum lease agreements.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 11:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly

11

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

DEFENDANTS WCO SPECTRUM LLC,  GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

BN 78587870v1

15

burdensome, unintelligible, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications concerning the identification of Licenses to pursue for actual, potential, or contemplated acquisition.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 12:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, unintelligible, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications concerning WCO's actual, potential, or contemplated acquisition of any License, including all deal memos, pipeline reports, opportunity by stage reports, opportunity history stage reports, and dashboard documents.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 13:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

BN 78587870v1

object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules.  Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications concerning the actual, proposed, planned, or contemplated sale, transfer, or assignment of any License.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 14:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules.  Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications concerning Your consideration of whether make a bid to purchase any License.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 15:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, unintelligible, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants

**DEFENDANTS WCO SPECTRUM LLC,  GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

1  further object that all discovery in this matter is premature until Defendants' Motion

2  to Dismiss is decided.

3  **REQUEST FOR PRODUCTION NO. 16:**

4      All agendas, minutes, or other records, notes, or reports of meetings of

5  WCO's board of directors/managers.

6  **SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 16:**

7      In addition to Defendants' General Objections set forth above, Defendants

8  further object to this Request as vague, ambiguous, overly broad, unduly

9  burdensome, and not proportionate to the needs of the case. Moreover, Defendants

10  object to the extent that the Request seeks documents and/or information protected

11  as privileged, confidential, proprietary, trade secret, or other documents and/or

12  information immune from disclosure under the discovery rules. Defendants further

13  object that all discovery in this matter is premature until Defendants' Motion to

14  Dismiss is decided.

15  **REQUEST FOR PRODUCTION NO. 17:**

16      All agendas, minutes, or other records, notes, or reports of meetings of

17  WCO's Investment Committee.

18  **SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 17:**

19      In addition to Defendants' General Objections set forth above, Defendants

20  further object to this Request as vague, ambiguous, overly broad, unduly

21  burdensome, and not proportionate to the needs of the case. Moreover, Defendants

22  object to the extent that the Request seeks documents and/or information protected

23  as privileged, confidential, proprietary, trade secret, or other documents and/or

24  information immune from disclosure under the discovery rules. Defendants further

25  object that all discovery in this matter is premature until Defendants' Motion to

26  Dismiss is decided.

27

28

**BUCHALTER**
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

BN 78587870v1

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications concerning any Lease Agreement, including the ROFR provision in any Lease Agreement.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 18:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of relevant evidence. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications concerning T-Mobile, including any deal memos, pipeline reports, opportunity by stage reports, opportunity history stage reports, and dashboard documents that concern or reference T-Mobile.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 19:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

BUCHALTER
A Professional Corporation
Los Angeles

**DEFENDANTS WCO SPECTRUM LLC,  GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

BN 78587870v1

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications concerning the purchase price or potential purchase price of any License

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 20:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 21:**

All Communications with any Licensee about the actual, potential, or contemplated purchase of any License subject to a Lease Agreement.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 21:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications with any Licensee.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587870v1

**DEFENDANTS WCO SPECTRUM LLC,  GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 22:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of relevant evidence. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications concerning WCO's discussions, negotiations, and communications with any Licensee about the actual, potential, or contemplated purchase of any License subject to a Lease Agreement.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 23:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications concerning any Offers made to any Licensee to purchase a License, including any term sheets or written offer letters.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

BN 78587870v1

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 24:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications regarding any response to an Offer, counteroffer, or proposal of any type from a Licensee to WCO regarding the purchase, transfer, or assignment of any License.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 25:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning any non-disclosure agreements between WCO and any Licensee, including each such non-disclosure agreement itself.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587870v1

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 26:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of relevant evidence. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications concerning any Commitment Costs Agreement between WCO and any Licensee, including each such Commitment Costs Agreement itself.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 27:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning how WCO determines, calculates, or otherwise arrives at the amount of any payments that could be made or owed by Licensees to WCO pursuant to any Commitment Costs Agreement.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587870v1

**DEFENDANTS WCO SPECTRUM LLC,  GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 28:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications concerning the actual, potential, or contemplated receipt by WCO of any portion of any amount paid by T-Mobile to any Licensee for any License.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 29:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to show the fees and costs assessed and/or incurred by WCO in connection with the Offers it made to any Licensee to purchase any License.

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 30:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning the payment or distribution of any portion of any amount received by WCO pursuant to any Commitment Cost Agreement to any third-party, including, but not limited to, any other Defendant in this action.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 31:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications concerning any payments made by WCO to any other Defendant in this action.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

BN 78587870v1

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 32:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning WCO's financing or planned financing of the purchase of any License subject to a Lease Agreement.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 33:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications concerning WCO's Revolving Line of Credit Loan Agreement with SCH, and any other loan or financing agreement with SCH or any other entity (including, but not limited to, Leon Capital Group LLC).

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

BN 78587870v1

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 34:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 35:**

All Communications to, from, or copying Ashok Vasudevan (whether or not others were party to such Communications) concerning WCO's financing or planned financing of the purchase of any License subject to a Lease Agreement.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 35:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 36:**

All Communications between You and SCH and/or Ashok Vasudevan.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 36:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

BN 78587870v1

burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of relevant evidence. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications concerning any draw request, "Borrowing Request," "Initial Loan," payment of interest on any Initial Loan, "Additional Loan," or "Participation Payment," pursuant to the Revolving Line of Credit Loan Agreement between WCO and SCH.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 37:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 38:**

All Communications to, from, or copying Leon Capital Group LLC (or anyone working on their behalf) concerning WCO's financing or planned financing of the purchase of any License subject to a Lease Agreement.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 38:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

BN 78587870v1

burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 39:**

All Communications between You and Leon Capital Group LLC.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 39:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of relevant evidence. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications concerning any revolving equity commitment letters from Leon Capital Group LLC.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 40:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

BN 78587870v1

information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications concerning any EBS license holder's request for a Proof of Funds letter, bank guarantee, or similar Document in connection with any potential acquisition of a License.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 41:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications concerning any proof or source of funds associated with SCH and/or Leon Capital Group LLC.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 42:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, unintelligible, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587870v1

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

1  further object that all discovery in this matter is premature until Defendants' Motion

2  to Dismiss is decided.

3  **REQUEST FOR PRODUCTION NO. 43:**

4      All Documents and Communications between You and Academia concerning

5  T-Mobile, Lease Agreements, Licenses, and ROFRs.

6  **SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 43:**

7      In addition to Defendants' General Objections set forth above, Defendants

8  further object to this Request as vague, ambiguous, overly broad, unduly

9  burdensome, and not proportionate to the needs of the case. Moreover, Defendants

10 object to the extent that the Request seeks documents and/or information protected

11 as privileged, confidential, proprietary, trade secret, or other documents and/or

12 information immune from disclosure under the discovery rules. Defendants further

13 object that all discovery in this matter is premature until Defendants' Motion to

14 Dismiss is decided.

15 **REQUEST FOR PRODUCTION NO. 44:**

16     All contracts, agreements, and understandings between WCO, on the one

17 hand, and Academia, SCH, Andreas Bitzarakis, and/or Tyler Kratz, on the other

18 hand.

19 **SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 44:**

20     In addition to Defendants' General Objections set forth above, Defendants

21 further object to this Request as vague, ambiguous, overly broad, unduly

22 burdensome, and not proportionate to the needs of the case. Moreover, Defendants

23 object to the extent that the Request seeks documents and/or information protected

24 as privileged, confidential, proprietary, trade secret, or other documents and/or

25 information immune from disclosure under the discovery rules. Defendants further

26 object that all discovery in this matter is premature until Defendants' Motion to

27 Dismiss is decided.

28

27

**DEFENDANTS WCO SPECTRUM LLC,  GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications regarding any termination of any relationship between WCO and SCH.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 45:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Communications between You and Academia and/or Andreas Bitzarakis.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 46:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of relevant evidence. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications between You and Tyler Kratz.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587870v1

**DEFENDANTS WCO SPECTRUM LLC,  GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 47:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of relevant evidence. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to show every Offer, including the dollar amount of such Offer, WCO has made to purchase one or more Licenses, including but not limited to Licenses subject to a Lease Agreement and the Offers themselves.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 48:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Communications concerning any asset purchase agreement between WCO and any Licensee, including each such asset purchase agreement itself

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANTS WCO SPECTRUM LLC,  GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

BN 78587870v1

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 49:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents and Communications concerning any EBS spectrum auctions.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 50:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 51:**

All Documents and Communications concerning the bankruptcy proceedings for the Roman Catholic Diocese of Rockville Centre, New York, No. 20-12345-MG (Bankr. S.D.N.Y.). This includes all Documents and Communications concerning Your consideration of whether make a bid to purchase that entity's EBS license.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587870v1

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 51:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, not proportionate to the needs of the case, and not reasonably calculated to lead to the discovery of relevant evidence. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 52:**

All calendars, notebooks, and diaries/journals of WCO, Gary Winnick, and Carl Katerndahl relating in any way to WCO or its business.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 52:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents and Communications identified in Your response to any interrogatories addressed to WCO in this Action.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 53:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587870v1

DEFENDANTS WCO SPECTRUM LLC,  GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**REQUEST FOR PRODUCTION NO. 54:**

All reports or opinions generated by any expert witness or consultant that You intend to call at trial.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 54:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as premature, vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided, and that expert discovery will be subject to separate deadlines.

**REQUEST FOR PRODUCTION NO. 55:**

All Documents and Communications relied upon by any expert or consultant that You intend to call as an expert witness at trial.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 55:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as premature, vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided, and that expert discovery will be subject to separate deadlines.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587870v1

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 56:**

All resumes or curriculum vitae of any expert witness that You intend to call at trial.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 56:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as premature, vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided, and that expert discovery will be subject to separate deadlines.

**REQUEST FOR PRODUCTION NO. 57:**

All facts and data considered by any expert in forming any opinions expressed in a Rule 26 disclosure.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 57:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as premature, vague, ambiguous, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided, and that expert discovery will be subject to separate deadlines.

**REQUEST FOR PRODUCTION NO. 58:**

All Documents and Communications relating to, supporting, or contradicting any Affirmative Defense on which You raise in this Action.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 58:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

BN 78587870v1

burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided, and that Defendants are not yet required to raise any affirmative defense.

**REQUEST FOR PRODUCTION NO. 59:**

All Documents and Communications received pursuant to any subpoena in this case.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 59:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as vague, ambiguous, overly broad, unduly burdensome, unintelligible, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that the Request seeks documents and/or information protected as privileged, confidential, proprietary, trade secret, or other documents and/or information immune from disclosure under the discovery rules. Defendants

/ / /

/ / /

/ / /

/ / /

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587870v1

**DEFENDANTS WCO SPECTRUM LLC, GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

1  further object that all discovery in this matter is premature until Defendants' Motion

2  to Dismiss is decided.

3

4                                            Respectfully submitted,

5  DATED:  September 15, 2023               BUCHALTER
                                            A Professional Corporation
6

7

8                                            By: /s/ Joshua M. Robbins

9                                                 Joshua M. Robbins (SBN: 270553)
                                                  jrobbins@buchalter.com
10                                                Mark T. Cramer (SBN: 198952)
                                                  mcramer@buchalter.com
11                                                1000 Wilshire Boulevard, Suite 1500
                                                  Los Angeles, CA 90017
12                                                Tel: (213) 891-0700
                                                  Fax: (213) 896-0400

13                                                Maurice R. Mitts (admitted *pro hac vice*)
                                                  mmitts@mittslaw.com
14                                                MITTS LAW LLC
                                                  1822 Spruce Street
15                                                Philadelphia, PA 19103
                                                  Tel: (215) 866-0112
16                                                Fax: (215) 866-0113

17                                                *Attorneys for Defendants'*
                                                  *WCO Spectrum LLC, Academia*
18                                                *Spectrum LLC, Gary Winnick, Carl*
                                                  *Katerndahl, Andreas Bitzarakis, and*
19                                                *Tyler Kratz*

20

21

22

23

24

25

26

27

28

**DEFENDANTS WCO SPECTRUM LLC,  GARY WINNICK, AND CARL KATERNDAHL'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587870v1

# Exhibit 2

BUCHALTER
A Professional Corporation
Joshua M. Robbins (SBN: 270553)
jrobbins@buchalter.com
Mark T. Cramer (SBN: 198952)
mcramer@buchalter.com
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017
Tel: (213) 891-0700
Fax: (213) 896-0400

MITTS LAW LLC
Maurice R. Mitts (admitted *pro hac vice*)
mmitts@mittslaw.com
1822 Spruce Street
Philadelphia, PA 19103
Tel: (215) 866-0112
Fax: (215) 866-0113

*Attorneys for Defendants'*
*WCO Spectrum LLC, Academia Spectrum LLC,*
*Gary Winnick, Carl Katerndahl, Andreas Bitzarakis, and Tyler Kratz*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE US, INC., *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>WCO SPECTRUM LLC, *et al.*,<br><br>    Defendants. | Civil Action No. 2:23-4347-DMG-E<br>(Hon. Dolly M. Gee)<br><br>**DEFENDANTS WCO SPECTRUM LLC, ACADEMIA SPECTRUM LLC, GARY WINNICK, CARL KATERNDAHL, ANDREAS BITZARAKIS, AND TYLER KRATZ'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

1

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587946v1

41

Defendants WCO Spectrum LLC, Academia Spectrum LLC, Gary Winnick, Carl Katerndahl, Andreas Bitzarakis, and Tyler Kratz, by and through their undersigned counsel and pursuant to Rules 34 and 26 of the Federal Rules of Civil Procedure, object to the First Set of Interrogatories served by Plaintiffs T-Mobile U.S., Inc.; Clearwire Spectrum Holdings, LLC; Clearwire Spectrum Holdings II, LLC; Clearwire Spectrum Holdings III, LLC; Fixed Wireless Holdings, LLC, NSAC LLC, TDI Acquisition Sub LLC, and WBSY Licensing LLC (collectively, "T-Mobile") as follows:

### **GENERAL OBJECTIONS**

1.      Defendants object to all discovery in this action as premature for two reasons. *First*, Defendants have filed a motion with the Court to stay discovery pending the outcome of their Motion to Dismiss. This motion is warranted because Plaintiffs have shown their willingness to pursue intrusive, burdensome discovery from Defendants for the past two years, including seeking it from Defendants as a nonparty and—when those efforts were limited to a scope reasonable for a third party—changing forums and seeking pre-complaint discovery. Plaintiffs' zeal to "unlock the doors of discovery" without affording any Court an opportunity to assess whether plaintiffs have stated "a plausible claim to relief" is inappropriate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It shows that their only goal in litigating against Defendants is to hamstring Defendants' efforts to purchase spectrum at any cost.

2.      *Second*, there has not yet been a scheduling conference in this matter. While the Court states in its Initial Standing Order that "it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference," Judge Gee has indicated that this statement is "hortatory." *Limbu v. UST Global, Inc.*, 2017 WL 8186674, at *7 n.4 (C.D. Cal. Apr. 20, 2017) (Gee, J.). "It is the Court's practice to set the Scheduling Conference and require the filing of a Joint Rule 26(f) report *after Defendant has filed an Answer*." *Id* (emphasis added). Where the pleadings are not

2

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587946v1

yet at issue and the parties do not "mutually agree to engage in discovery before the Scheduling Conference, then they *must await the Scheduling Conference* and/or the issuance of the Court's Scheduling and Case Management Order." *Id.* (emphasis added). Defendants will not engage in discovery with plaintiffs until the sufficiency of their complaint is tested and ruled upon by the Court.

3.      Defendants' investigation and development of all facts and circumstances relating to this action is ongoing. These objections are made without prejudice to, and are not a waiver of, Defendants right to rely on other facts or documents at trial of this matter.

4.      By making these objections to Plaintiffs' interrogatories, Defendants do not waive—and expressly reserve—their right to assert any and all objections as to the admissibility of any responses and/or objections into evidence in this action, or in any other proceedings, on any and all grounds including without limitation competency, relevancy, materiality, and privilege. Defendants make these objections herein without in any way implying that they consider the interrogatories or the responses responses and/or objections thereto to be in any way relevant or material to the subject matter of this action.

5.      Stating objections to interrogatories shall not be deemed or construed as an admission that there are, in fact, responsive information, that Defendants performed any of the acts described in any interrogatory, or definition and/or instruction applicable to any   interrogatory, or that Defendants concede the characterization of the conducts or activities contained in the interrogatory, or definitions and/or instructions applicable to the interrogatory.

6.      Defendants expressly reserve the right to supplement, clarify, revise, or correct any or all of the objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) and/or objection(s).

**DEFENDANTS WCO SPECTRUM LLC, ACADEMIA SPECTRUM LLC, GARY WINNICK, CARL KATERNDAHL, ANDREAS BITZARAKIS, AND TYLER KRATZ'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587946v1

7.      Defendants object to each instruction, definition, and interrogatory so far as it purports to impose any requirement or obligation greater than or different from those established under the Federal Rules of Civil Procedure or any applicable Rules or Orders of this Court.

8.      Defendants object to each interrogatory that is overly broad, unduly burdensome, or disproportionate to the needs of the case, considering those factors enumerated in the Fed. R. Civ. P. 26(b)(1).

9.      Defendants object to each instruction, definition, and interrogatory so far as it seeks information protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege. Any such disclosure by Defendants is inadvertent and shall not constitute a waiver of privilege.

10.      Defendants object to each instruction, definition, and interrogatory as overly broad or unduly burdensome so far as it seeks information that are readily or more accessible to Plaintiffs, from Plaintiffs' own files, in Plaintiffs' possession, or that has been previously been disclosed in this action. Responding to such interrogatory would be oppressive, unduly burdensome, and unnecessarily expensive, and the burden of responding to such interrogatory is substantially the same or less for Plaintiffs as it is for Defendants. This objection encompasses, without limitation, documents and answers to interrogatories previously produced by Defendants to Plaintiffs in Albright Litigtaion. All such information will not be provided.

11.      Defendants object to each instruction, definition, and interrogatory so far as it seeks the disclosure of the confidential, proprietary, or trade secret information of Defendants or of any third party. All such information will not be produced.

**DEFENDANTS WCO SPECTRUM LLC, ACADEMIA SPECTRUM LLC, GARY WINNICK, CARL KATERNDAHL, ANDREAS BITZARAKIS, AND TYLER KRATZ'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

12.    To the extent any of Plaintiffs' interrogatories seek answers that include expert material, Defendants object to any such interrogatories as premature and expressly reserve the right to supplement, clarify, revise, or correct any or all objections to such interrogatories, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) and/or objection(s) in accordance with the time period for exchanging expert reports to be set by the Court.

13.    Defendants incorporate by reference every general objection stated above into each specific objection stated below. A specific objection may repeat a general objection for emphasis or for some other reason. The failure to include any general objection in any specific objection does not waive any general objection to that request. Defendants do not waive their right to amend their objections.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.    Defendants object to Instruction No. 4 so far as it purports to impose requirements beyond the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(5) requires only that a party claiming privilege: (i) do so "expressly" and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Defendants will follow the Federal Rules of Civil Procedure when invoking privilege.

2.    Defendants object to the Definition of "Whistleblower," specifically to the characterization of "the anonymous individual who"—allegedly—"contacted Pennsylvania counsel for TDI Acquisition Sub LLC in the Albright litigation" as a "whistleblower." No party in this litigation knows the identity of this individual— his/her name was not provided to Plaintiffs' counsel. While s/he claims to have been an insider at WCO, there is no evidence verifying that claim. A random, anonymous individual whose identity after two years remains unknown making untested, unproven allegations is not a "whistleblower."

**DEFENDANTS WCO SPECTRUM LLC, ACADEMIA SPECTRUM LLC, GARY WINNICK, CARL KATERNDAHL, ANDREAS BITZARAKIS, AND TYLER KRATZ'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

## SPECIFIC OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all persons with knowledge of the facts and issues raised in the Complaint, any defense to the Complaint, or any counterclaim asserted in this case. For each such person, please describe the topics on which he or she has such knowledge, information, or documents.

### SPECIFIC OBJECTIONS TO INTERROGATORY NO. 1:

In addition to Defendants' General Objections set forth above, Defendants further object to this Interrogatory as the phrase "knowledge of facts and issues raised in the Complaint" and the word "topic" are vague and ambiguous in the context in which they are used, seeking information out of context. This interrogatory is also compound in nature including multiple subparts within one interrogatory. In addition, Defendants object to the extent it seeks a list of witnesses on specific facts or interviews that would require disclosure of information protected by the attorney client privilege, attorney work product doctrine, or any other privilege or immunity. Defendants further object to all discovery in this action as premature until Defendants' Motion to Dismiss is decided.

### INTERROGATORY NO. 2:

Identify all persons with whom You have communicated regarding the Complaint, or the subject matter of the Complaint or this Action.

### SPECIFIC OBJECTIONS TO INTERROGATORY NO. 2:

In addition to Defendants' General Objections set forth above, Defendants further object to this Interrogatory as the phrase "regarding the Complaint, or the subject matter of the Complaint" is vague and ambiguous in the context in which it is used. Defendants also object to the extent it seeks a list of witnesses on specific facts or interviews that would require disclosure of information protected by the attorney client privilege, attorney work product doctrine, or any other privilege or

1  immunity. Defendants further object to all discovery in this action as premature until

2  Defendants' Motion to Dismiss is decided.

3  **INTERROGATORY NO. 3:**

4      Identify all the persons with whom You have consulted, or who have provided

5  You with advice regarding EBS licenses or leases generally.

6  **SPECIFIC OBJECTIONS TO INTERROGATORY NO. 3:**

7      In addition to Defendants' General Objections set forth above, Defendants

8  further object to this Interrogatory as the word "consulted" and phrase "advice

9  regarding EBS licenses or leases generally" are vague and ambiguous in the context

10 in which they are used. This Interrogatory is also overly broad, unduly burdensome,

11 and not proportionate to the needs of the case, Moreover, Defendants object to the

12 extent it seeks a list of witnesses on specific facts or interviews that would require

13 disclosure of information protected as privileged, confidential, proprietary, trade

14 secret, and/or otherwise immune from disclosure. Defendants further object to all

15 discovery in this action as premature until Defendants' Motion to Dismiss is decided.

16 **INTERROGATORY NO. 4:**

17     Identify all persons, including but not limited to attorneys, who are involved

18 in negotiating, considering, interpreting, analyzing, documenting, approving, or

19 executing Commitment Costs Agreements and non-binding offers to purchase

20 Licenses and any amendments, and as to each, identify the particular role of such

21 person.

22 **SPECIFIC OBJECTIONS TO INTERROGATORY NO. 4:**

23     In addition to Defendants' General Objections set forth above, Defendants

24 further object to this Interrogatory as the phrase "negotiating, considering,

25 interpreting, analyzing, documenting, approving, or executing" is vague and

26 ambiguous in the context in which it is used. This Interrogatory is also overly broad,

27 unduly burdensome, not proportionate to the needs of the case, and compound.

28

7

Moreover, Defendants object to the extent it seeks a list of witnesses on specific facts that would require disclosure of information protected as privileged, confidential, proprietary, trade secret, and/or otherwise immune from disclosure. Defendants further object to all discovery in this action as premature until Defendants' Motion to Dismiss is decided.

**INTERROGATORY NO. 5:**

Identify every Licensee to which WCO has made an Offer to purchase a License, the date of that Offer, the initial amount of that Offer, and the date and amount of any subsequent Offers.

**SPECIFIC OBJECTIONS TO INTERROGATORY NO. 5:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Interrogatory as overly broad, unduly burdensome, not proportionate to the needs of the case, and compound. Moreover, Defendants object to the extent it seeks information and a list of witnesses on specific facts that would require disclosure of information protected as privileged, confidential, proprietary, trade secret, and/or otherwise immune from disclosure. Defendants further object to all discovery in this action as premature until Defendants' Motion to Dismiss is decided.

**INTERROGATORY NO. 6:**

Identify every License WCO has purchased and the amount WCO paid for that License.

**SPECIFIC OBJECTIONS TO INTERROGATORY NO. 6:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Interrogatory as overly broad, unduly burdensome, not proportionate to the needs of the case, and compound. Moreover, Defendants object to the extent this Interrogatory seeks information protected as privileged, confidential, proprietary, trade secret, and/or otherwise immune from disclosure.

8

**DEFENDANTS WCO SPECTRUM LLC, ACADEMIA SPECTRUM LLC, GARY WINNICK, CARL KATERNDAHL, ANDREAS BITZARAKIS, AND TYLER KRATZ'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587946v1

48

Defendants further object to all discovery in this action as premature until Defendants' Motion to Dismiss is decided.

**INTERROGATORY NO. 7:**

Identify every entity with which WCO has entered into an agreement or contract for credit or financing of WCO's Offers to purchase Licenses.

**SPECIFIC OBJECTIONS TO INTERROGATORY NO. 7:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Interrogatory as overly broad, unduly burdensome, not proportionate to the needs of the case, and compound. Moreover, Defendants object to the extent it seeks a list of witnesses on specific facts that would require disclosure of information protected as privileged, confidential, proprietary, trade secret, and/or otherwise immune from disclosure. Defendants further object to all discovery in this action as premature until Defendants' Motion to Dismiss is decided.

**INTERROGATORY NO. 8:**

Identify every Licensee with which WCO has entered a Commitment Cost Agreement, including the date of any such agreement and the commitment cost amount.

**SPECIFIC OBJECTIONS TO INTERROGATORY NO. 8:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Interrogatory as overly broad, unduly burdensome, not proportionate to the needs of the case, and compound. Moreover, Defendants object to the extent it seeks information and a list of witnesses on specific facts that would require disclosure of information protected as privileged, confidential, proprietary, trade secret, and/or otherwise immune from disclosure. Defendants further object to all discovery in this action as premature until Defendants' Motion to Dismiss is decided.

BUCHALTER
A Professional Corporation
Los Angeles

BN 78587946v1

**DEFENDANTS WCO SPECTRUM LLC, ACADEMIA SPECTRUM LLC, GARY WINNICK, CARL KATERNDAHL, ANDREAS BITZARAKIS, AND TYLER KRATZ'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 9:**

Identify every payment You have received, directly or indirectly, from a Licensee and/or WCO pursuant to a Commitment Cost Agreement, including the date received and the amount.

**SPECIFIC OBJECTIONS TO INTERROGATORY NO. 9:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Interrogatory as overly broad, unduly burdensome, not proportionate to the needs of the case, and compound. Moreover, Defendants object to the extent it seeks information protected as privileged, confidential, proprietary, trade secret, and/or otherwise immune from disclosure. Defendants further object to all discovery in this action as premature until Defendants' Motion to Dismiss is decided.

**INTERROGATORY NO. 10:**

Identify every person who has held the position at WCO of Managing Partner, Finance, or its equivalent by any other name.

**SPECIFIC OBJECTIONS TO INTERROGATORY NO. 10:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Interrogatory as the word "equivalent" is vague and ambiguous in the context in which it is used. This interrogatory is also overly broad, unduly burdensome, not proportionate to the needs of the case, and compound. Moreover, Defendants object to the extent that this Interrogatory seeks information protected as privileged, confidential, proprietary, trade secret, or otherwise immune from disclosure. Defendants further object to all discovery in this action as premature until Defendants' Motion to Dismiss is decided.

**DEFENDANTS WCO SPECTRUM LLC, ACADEMIA SPECTRUM LLC, GARY WINNICK, CARL KATERNDAHL, ANDREAS BITZARAKIS, AND TYLER KRATZ'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587946v1

**INTERROGATORY NO. 11:**

Identify each person You expect to call as a fact witness in the Action, and for each individual, identify his or her name, address, phone number, and subject matter of the expected testimony.

**SPECIFIC OBJECTIONS TO INTERROGATORY NO. 11:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Interrogatory as the word "subject matter" is vague and ambiguous in the context in which it is used. This interrogatory is also premature, overly broad, unduly burdensome, not proportionate to the needs of the case, and compound. Defendants further object that all discovery in this matter is premature until Defendants' Motion to Dismiss is decided.

**INTERROGATORY NO. 12:**

Describe in detail all monetary and non-monetary relief You seek against Plaintiffs pursuant to any counterclaim. Your response should include any calculations, estimates, formulas, documents, spreadsheets, or other methods You are using to determine or quantify that relief.

**SPECIFIC OBJECTIONS TO INTERROGATORY NO. 12:**

In addition to Defendants' General Objections set forth above, Defendants further object to this Request as premature, overly broad, unduly burdensome, and not proportionate to the needs of the case. Moreover, Defendants object to the extent that this Interrogatory seeks information protected as privileged, confidential, proprietary, trade secret, and/or otherwise immune from disclosure. Defendants

/ / /

/ / /

/ / /

/ / /

/ / /

11

**DEFENDANTS WCO SPECTRUM LLC, ACADEMIA SPECTRUM LLC, GARY WINNICK, CARL KATERNDAHL, ANDREAS BITZARAKIS, AND TYLER KRATZ'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587946v1

1   further object to all discovery in this action as premature until Defendants' Motion

2   to Dismiss is decided.

3                                          Respectfully submitted,

4   DATED:  September 15, 2023             BUCHALTER
                                           A Professional Corporation
5

6

7                                          By: /s/  Joshua M. Robbins

8                                              Joshua M. Robbins (SBN: 270553)
                                               jrobbins@buchalter.com
9                                              Mark T. Cramer (SBN: 198952)
                                               mcramer@buchalter.com
10                                             1000 Wilshire Boulevard, Suite 1500
                                               Los Angeles, CA 90017
11                                             Tel: (213) 891-0700
                                               Fax: (213) 896-0400

12                                             Maurice R. Mitts (admitted *pro hac vice*)
                                               mmitts@mittslaw.com
13                                             MITTS LAW LLC
                                               1822 Spruce Street
14                                             Philadelphia, PA 19103
                                               Tel: (215) 866-0112
15                                             Fax: (215) 866-0113

16                                             *Attorneys for Defendants'*
                                               *WCO Spectrum LLC, Academia*
17                                             *Spectrum LLC, Gary Winnick, Carl*
                                               *Katerndahl, Andreas Bitzarakis, and*
18                                             *Tyler Kratz*

19

20

21

22

23

24

25

26

27

28

                                          12

**DEFENDANTS WCO SPECTRUM LLC, ACADEMIA SPECTRUM LLC, GARY WINNICK, CARL KATERNDAHL, ANDREAS BITZARAKIS, AND TYLER KRATZ'S OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

52

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 78587946v1

# Exhibit 3

| | |
|---|---|
| **From:** | Ashworth, William |
| **To:** | Maurice Mitts; Joseph Trujillo; Poteat III, R. Kennon; Luke Hasskamp; Pat Pascarella; Jarod Bona; "jmlynch@antitrustassociates.com"; Aaron Lawrence |
| **Cc:** | Brown, Kenneth; Hoover, Kylie; Frier, Ilana; sengelmyer@kleinbard.com; "Rosenfeld, Jeffrey"; "Bolender, Brooke"; Gina Stowe; Geoffrey Huling |
| **Subject:** | RE: T-Mobile et al v. WCO et al (CD Cal) - ESI Protocol |
| **Date:** | Thursday, November 13, 2025 3:41:58 PM |

Maurice:

We are available to meet and confer Tuesday, November 18 at 4pm.  We can discuss all of the outstanding issues then.  We'll send a Teams invite shortly.

Will

**William Ashworth**
**Williams & Connolly LLP**
680 Maine Avenue, SW
Washington, DC  20024
(P) 202-434-5683 | (F) 202-434-5029
washworth@wc.com | www.wc.com/washworth

---

**From:** Maurice Mitts <MMitts@mittslaw.com>
**Sent:** Thursday, November 13, 2025 3:00 PM
**To:** Ashworth, William <WAshworth@wc.com>; Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Luke Hasskamp <Luke.Hasskamp@bonalawpc.com>; Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Jarod Bona <jarod.bona@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>; Aaron Lawrence <aaron.lawrence@bonalawpc.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>; Gina Stowe <Gstowe@mittslaw.com>; Geoffrey Huling <GHuling@mittslaw.com>
**Subject:** RE: T-Mobile et al v. WCO et al (CD Cal) - ESI Protocol

Will,
Thank you for your email.  We remain committed to moving forward consistent with Judge Hwang's direction, but T-Mobile's proposal goes well beyond what the Court contemplated.  The Court made clear that, during this interim period, only written discovery that does *not* overlap with the issues implicated by WCO's counterclaims may proceed, precisely to avoid redoing discovery that overlaps with the allegations implicated in the forthcoming amended counterclaims.

As T-Mobile has already conceded, discovery on the RICO claims will inherently overlap with antitrust discovery.  Indeed, discovery in both cases will involve many of the same custodians, email archives, search terms, and documents (including those regarding spectrum valuation, communications with educational institutions, analyses of market dynamics, to name just a few).  Thus, if we were to follow T-Mobile's proposal, we would be forced to redo document discovery, ESI searches, and third-party subpoenas if the amended counterclaim survives.  For these reasons, the only category we can safely move forward on now is a set of narrowly tailored interrogatories directed solely to the current RICO allegations. Anything further risks the duplication the Court expressly sought to prevent.

Regarding meet-and-confer availability, I am presently scheduled for an appellate oral argument before the Superior Court of Pennsylvania on Tuesday, November 18, 2025.  However, the Court requested earlier today if all counsel would be available for the argument on Monday, November 17 instead.  We expect to receive confirmation shortly, but until then, Monday availability is uncertain.  With this in mind, we offer the following windows for our meet and confer:

**Tuesday:    4–5:30 PM ET**
**Wednesday: 4 – 6 Pm ET**

We can address the RICO-only discovery scope, the ESI protocol, and the protective order during that call.  We are hopeful a single, comprehensive discussion next week will be the most efficient path forward and will avoid unnecessary motion practice.

Thank you,


Maurice
Maurice R. Mitts, Esq.
Mitts Law, LLC
1822 Spruce Street
Philadelphia, PA 19103
T (215) 866-0112
F (215) 866-0113
C (215) 327-7744
mmitts@mittslaw.com


This e-mail is from Mitts Law, LLC, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not

read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

---

**From:** Ashworth, William <WAshworth@wc.com>
**Sent:** Wednesday, November 12, 2025 3:32 PM
**To:** Maurice Mitts <MMitts@mittslaw.com>; Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Luke Hasskamp <Luke.Hasskamp@bonalawpc.com>; Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Jarod Bona <jarod.bona@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>; Aaron Lawrence <aaron.lawrence@bonalawpc.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>; Gina Stowe <Gstowe@mittslaw.com>; Geoffrey Huling <GHuling@mittslaw.com>
**Subject:** RE: T-Mobile et al v. WCO et al (CD Cal) - ESI Protocol

Maurice:

Thanks for the response. We disagree with Defendants' position, which amounts to an argument that discovery should remain almost entirely stayed until T-Mobile's motion to dismiss Defendants' amended counterclaims is resolved. That is the exact opposite of the Court's direction to the parties at the October 29, 2025 hearing: "I'm strongly suggesting that you engage in written discovery . . . and as much discovery as you can get to that would not be an exercise in duplicating resources." (ECF No. 185 at 35:20–24) As we made clear at the hearing, the only potential duplication in resources would result from engaging in deposition discovery, which we all agree should remain stayed. All written discovery on T-Mobile's claims (which, for the avoidance of doubt, includes document production as well as responses to interrogatories and requests for production, in addition to third-party discovery) should move forward now without further delay, particularly given the age of the case, which was filed nearly 18 months ago in June of 2023.

Defendants' position that written discovery can proceed only to the extent it does not overlap with WCO's as-yet-to-be-filed amended counterclaim is both inconsistent with the Court's direction and unworkable.

First, it automatically would extend the discovery stay until the filing of Defendants' amended counterclaims, because no overlap between that counterclaim and T-Mobile's claim could be determined until the amended counterclaim is on file.

Second, it is unnecessary because there will be no duplication of resources in proceeding with written discovery on T-Mobile's claims now. That discovery will go forward regardless of what happens with Defendants' amended counterclaim. In the unlikely event Defendants' amended counterclaim survives T-Mobile's motion to dismiss, the parties can engage in another phase of

written discovery related to that claim before commencing depositions.

Third, Defendants' proposal will effectively grind discovery to a halt while Defendants object to essentially all written discovery as duplicative of the counterclaim (as they have signaled they intend to do) and T-Mobile is forced to move to compel. That dispute likely will not be resolved until after the motion to dismiss the counterclaim is resolved, by which time it will be moot (and will have wasted the parties' and the Court's resources). Although this may be Defendants' plan, it is not what the Court directed us to do.

Finally, Defendants' suggestion that the Court only intended to allow discovery to proceed to the extent both parties agree on scope is wrong. To be sure, the Court directed the parties to meet and confer to attempt to reach agreement on scope, which we have offered to and remain willing to do, but it did not indicate that either party could extend the stay simply by withholding agreement.

In sum, we do not agree to Defendants' watered-down Stipulation, and we intend to move the Court to clarify that written discovery on T-Mobile's claims can move forward now. As for meeting and conferring, we have offered three days/times for a meet and confer call to date, with no response from Defendants. Please let us know your windows of availability for a meet and confer discussion tomorrow, Friday, or Monday.

On other topics:

1. Please see attached our comments in response to Defendants' proposed edits to our draft ESI protocol. We have attached a clean word version and a .pdf redline. Please let us know your final position on this document by no later than the end of the week.
2. Please let us know Defendants' final position on the Protective Order by the end of the week as well.

Defendants have had drafts of these documents for many months now. If we cannot reach agreement on them by next Monday, November 17, we will proceed to prepare our portion of a Joint Stipulation under Local Rule 37. We are of course willing to further meet and confer on these documents as well, but under Local Rule 37.1 any meet and confer must take place by no later than Monday the 17th.

Best,

Will


**William Ashworth**
**Williams & Connolly LLP**

680 Maine Avenue, SW
Washington, DC  20024
(P) 202-434-5683 | (F) 202-434-5029
washworth@wc.com | www.wc.com/washworth

---

**From:** Maurice Mitts <MMitts@mittslaw.com>
**Sent:** Tuesday, November 11, 2025 5:14 PM
**To:** Ashworth, William <WAshworth@wc.com>; Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Luke Hasskamp <Luke.Hasskamp@bonalawpc.com>; Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Jarod Bona <jarod.bona@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>; Aaron Lawrence <aaron.lawrence@bonalawpc.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>; Gina Stowe <Gstowe@mittslaw.com>; Geoffrey Huling <GHuling@mittslaw.com>
**Subject:** RE: T-Mobile et al v. WCO et al (CD Cal) - ESI Protocol

Will,

We appreciate your team taking on this initial draft.  Unfortunately, though, it materially mistakes the Court's instruction regarding the scope of permissible discovery pending a decision on our amended counterclaims.  At the hearing, the Court simply directed the parties to progress with the select written discovery that they could agree on—nothing more, nothing less.  T-Mobile's attempt to unilaterally open written and document discovery on all issues concerning its claims disregards that direction.  What's worse, it also overlooks the Court's clear concern that, during this short interim period, any discovery on T-Mobile's claims should ***not*** potentially overlap with those witnesses or issues raised in WCO Spectrum's counterclaims, expressly stating that:

> "So what I don't want, though, is to have discovery go forward and have some argument that there's some overlap in the discovery on these counterclaims, that you now have to redo some discovery. And that seems not an efficient use of everyone's resources.  So what I don't know is the extent to which there's going to be overlap of witnesses and depositions ***and the written discovery*** to the extent that you go forward on the underlying complaint and then now all of a sudden there actually is a part of the counterclaims that survive and you have to redo some of

it." Tr. 32:23-33:8 (emphasis added).

Against this limit, your position that "[t]he sole carve out discussed at the hearing was for deposition discovery" is untenable. Rather, when read in the context of this limit, the Court's direction is clear: the parties should progress written discovery (that is, interrogatories and RFAs) that concerns solely those issues unique to T-Mobile's claims and Defendants' corresponding defenses.

Efficiency strongly favors this approach. As T-Mobile itself has repeatedly acknowledged, there is substantial overlap between WCO Spectrum's counterclaims, T-Mobile's claims, and the parties' respective defenses. If this case moves forward on all written and document discovery pertaining to T-Mobile's claims and Defendants' corresponding defenses—but not WCO Spectrum's counterclaims and T-Mobile's corresponding defenses (as your position suggests)—the parties and Court will risk wasting significant resources, particularly in the event WCO's amended counterclaim survives. Under your position, the parties will inevitably disagree about which issues are now in-scope (T-Mobile's claims) versus those that are out of scope (WCO's amended counterclaims), the sufficiency of prior interrogatory responses, document collections, searches, and reviews, and, ultimately, the need to go back to the discovery well in the first instance to address preexisting gaps from such a piecemeal approach. Further, under your approach, the parties may need to serve multiple follow-on subpoenas, thus generating avoidable burden on and arguments with third parties. Each of these inevitable disagreements will land right back before the Court—which, as quoted above, is exactly what Judge Hwang seeks to avoid.

And any upside to your approach is lacking. With our amended counterclaim due in December, the Court will likely hear and decide any forthcoming motion by early 2026. Such a short delay in opening discovery on all issues is not worth the needless satellite disputes that your approach will surely generate. Indeed, as T-Mobile itself acknowledged in the July 23, 2025 Rule 26(f) report, the "most efficient course" is to maintain the stay on all discovery until it becomes "clear what claims will proceed" in this action. Dkt. 162 at 25. That the parties will move forward with agreed written discovery on those issues unique to T-Mobile's claims does even better.

We hope that this note persuades you to reconsider your position. To find a path forward, please see the attached for our revised draft, which fairly

incorporates all aspects of the Court's direction.  If T-Mobile continues to disagree, then we're available to meet and confer.  Before we meet, though, please share with us a more fulsome written position than your summary statement below.

Thank you,


Maurice
Maurice R. Mitts, Esq.
Mitts Law, LLC
1822 Spruce Street
Philadelphia, PA 19103
T (215) 866-0112
F (215) 866-0113
C (215) 327-7744
mmitts@mittslaw.com

This e-mail is from Mitts Law, LLC, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

---

**From:** Ashworth, William <WAshworth@wc.com>
**Sent:** Wednesday, November 5, 2025 8:56 PM
**To:** Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Luke Hasskamp <Luke.Hasskamp@bonalawpc.com>; Maurice Mitts <MMitts@mittslaw.com>; Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Jarod Bona <jarod.bona@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>; Aaron Lawrence <aaron.lawrence@bonalawpc.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>
**Subject:** RE: T-Mobile et al v. WCO et al (CD Cal) - ESI Protocol


Thanks Joey.  I am attaching the draft Stipulation and Order for your review.  As you can see, the Stipulation quotes from the transcript of the hearing.  The Court was clear that written and document discovery on Plaintiffs' claims should go forward now.  The sole carve out discussed at the hearing was for deposition discovery, which we agree should remain stayed until Plaintiffs' motion to dismiss the amended counterclaim is resolved.

We will provide the further revised draft Protective Order to you tomorrow; we are working with our client to try to narrow the issues in dispute.

We look forward to receiving your comments on the ESI protocol promptly.

We stand by our positions on the other issues referenced below but would be happy to discuss them further to make sure we understand Defendants' positions.  If Defendants are unavailable Thursday and Friday to meet and confer, please let us know when you are available Monday.  We can make ourselves available any time between 11am and 6pm ET.

Best,

Will

**William Ashworth**
**Williams & Connolly LLP**
680 Maine Avenue, SW
Washington, DC  20024
(P) 202-434-5683 | (F) 202-434-5029
washworth@wc.com | www.wc.com/washworth

---

**From:** Joseph Trujillo joseph.trujillo@bonalawpc.com
**Sent:** Wednesday, November 5, 2025 4:40 PM
**To:** Ashworth, William WAshworth@wc.com; Poteat III, R. Kennon kpoteat@wc.com; Luke Hasskamp Luke.Hasskamp@bonalawpc.com; Maurice Mitts mmitts@mittslaw.com; Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Jarod Bona <jarod.bona@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>; Aaron Lawrence <aaron.lawrence@bonalawpc.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>
**Subject:** RE: T-Mobile et al v. WCO et al (CD Cal) - ESI Protocol [IMAN-IMANAGE.FID6866]

Will,

Thank you for your note.  While we're certainly willing to meet and confer regarding items (1), (3), and (4), we think it's unproductive to do so tomorrow or Friday.  The most efficient route is for your team to share the draft stipulation and, once we've had a reasonable opportunity to review (recognizing that your team has had over a week to prepare the draft), we can propose revisions and then circle up to discuss any issues.

To be clear, though, please note that any draft language lifting the stay should be limited to only clearly non-overlapping RICO discovery—just as the Court emphasized at last week's hearing.  *See* Tr. 32-33 ("So what I don't want, though, is to have discovery go forward and then have some argument that there's some overlap in the discovery on these counterclaims, that now you have to redo some discovery.  And that seems not an efficient use of everyone's resources.").  Once the parties have finalized the stipulation, the Court has entered its order, and the parties have identified and agreed on the specific categories of discovery that are, in fact, non-overlapping (which is very narrow), we can work out a reasonable schedule, recognizing that we have an amended counterclaim due and there are upcoming holidays.

Regarding (2), our team will send our proposed revisions to the ESI protocol shortly.  We'll look out for your team's proposed revisions to the protective order that we shared with you on October 14.  Both parties should review and, assuming there are any issues, we should set up a call for next week to see if we can resolve without involving the magistrate.

Best,
Joey

---

**From:** Ashworth, William <WAshworth@wc.com>
**Sent:** Wednesday, November 5, 2025 8:50 AM
**To:** Poteat III, R. Kennon <kpoteat@wc.com>; Luke Hasskamp <Luke.Hasskamp@bonalawpc.com>; Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Maurice Mitts <mmitts@mittslaw.com>; Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Jarod Bona <jarod.bona@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>; Aaron Lawrence <aaron.lawrence@bonalawpc.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>
**Subject:** RE: T-Mobile et al v. WCO et al (CD Cal) - ESI Protocol

Counsel-

Now that the Court has issued its order granting our motion to dismiss WCO's counterclaims, the time has come to proceed with written and document discovery on Plaintiffs' claims without further delay, in accordance with the Court's direction at the hearing last week.

We propose the following for various outstanding discovery items:

1. Discovery Status
   a. Given the Court's direction at the hearing, we understand that written and

document discovery on Plaintiffs' claims (including third-party discovery) can proceed immediately.  To memorialize that direction in a formal order, we have prepared a draft Stipulation and proposed Order (that also note that deposition discovery will remain stayed until Plaintiffs' forthcoming motion to dismiss Defendants' Amended Counterclaim is resolved).  We will provide drafts to you for review by this evening.

2. Protective Order and ESI Protocol
   a. We will provide our responses to your latest edits to the draft Protective Order by later today.
   b. Please provide us with any comments to the draft ESI Protocol, which we first sent you on September 18, by no later than the end of the week.
   c. If we cannot reach resolution on these documents by next week, we will submit competing drafts to the Magistrate Judge for resolution by November 21.

3. Pending Requests for Production/Interrogatories
   a. T-Mobile served Requests for Production and Interrogatories on certain Defendants on August 16, 2023, including your clients WCO Spectrum LLC, Gary Winnick (succeeded in interest by Karen Winnick), Carl Katerndahl, Tyler Kratz, Academia Spectrum LLC, and Andreas Bitzarakis.  These Defendants served objections (not responses) on September 15, 2023.
   b. Please provide revised, substantive responses to these RFPs and Interrogatories by no later than November 19.  If we do not receive revised responses in short order, we intend to file a motion to compel in the near term.

4. Document Production
   a. In the parties' most recent 26(f) Report, WCO noted that it produced 11,000 pages to T-Mobile in prior actions.  Dkt. 162 at 14.  Those documents should be produced to T-Mobile without redactions as soon as possible.

We are happy to meet and confer to discuss these points further.  Please let us know your availability tomorrow afternoon any time between 3 and 5pm ET or Friday between noon and 3pm ET for a call.

Best,

Will

**William Ashworth**

**Williams & Connolly LLP**
680 Maine Avenue, SW
Washington, DC  20024
(P) 202-434-5683 | (F) 202-434-5029
washworth@wc.com | www.wc.com/washworth

---

**From:** Poteat III, R. Kennon <kpoteat@wc.com>
**Sent:** Friday, October 31, 2025 11:29 AM
**To:** 'Luke Hasskamp' <Luke.Hasskamp@bonalawpc.com>; Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Maurice Mitts <mmitts@mittslaw.com>; Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Jarod Bona <jarod.bona@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>; Aaron Lawrence <aaron.lawrence@bonalawpc.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Ashworth, William <WAshworth@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>
**Subject:** RE: T-Mobile et al v. WCO et al (CD Cal) - ESI Protocol [IMAN-IMANAGE.FID6866]

Counsel:

I am writing to follow up again about the ESI protocol.  You've now had our draft for six weeks and we have yet to receive your edits/comments.  Please provide them early next week.

Thanks,
Kennon

**R. Kennon Poteat III**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5699  | vcard | www.wc.com/kpoteat

---

**From:** Luke Hasskamp <Luke.Hasskamp@bonalawpc.com>
**Sent:** Tuesday, October 21, 2025 7:29 PM
**To:** Poteat III, R. Kennon <kpoteat@wc.com>; Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Maurice Mitts <mmitts@mittslaw.com>; Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Jarod Bona <jarod.bona@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>; Aaron Lawrence <aaron.lawrence@bonalawpc.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Ashworth, William <WAshworth@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>
**Subject:** RE: T-Mobile et al v. WCO et al (CD Cal) - ESI Protocol [IMAN-IMANAGE.FID6866]

Thanks Kennon. Confirming receipt of your Sept. 18, Oct. 1, and Oct. 8 emails.

We are in the process of reviewing the proposed ESI protocol with our discovery vendor. We will follow up with comments and revisions.

Luke

**From:** Poteat III, R. Kennon <kpoteat@wc.com>
**Sent:** Monday, October 20, 2025 2:19 PM
**To:** Luke Hasskamp <Luke.Hasskamp@bonalawpc.com>; Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Maurice Mitts <mmitts@mittslaw.com>; Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Jarod Bona <jarod.bona@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Ashworth, William <WAshworth@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>
**Subject:** RE: T-Mobile et al v. WCO et al (CD Cal) - ESI Protocol

Counsel:

Regarding the ESI protocol, I wanted to follow up on my emails from September 18, October 1, and October 8.  If you have edits, please provide them to us.

Thanks,
Kennon

**R. Kennon Poteat III**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5699  |  vcard  |  www.wc.com/kpoteat

**From:** Poteat III, R. Kennon <kpoteat@wc.com>
**Sent:** Wednesday, October 8, 2025 9:24 AM
**To:** 'Luke Hasskamp' <Luke.Hasskamp@bonalawpc.com>; Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Maurice Mitts <mmitts@mittslaw.com>; Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Jarod Bona <jarod.bona@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Ashworth, William <WAshworth@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>
**Subject:** RE: T-Mobile et al v. WCO et al (CD Cal) - ESI Protocol

Counsel:

We have not heard from you on the draft ESI protocol that we sent you weeks ago on September 18 and followed up about on October 1.

**R. Kennon Poteat III**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5699 | vcard | www.wc.com/kpoteat

---

**From:** Poteat III, R. Kennon <kpoteat@wc.com>
**Sent:** Wednesday, October 1, 2025 5:52 PM
**To:** 'Luke Hasskamp' <Luke.Hasskamp@bonalawpc.com>; Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Maurice Mitts <mmitts@mittslaw.com>; Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Jarod Bona <jarod.bona@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Ashworth, William <WAshworth@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>
**Subject:** RE: T-Mobile et al v. WCO et al (CD Cal) - ESI Protocol

Counsel:

I am following up on my September 18 email regarding Plaintiffs' draft ESI Protocol.  Please let us know if you have any edits this week.

Thanks,
Kennon

**R. Kennon Poteat III**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5699 | vcard | www.wc.com/kpoteat

---

**From:** Poteat III, R. Kennon <kpoteat@wc.com>
**Sent:** Thursday, September 18, 2025 10:56 PM
**To:** 'Luke Hasskamp' <Luke.Hasskamp@bonalawpc.com>; Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Maurice Mitts <mmitts@mittslaw.com>; Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Jarod Bona <jarod.bona@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Ashworth, William <WAshworth@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>

**Subject:** T-Mobile et al v. WCO et al (CD Cal) - ESI Protocol

Counsel:

We have prepared the attached ESI protocol.  Please review and provide us with any comments
next week.

Thanks,
Kennon

**R. Kennon Poteat III**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
202-434-5699  | vcard | www.wc.com/kpoteat

---

This message and any attachments are intended only for the addressee and may contain information that is
privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or
disclose the contents of the message and any attachments. Instead, please delete the message and any attachments
and notify the sender immediately. Thank you.

# Exhibit 4

| | |
|---|---|
| **From:** | Maurice Mitts |
| **To:** | Ashworth, William |
| **Cc:** | Luke Hasskamp; Brown, Kenneth; Poteat III, R. Kennon; Hoover, Kylie; Frier, Ilana; sengelmyer@kleinbard.com; Jeffrey Rosenfeld; Brooke Bolender; Pat Pascarella; Joseph Trujillo; Aaron Lawrence; jmlynch@antitrustassociates.com; Gina Stowe |
| **Subject:** | Re: WCO extension request |
| **Date:** | Wednesday, November 19, 2025 10:07:49 AM |

Will,

My appellate argument went late into the day yesterday, so I couldn't join your call with Luke. We believe that interrogatory, but not document discovery, can commence.  As we've discussed, there is immense overlap between the discovery on the antitrust claims and the RICO claims.

Given this overlap and your clients' recent position in the most recent report to the judge that all discovery should remain stayed until there is a definitive ruling in the antitrust claims, we believe the most sensible approach is to either maintain the stay as to all discovery until the antitrust claims are revisited by the Court or limit discovery to interrogatories.

Thank you,

Maurice
Maurice R. Mitts, Esq.
Mitts Law, LLC
1822 Spruce Street
Philadelphia, PA 19103
T (215) 866-0112
F (215) 866-0113
C (215) 327-7744


This e-mail is from Mitts Law, LLC, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.


On Nov 18, 2025, at 2:31 PM, Ashworth, William <WAshworth@wc.com> wrote:


Thanks Luke.  Please see attached our proposed edits to the draft Stipulation.  With these, we are good for you to file this.  Thanks-

Will

**From:** Luke Hasskamp <Luke.Hasskamp@bonalawpc.com>
**Sent:** Monday, November 17, 2025 3:26 PM
**To:** Ashworth, William <WAshworth@wc.com>; Brown, Kenneth <KBrown@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>
**Cc:** Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Aaron Lawrence <aaron.lawrence@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>; Maurice Mitts <mmitts@mittslaw.com>; Gina Stowe <gstowe@mittslaw.com>
**Subject:** RE: WCO extension request [IMAN-IMANAGE.FID6866]

Hi Will,

Circling back. We agree to your briefing schedule and in fact would be willing to work with you to compress it somewhat if you'd like.

Otherwise, attached are a draft stipulation and proposed order for your approval. Let us know if this is good to file with your signature.

Thanks,
Luke

---

**From:** Luke Hasskamp
**Sent:** Friday, November 14, 2025 1:56 PM
**To:** 'Ashworth, William' <WAshworth@wc.com>; Brown, Kenneth <KBrown@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>
**Cc:** Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Aaron Lawrence <aaron.lawrence@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>; Maurice Mitts <mmitts@mittslaw.com>; Gina Stowe <gstowe@mittslaw.com>
**Subject:** RE: WCO extension request [IMAN-IMANAGE.FID6866]

Thanks Will. Receipt confirmed. Let us confer on our end, and we'll circle back.

Luke

---

**From:** Ashworth, William <WAshworth@wc.com>
**Sent:** Friday, November 14, 2025 12:43 PM
**To:** Luke Hasskamp <Luke.Hasskamp@bonalawpc.com>; Brown, Kenneth <KBrown@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Hoover, Kylie

<KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>
**Cc:** Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Aaron Lawrence <aaron.lawrence@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>; Maurice Mitts <mmitts@mittslaw.com>; Gina Stowe <gstowe@mittslaw.com>
**Subject:** RE: WCO extension request

Luke, while we disagree that additional time is warranted here based on the explanation below, we are willing to work with Defendants on your request if we can agree on a briefing schedule for our motion to dismiss the amended counterclaim.

Here's our proposal:

1. Dec. 19 – Defendants' counterclaim
2. Feb. 6, 2026 – Plaintiffs' motion to dismiss
3. Mar. 27, 2026 – Defendants' opposition
4. Apr. 27, 2026 – Defendants' reply
5. May 27, 2026 – Hearing on motion

Please let us know if Defendants agree.

With respect to discovery, as expressed in my prior emails, we continue to believe that written discovery should move forward on T-Mobile's claims to a far greater extent than Defendants have suggested to date.  We will discuss that issue further next Tuesday, but a motion may be needed absent agreement.

Will


**William Ashworth**
**Williams & Connolly LLP**
680 Maine Avenue, SW
Washington, DC  20024
(P) 202-434-5683 | (F) 202-434-5029
washworth@wc.com | www.wc.com/washworth

---

**From:** Luke Hasskamp <Luke.Hasskamp@bonalawpc.com>
**Sent:** Thursday, November 13, 2025 8:32 PM

**To:** Ashworth, William <WAshworth@wc.com>; Brown, Kenneth <KBrown@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>
**Cc:** Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Aaron Lawrence <aaron.lawrence@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>; Maurice Mitts <mmitts@mittslaw.com>; Gina Stowe <gstowe@mittslaw.com>
**Subject:** RE: WCO extension request [IMAN-IMANAGE.FID6866]

Hi Will,

WCO needs additional time to comprehensively address the Court's MTD ruling. Given the complexity of the issues identified, preparing the amended counterclaims will require significant time and effort. But we believe this will ultimately serve the interests of judicial economy.

On your point about discovery, we believe a 2.5-week extension will not have a meaningful effect on the overall case schedule, nor will it be used to as a basis to delay discovery. WCO remains committed to moving forward consistent with the Court's October 29 directive.

Thanks,
Luke

-----Original Message-----
From: Ashworth, William <WAshworth@wc.com>
Sent: Thursday, November 13, 2025 3:50 PM
To: Luke Hasskamp <Luke.Hasskamp@bonalawpc.com>; Brown, Kenneth <KBrown@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Hoover, Kylie <KHoover@wc.com>; Frier, Ilana <ifrier@wc.com>; sengelmyer@kleinbard.com; 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com>; 'Bolender, Brooke' <Brooke.Bolender@alston.com>
Cc: Pat Pascarella <Pat.Pascarella@bonalawpc.com>; Joseph Trujillo <joseph.trujillo@bonalawpc.com>; Aaron Lawrence <aaron.lawrence@bonalawpc.com>; 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com>; Maurice Mitts <mmitts@mittslaw.com>; Gina Stowe <gstowe@mittslaw.com>
Subject: RE: WCO extension request [IMAN-IMANAGE.FID6866]


Luke, in response to your email to Ken below:

Can you please explain why Defendants need the additional time requested? Given Defendants' positions about discovery, we are concerned that delays in filing the

amended counterclaim will result in arguments that discovery should be further delayed, which is inconsistent with the Court's directive at the October 29 hearing.

Thanks very much-

Will
From: Luke Hasskamp <Luke.Hasskamp@bonalawpc.com<mailto:Luke.Hasskamp@bonalawpc.com>>
Date: Wednesday, Nov 12, 2025 at 5:56 PM
To: Brown, Kenneth <KBrown@wc.com<mailto:KBrown@wc.com>>, Poteat III, R. Kennon <kpoteat@wc.com<mailto:kpoteat@wc.com>>, Hoover, Kylie <KHoover@wc.com<mailto:KHoover@wc.com>>, Frier, Ilana <ifrier@wc.com<mailto:ifrier@wc.com>>, Ashworth, William <WAshworth@wc.com<mailto:WAshworth@wc.com>>, sengelmyer@kleinbard.com <sengelmyer@kleinbard.com<mailto:sengelmyer@kleinbard.com>>, 'Rosenfeld, Jeffrey' <Jeffrey.Rosenfeld@alston.com<mailto:Jeffrey.Rosenfeld@alston.com>>, 'Bolender, Brooke' <Brooke.Bolender@alston.com<mailto:Brooke.Bolender@alston.com>>
Cc: Pat Pascarella <Pat.Pascarella@bonalawpc.com<mailto:Pat.Pascarella@bonalawpc.com>>, Joseph Trujillo <joseph.trujillo@bonalawpc.com<mailto:joseph.trujillo@bonalawpc.com>>, Aaron Lawrence <aaron.lawrence@bonalawpc.com<mailto:aaron.lawrence@bonalawpc.com>>, 'jmlynch@antitrustassociates.com' <jmlynch@antitrustassociates.com<mailto:jmlynch@antitrustassociates.com>>, Maurice Mitts <mmitts@mittslaw.com<mailto:mmitts@mittslaw.com>>, Gina Stowe <gstowe@mittslaw.com<mailto:gstowe@mittslaw.com>>
Subject: WCO extension request [IMAN-IMANAGE.FID6866]

Hi Ken,

WCO intends to request a 2.5-week extension of the deadline to file its amended counterclaims—to December 19.  Please let us know if T-Mobile will oppose the request.

Thanks,
Luke

[bona law logo]

Luke Hasskamp | Partner | Los Angeles & Minneapolis m. 612.469.8899 | bonalaw.com<https://www.bonalaw.com/>
4275 Executive Square Suite 200 | La Jolla, CA 92037

_____

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

\<Stipulation re Amended CC and Briefing Scheduling (TMO comments) (12016861.1).docx\>

# Exhibit 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION - LOS ANGELES)

| | |
|---|---|
| T MOBILE US, INC, ET AL, | ) CASE NO: 2:23-cv-04347-AH-E |
| | ) |
| Plaintiffs, | )            CIVIL |
| | ) |
| vs. | )   Los Angeles, California |
| | ) |
| WCO SPECTRUM, LLC, ET AL, | ) Wednesday, October 29, 2025 |
| | ) |
| Defendants. | )   (2:35 p.m. to 3:29 p.m.) |

SCHEDULING CONFERENCE;

PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS [DKT.NO.149]

BEFORE THE HONORABLE ANNE HWANG,
UNITED STATES DISTRICT JUDGE

**APPEARANCES**:              SEE PAGE 2

Deputy Clerk:              Yolanda Skipper

Court Reporter:            Recorded; CourtSmart

Transcribed by:            Exceptional Reporting Services, Inc.
                           P.O. Box 8365
                           Corpus Christi, TX 78468
                           361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

**APPEARANCES**:


For Plaintiffs:                    JONATHAN B. PITT, ESQ.
                                   KENNETH J. BROWN, ESQ.
                                   Williams & Connolly
                                   680 Maine Ave. SW
                                   Washington, DC 20024

                                   JEFFREY A. ROSENFELD, ESQ.
                                   Alston & Bird
                                   350 S. Grand Ave.
                                   51st Floor
                                   Los Angeles, CA 90071


For Defendants:                    LUKE A. HASSKAMP, ESQ.
                                   JOSEPH D. TRUJILLO, ESQ.
                                   Bona Law
                                   4275 Executive Square
                                   Suite 200
                                   La Jolla, CA 92037

                                   MAURICE R. MITTS, ESQ.
                                   Mitts Law
                                   1822 Spruce St.
                                   Philadelphia, PA 19103

3

1     **Los Angeles, California; Wednesday, October 29, 2025; 2:35 p.m.**

2                        **(Call to order)**

3             **THE CLERK:**  Calling item number three, civil case 23-

4     4347, *T Mobile US, Inc., et al. versus WCO Spectrum, LLC.*

5             Counsel, state your appearance at the lectern.

6             **MR. HASSKAMP:**  Your Honor, good afternoon.  Luke

7     Hasskamp on behalf of WCO Spectrum and the other Defendants.

8             **MR. PITT:**  Good afternoon, Your Honor.  Jonathan Pitt

9     from Williams and Connolly on behalf of the Plaintiffs.

10            **MR. BROWN:**  Good afternoon, Your Honor.  Ken Brown

11     from Williams and Connolly, also on behalf of the Plaintiffs.

12            **MR. ROSENFELD:**  Good afternoon, Your Honor.  Jeffrey

13     Rosenfeld of Alston and Bird on behalf of Plaintiffs.

14            **MR. TRUJILLO:**  Good afternoon, Your Honor.  Joseph

15     Trujillo from Bona Law on behalf of WCO Spectrum and the other

16     Defendants.

17            **MR. MITTS:**  Good afternoon, Your Honor.  May it

18     please the Court, Maurice Mitts on behalf of WCO and the other

19     Defendants.

20            **THE COURT:**  All right.  Good afternoon to all of you.

21            I did issue a tentative order.  It is the Plaintiffs'

22     motion.  Do you wish to be heard or do you submit on the

23     tentative?

24            **MR. PITT:**  Very briefly, Your Honor.  We mostly

25     submit on the tentative.

4

1          We did, however, have one point of clarification that

2   we thought it might be helpful to discuss, and that was with

3   respect to Your Honor's statement in the tentative about the

4   State law claims.

5          Wanted to clarify for Your Honor that there is

6   diversity jurisdiction here as well, and thought that that

7   might impact the analysis --

8          **THE COURT:**  Okay.

9          **MR. PITT:**  -- of the Court.  We -- in our complaint

10  we pled diversity jurisdiction.

11          And in the parties' Rule 26(f) report at page six,

12  both parties agree that diversity existed.  And so we thought

13  that for that reason it would make sense for Your Honor to

14  retain jurisdiction over the State law claims.

15          And our position on that, I'm sure it won't surprise

16  Your Honor to know, is that we think that the State law claims

17  should be dismissed for the same reason that Your Honor

18  indicated with respect to the Federal claims, particularly

19  since both parties agree that those claims rise and fall

20  together.

21          **THE COURT:**  Okay.  I appreciate that.  I tend to

22  agree with you.

23          The only issue I had is that there was just no

24  substantive discussion about the State law claims.  And so if

25  you're both in agreement that the same reasons apply and I

5

```
1   don't need to go into any substantive analysis, then that's

2   fine.

3          But I'm not sure that some of these State law claims

4   don't require its own analysis.  I don't know that the Court's

5   reasoning applies to all of the State law claims, so I just

6   hesitate a little to dismiss on the same grounds without

7   actually addressing the actual elements.

8          MR. PITT:  Understood, Your Honor.

9          We feel that we have provided reasons in our papers.

10         And I would respectfully direct Your Honor to the

11  final page of the Defendants' opposition to our motion to

12  dismiss where effectively they say what we said, which is given

13  the particulars of each of these State law claims, they really

14  do rise and fall with the analyses of the federal antitrust

15  claims.

16         I believe the Defendants' point -- and obviously they

17  can speak for themselves -- is that their argument was that

18  because they disagreed that the antitrust claims should be

19  dismissed, they also disagreed that the State law claims should

20  be dismissed.

21         Our position was of course the opposite.

22         If Your Honor thought that additional briefing would

23  somehow help or anything of that kind, of course we would

24  follow Your Honor's direction on that.

25         THE COURT:  Well so, for example, the 17200 claim is
```

6

1    that -- does it rise and fall because the only basis of the

2    17200 claim is it's unlawful, so we're looking at another cause

3    of action?  Or is there some broader allegation that I would

4    need to address?

5            And just such a cursory discussion by both parties,

6    so I just -- before I do that, I just want to be clear that if

7    I am dismissing on the basis that I have dismissed the federal

8    claims without any further discussion, that I don't actually

9    need to engage in any other analysis.

10           **MR. PITT:**  Your Honor, that would certainly be our

11   position.  We think there is no basis in their counterclaims

12   for the suggestion that there's anything unlawful other than

13   their claim with respect to the antitrust -- what they allege

14   are antitrust violations.

15           **THE COURT:**  Okay.  Well, I'll have WCO confirm.

16           **MR. PITT:**  Of course.  Thank you, Your Honor.

17           **THE COURT:**  Okay.  Thank you.

18           So before you argue as to the Sherman Act claims, can

19   you just clarify your position regarding the State law claims

20   and, in particular, the 17200 claim?

21           **MR. HASSKAMP:**  So I do think honor -- Your Honor,

22   there's a little daylight between our Federal claims and the

23   17200 claim.

24           I think here it's on the fairness prong which we

25   don't -- as I recall, T Mobile did not raise that in their

1  motion.  And I think that explains why we did not raise it in

2  our opposition.

3        That would be I think probably the only daylight we

4  have on those claims.

5        **THE COURT:**  Well, but you did indicate that you

6  tended -- at least my recollection was you indicated that you

7  tended to agree that the same analysis applies.

8        And so is it your position then that I would need to

9  independently review each of the State law claims,

10  notwithstanding -- setting aside whatever we do on the Sherman

11  Act claims, that I would now separately need to engage in

12  analysis of the elements of each of the State law claims?

13        Or is it just something about the 17200 claim, for

14  example, that you have pled it as an unfair business practice

15  rather than just unlawful, or is some combination of all of it?

16        **MR. HASSKAMP:**  Yes, Your Honor.  It's the latter. I

17  think it's the 17200 fairness prong.

18        **THE COURT:**  Okay.

19        **MR. HASSKAMP:**  I think *CoStar* would say that.  And as

20  we've alleged, I think those State law -- the Cartwright Act

21  claims are coextensive with the Federal claims.

22        **THE COURT:**  Okay.  Well, I do need more clarity from

23  the parties then about the State law claims.  To the extent

24  that this tentative order remains of course I'm granting leave

25  to amend.

8

1          And so if there's another round of briefing, then I

2    need more substantive analysis on the State law claims.

3          And I need more clarity as to what the parties agree

4    is dispositive based on the rulings on the Sherman Act claims

5    and what still needs to be decided.

6          So that you all need to meet and confer and present

7    me with some clear briefing as to what I separately need to

8    look at for the State law claims as opposed to relying on the

9    analysis on the Sherman Act.

10          **MR. HASSKAMP:**  Of course.

11          **THE COURT:**  Okay.

12          **MR. HASSKAMP:**  So, again, thank you, Your Honor,

13    appreciate the time.  We know it's a burden on the Court at

14    this time so we're grateful to have a chance to respond to the

15    tentative.

16          We of course disagree with some aspects of it; think

17    there are some respectfully mistakes that I'll try to address

18    here quickly.  I think there's some ways to -- some paths for

19    the Court to revise the opinion.

20          And I'll start with the Court previewed this, said

21    the antitrust injury analysis must begin with the

22    identification of the Defendants' specific unlawful acts.

23          And so I think that I'll start with anticompetitive

24    conduct, and specifically the exclusive agreements issue which

25    I think is the clear path forward on this, again with the

1    *CoStar* decision.

2           *CoStar* is straightforward.  It says if a defendant

3    has market power and exclusive agreements, it violates Federal

4    and State antitrust laws.  It's that straight for both section

5    one and section two, which are the monopsonization claims.

6           And just to confirm I'm not overstating it, it says:

7    "In short, a monopolist that wields exclusive agreements to

8    foreclose competition violates both sections one and two of the

9    Sherman Act."

10          Now, I think what makes this an easy path for the

11   Court is that T Mobile doesn't deny either of those elements.

12   They don't deny that we've alleged it.  They don't address the

13   monopsony power allegations at all.  I don't think they'd have

14   much to say.

15          We allege they control more than 90 percent of the

16   market.  *CoStar* says you only need 60 to 70 percent.

17          And they don't deny these are exclusive agreements.

18   I think they do that because -- or they don't do that because

19   there are literal exclusivity provisions in here.

20          And their sham litigation issue turned on purported

21   breaches of those exclusivity obligations.

22          So that's -- *CoStar* says, again, if we have those two

23   things, market power, exclusive agreements, antitrust

24   violation.  And then we can flow into the antitrust injury

25   analysis.

10

 1          One thing I note, too, that we didn't see in the

 2   tentative was recognition of T Mobile's prior invitation to

 3   collude that we set forth I think in paragraphs 26 through 28.

 4          That's the request by Paul McCarthy at T Mobile, the

 5   guy who managers their Spectrum, who asked that we join

 6   T Mobile in a bid-rigging conspiracy.  That matters because it

 7   evidences T Mobile's anticompetitive intent.

 8          And courts say -- we cited several of these cases.

 9   Courts say that you can use that intent to draw inferences

10   about the effects of its conduct, right, how it's going to

11   impact.

12          So conduct that might otherwise look innocuous,

13   right, it's more fairly characterized as anticompetitive or

14   likely to have anticompetitive effects given that intent.

15          And the cases we cited, *Aspen Skiing*, the Supreme

16   Court's case, is a key one there; same with the *Microsoft*

17   decision.  And the Ninth Circuit's *Syufy Enterprises* case, all

18   which are cited in our opposition.

19          Now, to quickly move to antitrust injury, the

20   quickest path here forward to remedy that issue, Your Honor, is

21   flagged in footnote seven of the Court's tentative.  It's page

22   nine.

23          This is where the Court declines to address the

24   injury resulting from the increased cost to WCO and to the

25   license holders, right.

11

1          And the Court notes T Mobile doesn't address it.

2    What that actually means is T Mobile concedes it, right?

3    Raising their rival's costs is classic example of antitrust

4    injury.  And that's an issue they don't respond to.

5          And we describe how our costs were raised which what

6    -- how that matters is it diminishes the ability of WCO to

7    competitively bid where, you know, before say in a competitive

8    environment we could bid up to $10 million.

9          But if we have to now incur an additional $300,000 in

10   costs responding to these efforts by T Mobile to raise our

11   costs, we can now only bid 9.7 million.

12         And that makes -- that harms WCO because it

13   diminishes our competitiveness.  And it harms the license

14   holders, the schools, because they're receiving lower bids.

15         We cited *Forsyth* and *Imperial Irrigation* for that

16   proposition, Your Honor.  But raising rivals' costs is a way to

17   harm a competitor, right?

18         *PLS.com* is a Ninth Circuit decision recent -- or

19   semi-recent, from 2022, also addresses the raising of rivals'

20   costs.  That's the easy path forward.

21         But I want to address this -- the exclusion now.

22   Even if we don't have our costs increased, we have been

23   excluded from -- we've been foreclosed from the market.

24         And now totally foreclosed.  WCO is functionally out

25   of business.  There's one-ish person left keeping the lights

12

1  on.

2          I think there is some confusion or a hyper-technical

3  reading about what a bid is and what it means to be able to

4  bid, right, where if WCO can't ever be awarded a license,

5  right, it's irrelevant that it could submit a bid for it.

6          It's illusory because T Mobile can always terminate

7  that transaction or neuter the process, right.  It's impede the

8  process, right.  It was illusory.

9          We could -- I mean, I think there's this idea that as

10  long as we could submit bids out into the ether, it's a

11  competitive environment, we didn't suffer any harm.

12          The Court focuses on the *Lucas* decision.  There's an

13  easy way to distinguish there, Your Honor.

14          *Lucas* involved the scenario where two different

15  companies bid on a contract, the seller awarded the contract to

16  the other guy.  And the seller was upset, the loss of that

17  contract, and then became the antitrust plaintiff there.

18          What's different here is that the sellers are not

19  free to award the contract to WCO, right.  That's completely

20  different.

21          There, the seller can make up his mind.  And the

22  records show in *Lucas* that they had a reason for thinking that

23  was the better offer.

24          Here, the schools, these schools cannot ever sell

25  these licenses to WCO because of these different exclusivity

13

1    provisions that T Mobile has wielded.  And that's what makes it

2    illusory.  That's what makes it -- you know, the dack is -- the

3    deck is stacked in our -- in T Mobile's favor, right.

4        We never -- WCO never lost a bid because T Mobile

5    simply outbid us.  That never happened, right, never -- there

6    were never two bids on the table and the seller said, I like

7    T Mobile's bid better, right.

8        If that had happened, that would negate our entry on

9    the others.  But setting that aside, that never happened.  We

10   never lost a bid simply because T Mobile on the merits

11   submitted a better offer.

12       It's -- I think it -- the analogy I've come up with

13   in my head, Your Honor, is the market for buying a house,

14   right, my wife and I bought a house in Long Beach.

15       You know, we got into a bidding war.  That's a

16   indication of a healthy, competitive environment where multiple

17   parties could bid the price up.  And the seller was free to

18   choose who to sell to.

19       And at the end of the process, after all the

20   counterproposals, counteroffers, my wife and I emerged.  The

21   seller could -- was free to choose us.

22       What happened here is the sellers aren't.  They're

23   not free because of this conduct.

24       So, again, the idea that submitting, again, bids into

25   the ether doesn't ensure a competitive process.

14

1          And even if they were in some of the time, the idea

2     that we have some -- we would have some success does not negate

3     the instances of antitrust injury that is squarely addressed by

4     the Ninth Circuit in *PLS.com*.  You don't have to be totally

5     foreclosed.

6          There, the plaintiff or I think it was the counter-

7     plaintiff had acquired 20,000 plus customers.  He was doing

8     okay, right.  He was making some deals, doing some business.

9     It didn't negate the injury he'd suffered.

10          In all of the examples of -- I think at least all of

11     the examples of the injury that we've alleged, the rivals'

12     costs, the exclusion, the -- there it was the super competitive

13     prices and the reduced consumer choice are present here as

14     well.

15          So everything's covered by *PLS.com*.  That's I think

16     the quick path forward to revise the tentative ruling.

17          The issue with the -- there's a couple points on the

18     ROFR to address.  The ROFR isn't the only piece of the

19     contracts that make them exclusive.  But it is in a -- a key

20     piece of it, Your Honor.  It's the *coup de grace.*

21          It -- that's the real -- a real mechanism I wish

22     T Mobile could terminate the bidding process where the example

23     of my wife and I, we -- every -- and the other perspective

24     buyers, we kept bidding the price up until we reached a truly

25     competitive outcome.

15

1              Here, it's one and done, right.  We get one shot to

2    make a bid with imperfect information, and at best T Mobile

3    matches the offer.  That's the end of it.

4              Even if WCO would have bid more -- and of course the

5    sellers would have been open to us bidding more, right.  Both

6    aspects of the market are harmed by the ROFR.  But it's not the

7    only piece.

8              One thing, there was some suggestion on the

9    specificity with which we pled some of the foreclosure.  I

10   think a couple responses there.

11             Cases simply look at the percentage of agreements

12   that are affected in the market, right.  It's a plaintiff or a

13   claimant does not need to show that he submitted, she

14   submitted, it submitted a bid for every customer, for everyone

15   -- every contract that is affected.

16             I mean, here it would have been futile, right, for

17   WCO to continue to try to bid when we kept losing, right, when

18   the market understood it was futile for us to do business to

19   sell to anyone but T Mobile.

20             Relatedly, there -- I think it was the focus on we

21   didn't identify other instances in which the exclusivity

22   provisions and not the ROFR provision served to deny us an

23   opportunity to buy.

24             But what I point out is that -- pointing to

25   T Mobile's admissions in its complaint, there it says that WCO

16

1   targeted 167 T Mobile's license, right.

2          And yet T Mobile also says there that it exercised 69

3   ROFRs.  That means that WCO lost out on those other 98 bids to

4   something other than the ROFR.

5          And we have at least two specific examples where we

6   lost, the Albright case and the Christian College case, where

7   we lost even though we submitted a bid higher than T Mobile.

8   There's some reason that T Mobile -- or that those schools

9   accepted a lower price than we were offering, right.

10          I think a fair inference with our allegations,

11   remembering *CoStar*, is that that conduct impeded that --

12   particularly when we have those other 98 licenses that we lost

13   out on.

14          **THE COURT:**  What paragraphs are you referring to?

15          **MR. HASSKAMP:**  In T Mobile's complaint?

16          **THE COURT:**  Yes.

17          **MR. HASSKAMP:**  Yes.  This would be paragraphs three,

18   55, 57, and then docket 1-1, that's appendix A, where T Mobile

19   itemizes the ROFRs, the 69 ROFRs.  I think it implicates 13

20   entities.  And we -- I think we note that, too, in our

21   complaint or our counterclaim, Your Honor.

22          **THE COURT:**  Where is that in the Counterclaim?

23          **MR. HASSKAMP:**  I think -- so by that, Your Honor, I

24   think this is footnote 16 where we incorporate I think -- maybe

25   I'm misreading this, Your Honor.  I think this is in our

17

1    complaint, footnote 16, where we address this.

2            But either way it's an admission by T Mobile.  And we

3    have agreed those are fair play as we consider this issue --

4    these issues.

5            One other -- I think a -- the -- maybe one of the

6    last ways that we can -- setting aside the rivals' cost issue,

7    *PLS.com* again is a key case.

8            And it's absolutely fine that it's a horizontal or

9    straight case.  Doesn't mean we don't consider it in other

10   types of cases.  Entirely appropriate.  We're discussing the

11   same harms are there that we have here.

12           What *PLS.com* makes clear is that impeding the

13   customer's ability to deal with a rival is antitrust entry.

14           What was happening there is that customers

15   technically could work with the claimant.  But they faced

16   fines, suspensions, termination if they did.

17           And the court said, well, that's actually not any

18   choice at all.  Technically it's a choice but it's not a real

19   choice, right, because you've increased their costs, you've

20   added this level of intimidation to it.

21           It's -- I think it's even more stark here, right.

22   Because of these provisions that T Mobile has wielded, these

23   schools have never had a choice, right.

24           Either the ROFR terminates it or they fear these

25   exclusivity obligations and they sell for -- they take a

18

1   haircut on these payments, they sell for less money than we

2   would offer.

3           It's reasonable to infer, right, considering the

4   conduct alleged -- it's conduct established, right, that it --

5   that was an anticompetitive effect of the scheme.

6           The Court had a note about -- and, I'm sorry, I

7   forgot, I think this was in a footnote about whether we had to

8   show that the foreclosure was substantial.

9           And just to clarify, I think we -- I think it's fair

10  to say we don't need to establish foreclosure to prevail at

11  least on our section two claims, the monopsonization claims.

12          The monopsony claims require two things:  the

13  monopsony power, which is dominant market share, and

14  anticompetitive conduct.

15          And the court there says exclusive agreements are an

16  example of anticompetitive conduct.  That's at 1067.  And the

17  tentative acknowledges that.

18          We may need to establish substantial foreclosure for

19  the section one claim.

20          But with section -- the section two claims, if you

21  establish monopsony power, the court says you necessarily have

22  the ability to foreclose competition, the substantial -- to

23  substantially foreclose competition, right.

24          So in response to that footnote that I'm now

25  unfortunately forgetting the number on, Your Honor, we do not

19

1   need to establish foreclosure to prevail on the section two

2   claims; though I think as I've tried to discuss, we have.

3           We have the 69 losses on ROFR, right, which ROFR on

4   its own is anticompetitive.  But then we have the 98 losses on

5   some other conduct, right.

6           I think it's fair to assume some of that is due to

7   these exclusivity provisions given that we have the specific

8   examples of Christian College of Georgia and Albright.

9           And on that point I note that in *CoStar Group*, there

10  the claimant offered simply three examples of foreclosure.

11  Right at the end of the opinion it addresses that.  And the

12  court said that was enough to make it "not speculation," right.

13  Three examples, right.

14          Here, we have two examples plus the 98 others, not

15  forgetting the fact that the ROFRs on their own are

16  anticompetitive because they terminate the competitive process.

17          Just a couple last points briefly, Your Honor.  I

18  appreciate the time.

19          As T Mobile was implementing this scheme, right, the

20  ROFRs, we recognize there that that may have resulted in higher

21  prices for those schools.

22          Now, we've explained that that didn't necessarily

23  result in the highest price, the competitive price because our

24  costs were increased, right.

25          So across the board, our bids are suppressed, below

20

1    where they should have been.  And then the ROFR terminates the

2    bidding process so we can't raise our bid even more.

3            But even if that didn't count, that doesn't negotiate

4    the dozens of other examples where the rest of the market

5    missed out.

6            The rest of the market missed out because T Mobile

7    chilled the market, right.  They made everyone scared of

8    dealing with us.  They recognized that it was futile to try to

9    sell to anyone but T Mobile.

10           Finally, just to address sham litigation -- the sham

11   litigation issue briefly.  To clarify, I think there's maybe a

12   little imprecision in the Court's language.  The pattern test

13   does not -- would not require objective baselessness.  So I

14   think that's why there are two tests.

15           To the -- I think to the extent the Court is saying

16   that, I -- double-check that.  That isn't required for the

17   pattern test.  There, we're simply saying the litigation was

18   brought without regard to the merit.

19           And finally there's -- the Court does not explain why

20   it's only counting the six specific threatened lawsuits that we

21   could identify.

22           What we allege is that there were dozens of lawsuits

23   threatened.  We could specifically identify six of them.

24   Others we don't know, right, what schools were threatened at

25   this point.

21

1          But I think if T Mobile wants the benefit of *Noerr-*

2   *Pennington* protection for those threats, they have to count for

3   purposes of calculating the pattern test, right.

4          And that puts the math at 24 plus three lawsuits, 27.

5   We're a lot closer now to the number in *POSCO* and some of the

6   other cases that the Court referenced.

7          If -- again, if T Mobile wants the *Noerr-Pennington*

8   protection, it's got to count.

9          If it doesn't count, that means it's outside of

10  *Noerr-Pennington*, and that means T Mobile is just out in the

11  market threatening customers, threatening to retaliate against

12  customers who are doing business with rivals.

13         Supreme Court long ago said you can't do that.

14  That's purely anticompetitive conduct.  That's the Supreme

15  Court's decision in *Lorain Journal*, 342 U.S. 143 from 1951.

16         And also we see that in the *Chase Manufacturing*

17  *versus Johns Manville* case out of the Tenth Circuit, Your

18  Honor, which is another threats case where if you threaten to

19  retaliate against customers if they do business with a rival,

20  purely anticompetitive conduct.

21         Your Honor, I guess I conclude, if I can just take my

22  wife and I's housing analogy a little further.

23         If we think about if T Mobile has these agreements

24  with every house in my neighborhood, right, we're going to see

25  how hard it is for my wife and I to have bought that house

22

1  because we look around and, first, none of the houses are --

2  can even put a for sale sign up because their agreements with

3  T Mobile seem to prevent that.

4        It's hard for my wife and I to identify what house

5  would even be willing to sell to us.  We start knocking on

6  doors, an expensive process.

7        We go to the first house, we say, hey, we're

8  interested in buying your house.  They say, that's great.

9  Unfortunately, I can't tell you what it costs.  I can't tell

10 you anything about the property.  I can't let you look around.

11 If you want to guess as to what it's worth despite all that,

12 feel free.

13        If we do, that first instance they come back and say,

14 T Mobile had a right of first refusal, I got to sell to them,

15 right?  It's unfortunate because we would have bid higher as we

16 did in reality.

17        We go to house number two, same thing, can't tell you

18 what it's worth, can't let you look around.  My wife and I

19 still guess.

20        This time they come back and say, sounds great.  I

21 mean, you are offering three times what T Mobile was offering

22 us, but they're now threatening to sue us, right.  They're

23 saying I breached these exclusivity obligations, right, the

24 claims we see in the Albright complaint.

25        By the time we get to the third house, they're

23

 1   shooing us away as we walk up the sidewalk.

 2          And so it's I think disingenuous for T Mobile to

 3   suggest that if we could knock on every house in the

 4   neighborhood, we -- that was a competitive outcome, we had a

 5   fair chance, when no one's answering the door as we're coming

 6   because they understand how this is going to play out.

 7          And it doesn't make sense for my wife and I to keep

 8   pounding the pavement because it's costly and it's a waste of

 9   our time.  That's what we have here.

10          With that, unless the Court other questions,

11   appreciate the time.

12          **THE COURT:**  Okay.  Thank you.

13          **MR. PITT:**  Thank you, Your Honor.  I'll be brief.

14          Just primary point is with respect, I believe Your

15   Honor's tentative addresses virtually all of what we've just

16   heard.  We believe the tentative got it right and so we just

17   would say again we believe those questions have been answered.

18   As --

19          **THE COURT:**  Let me direct you -- I don't mean to cut

20   you off.

21          **MR. PITT:**  Oh, no, no, no, Your Honor.  I want to go

22   where you want to go.

23          **THE COURT:**  You can go ahead.  But I do want to

24   direct you to specifically respond at some point --

25          **MR. PITT:**  Okay.

24

1        **THE COURT:**  -- to the argument that there are

2   admissions in the complaint that WCO targeted 167 licenses and

3   T Mobile exercised the right of first refusal on 69, so there's

4   a question then of whether about a hundred licenses that WCO

5   lost the bid for was -- lost out on the bidding was something

6   other than the right of first refusal.

7        And, if so, then whether that sufficiently pleads

8   substantial foreclosure.

9        And then you can also address the separate argument

10  that section two doesn't require the Plaintiff to plausibly

11  allege substantial foreclosure, as well as any other arguments

12  that you'd like to address.

13       **MR. PITT:**  Great.

14       So I will be glad to address both of those.  Why

15  don't I just start with those since they're on Your Honor's

16  mind?

17       First, I think we're many, many, many leaps now away

18  from what WCO has actually alleged in its counterclaims.

19       It did not allege in their counterclaims -- and,

20  frankly, we don't think that they could consistent with Rule 11

21  -- that it was the -- and I take it in essence by the something

22  else, they would like the Court to believe that perhaps it was

23  the exclusivity agreements or something along those lines.

24  They don't allege that and I don't think they can allege that.

25       They allege one single instance of the -- of an

25

1  exclusive, just one.

2        And I think it's worth noting that the rest of their

3  counterclaims and what they allege runs totally contrary to the

4  motion that there's any sort of exclusive.

5        Paragraph after paragraph is all about the ROFRs, the

6  ROFRs, T Mobile would -- if T Mobile were invoking exclusivity

7  clauses to ensure that nobody could bid, as a matter of logic

8  they wouldn't be -- there would be no need to invoke a ROFR.

9  But that's what we see in the counterclaim.  And so I don't

10 think they've pled it.

11       Again, we'll see if they think that they can.  But we

12 certainly don't believe they can.

13       With respect to section two, so I actually want to go

14 to where my colleague began his argument, which was with *CoStar*

15 case.  And I don't want to get too much in the weeds.

16       I do think, however, that a very important phrase was

17 left out of that court's ruling in the description to Your

18 Honor.  It was mentioned at first and then it was dropped, and

19 that phrase is that foreclose competition.

20       So there was this discussion of, well, monopoly power

21 plus exclusives equals violation.  That is not the law.  It

22 couldn't be the law.

23       And one of the reasons it couldn't be the law is

24 because it would in no way take into account the notion that

25 what you need for section two violation is not just

1    monopoly/monopsony power and anticompetitive conduct.

2            The term generally used is exclusionary conduct.  And

3    one of the reasons of course for that is it has to have had the

4    effect of excluding competition.

5            So hopefully enough said about that.  But whether --

6    sorry, unless Your Honor has --

7            **THE COURT:**  No.

8            **MR. PITT:**  -- on that one.

9            **THE COURT:**  No, I don't have any questions about

10   that.

11           **MR. PITT:**  Okay.  So I think my answer to Your

12   Honor's question is the term "substantial foreclosure" and the

13   linkage of that term with particular percentage for your 50

14   percent is largely a section one concept.

15           But the case law that starts to draw distinctions

16   between section one and section two for exclusives, that was

17   really starting with the *Microsoft* case back in -- rather 2002

18   in the D.C. Circuit.

19           And what the D.C. Circuit said there was, yeah, we

20   might not have as insistent an expectation of 40 to 50 percent.

21   It might be that something a little bit lower than that could

22   suffice in the section two context, you know, under a

23   particular set of circumstances that were true in that case.

24           But I don't think that means that in any respect a

25   court could somehow dispense with a notion that in order to be

27

1    actionable, the exclusives actually have to be keeping people

2    out of the market.  And that's what they've not alleged in

3    their counterclaim.

4            So just a few additional points.  The issue about the

5    invitation to collude, this is a motion to dismiss.  We're

6    accepting the allegations.  It's hard for me to say, that's

7    very offensive to my client.  But we accept their allegation as

8    they are.

9            There is no cause of action for an invitation to

10   collude.  The FDC is able to bring those cases under section

11   five; private party can't.

12           And the -- Your Honor has I think already provided

13   the reason in her tentative which is they couldn't possibly

14   allege injury from it.

15           The -- I think the suggestion was, well, it shows

16   intent.  Intent is -- could have all the bad intent in the

17   world, it still doesn't equal an antitrust.  I know Your Honor

18   knows that.

19           With respect to the raising costs argument, I --

20   counsel said that -- I believe counsel said that we did not

21   address and thereby conceded their raising costs argument.

22           We did address that argument.  They really don't do

23   that in their counterclaims.  They did it in a footnote in

24   their opposition, as Your Honor noted.

25           And we responded in a footnote in our reply brief.

28

 1    It's footnote three at page six of our reply brief.  And we

 2    specifically address the raising costs argument.

 3            You know, suffice it to say, they don't have any kind

 4    of allegation in their counterclaims about how supposed raised

 5    costs could somehow have caused antitrust injury to them.

 6            In fact, what they allege is that those raised costs

 7    resulted in sellers getting lower prices.  And, as Your Honor

 8    noted in the tentative, that's not harm that WCO can claim for.

 9            The point about ROFRs again I'll just do really

10    quick.  We cited these cases in our papers.  And I think Your

11    Honor -- the tentative is entirely consistent with this.

12            I think a lot of what we just heard is the notion

13    that ROFRs are themselves anticompetitive.  That's not the law.

14    We cited the cases that say quite specifically that if you do

15    have the opportunity to bid, a ROFR is not -- it is not in fact

16    anticompetitive.

17            There are obviously a great many reasons why in

18    certain industries they're the norm, this being one of them for

19    reasons I don't need to get into on a motion to dismiss.  But

20    they do serve an important purpose.

21            And I do think one thing that's worth saying about

22    that is with respect to the analogy to an open bidding process,

23    antitrust law doesn't require an opening bidding process.  It

24    requires that people not be prevented from the opportunity to

25    compete.

29

1          I think Your Honor has already explained why in the

2    tentative why WCO did have the opportunity to compete.  What

3    their real complaint is, is actually a little bit different

4    from that.

5          And then the only -- I think the -- really the only

6    other thing I'll just address, the sham litigation point and

7    *Noerr-Pennington*.  Again, we think Your Honor got it right in

8    the tentative.

9          One additional point is that the Ninth Circuit has

10   spoken to a higher pleading requirement.

11         And the reason for that of course is that we don't

12   want to have a situation where parties are kept from the courts

13   and First Amendment activity is chilled.  And that's why there

14   are higher obligations on those who would claim sham

15   litigation.

16         And if Your Honor has more questions, I'm delighted

17   to answer them.  Otherwise we would submit.

18         **THE COURT:**  I don't have more questions.  But I did

19   cut you off in the beginning, so if there are other things that

20   you think need to be addressed with the tentative order while I

21   sit down to finalize it, then let me know now.

22         I didn't mean to cut you off on what you were going

23   to argue.  But now is your opportunity to weigh in on the

24   tentative before I take it under submission.

25         **MR. PITT:**  Your Honor did not cut me off.  And we

1    don't have anything else we need to add.  Thank you, Your

2    Honor.

3              **THE COURT:**  Okay.  Any final response?

4         **MR. HASSKAMP:**  Couple quick -- just a couple quick

5    points, Your Honor.

6              **THE COURT:**  Okay.

7         **MR. HASSKAMP:**  *CoStar Group* on the monopoly power

8    equaling substantial foreclosure, on 1067, *CoStar Group* says

9    because monopoly power is the substantial ability to control

10   prices or exclude competition, if a monopolist enters into

11   exclusive agreements with its customers, those agreements can

12   substantially foreclose competition.

13             On this suggestion to you that they're not wielding

14   these agreements, they're -- T Mobile's not saying these

15   exclusivity agreements prevent anyone from selling to WCO, I

16   would direct the Court to the Albright complaint that T Mobile

17   has asked the Court to judicially notice.

18             This is document number 149-3.  We look at page 23 of

19   that, it's 18 of the complaint but 23 of the document.  The

20   first cause of action there, Your Honor, is the breach of the

21   exclusivity agreement.

22             And the ROFR is count three.  The ROFR turns on their

23   argument that schools can never sell to a competing entity,

24   right, and WCO is a competing entity.

25             So they absolutely are wielding these agreements,

31

1   these exclusivity agreements to prevent anyone but T Mobile

2   buying these leases, acquiring these leases.

3           Lastly, we discussed that our increased costs in

4   paragraph 44(b) of our counterclaim.

5           With that, we'll submit on the papers, Your Honor.

6           **THE COURT:**  Okay.  Thank you for the argument.  I

7   appreciate it.  The Court will take the matter under submission

8   and issue a final order.

9           We are here, though, for -- also for the scheduling

10  conference.  I don't know if the parties are prepared to talk

11  about that or in light of the Court, to the extent that the

12  order remains, I have indicated that I would be granting leave

13  to amend.

14          So I don't know if you want to just reset the

15  scheduling conference for another date.  I assume there'll be

16  another round of briefing if there is -- if the order stands

17  and there's an amended counterclaim.  But let me know what your

18  thoughts are.

19          **MR. HASSKAMP:**  I -- that would be our suggestion for

20  the Court, Your Honor, to table this until we resolve the

21  amended counterclaim, which we will get out if that -- if the

22  tentative holds.  Sounds like it might.

23          But absolutely I think it makes sense until those

24  claims are settled, we should hold off setting dates commencing

25  discovery.

32

1          **MR. BROWN:**  Good afternoon, Your Honor.  I guess --

2     sorry, Ken Brown from Williams and Connolly.

3          I guess our view is that of course we defer to

4     whatever the Court wants to do on this.

5          We had, as you know, taken the position that

6     discovery out to remain stayed.  I guess the concern that I

7     have is that, you know, we do know for a fact that our

8     affirmative claims are going to go forward.

9          **THE COURT:**  Right.

10         **MR. BROWN:**  I do have -- significant concerns is not

11    exactly the right word.  But it seems to me that it's going to

12    be very difficult for WCO to overcome the flaws that the Court

13    has identified --

14         **THE COURT:**  Well, --

15         **MR. BROWN:**  -- in the counterclaims.  And -- no,

16    please.

17         **THE COURT:**  No, sorry.  Again I'm sorry, I don't mean

18    to cut you off.

19         But let me just say that generally speaking I have

20    set trial dates even though the pleadings have not been fully

21    set.  But I take into account what the discovery actually looks

22    like.

23         So what I don't want, though, is to have discovery go

24    forward and then have some argument that there's some overlap

25    in the discovery on these counterclaims, that now you have to

33

1   redo some discovery.  And that seems not an efficient use of

2   everyone's resources.

3           So what I don't know is the extent to which there's

4   going to be overlap of witnesses and depositions and the

5   written discovery to the extent that you go forward on the

6   underlying complaint and then now all of a sudden there

7   actually is a part of the counterclaims that survive and you

8   have to redo some of it.

9           So that's why I defer to you.  I don't know what the

10  discovery looks like, so I defer to you on how you want to

11  handle it.

12          It doesn't sound like we're looking at too much

13  delay, maybe a couple months.  But on the other hand I

14  generally tend to agree that the case should go forward even

15  though the pleadings haven't been finally set.

16          **MR. BROWN:**  So -- and I will tell the Court in candor

17  that initially our proposal to the Defendants was not the one

18  that you see reflected in the 26(f).

19          Initially our proposal was that discovery on our

20  affirmative claim should go forward while discovery on their

21  counterclaim should be stayed consistent with the way that

22  Chief Judge Gee ruled when we sought a discovery stay and we

23  lost.  Strike that.  When they sought a discovery stay and they

24  won.

25          So the reason why we didn't ultimately present that

34

1    proposal to the Court is because there is overlap.  The

2    witnesses overlap.

3            I guess what I wonder is whether it might make sense

4    to at least start document discovery on our affirmative claims

5    because we know that that's going to have to happen anyway.

6            I agree that depositions probably shouldn't go

7    forward until we're sure about what claims and counterclaims

8    will or will not be in the case.  That does not make sense.

9            I don't want my people deposed twice.  I know that

10   they don't want their people deposed twice, and that makes good

11   sense to me.

12           But it does seem like there may be some things that

13   we can do to advance the ball while not prejudicing any party

14   in that way.

15           The other thing that I will note is that we did have

16   two outstanding issues concerning -- and I think they're

17   relatively minor issues concerning privilege logs and the

18   number of depositions that the parties are seeking.

19           Certainly I think we can defer on the number of

20   depositions.

21           I may actually have a proposal for Mr. Hasskamp that

22   we can talk about offline.  At some point we are going to need

23   to talk about the privilege log issue.  I'm happy to do that

24   now or at a different time at the Court's preference.

25                **THE COURT:**  Well, now those issues will be before the

35

1    magistrate judge, so now is not a good time.  But --

2         **MR. BROWN:**  Understood, Your Honor.

3         **THE COURT:**  -- given the age of the case I do think

4    it makes sense to start moving forward what you can.  I don't

5    think that necessarily means that I need to set dates.  But to

6    the extent you can agree on certain aspects of discovery going

7    forward, then I do think that would make sense.

8         But I don't think then I need to set trial dates in

9    light of that.  You can have a --

10        **MR. BROWN:**  Agreed.

11        **THE COURT:**  -- discussion amongst yourselves about

12   going forward with what you can with discovery.  And then we

13   can come back for a scheduling conference for the actual

14   cutoffs, the discovery cutoffs, and all the other related trial

15   -- trial-related dates.

16        **MR. BROWN:**  Very good, Your Honor.

17        **THE COURT:**  Does that make sense?

18        **MR. HASSKAMP:**  Just to clarify, Your Honor.  Is the

19   Court --

20        **THE COURT:**  I'm strongly suggesting that you engage

21   in some written discovery --

22        **MR. HASSKAMP:**  Okay.

23        **THE COURT:**  -- and as much discovery as you can get

24   to that would not be an exercise in duplicating resources.

25        **MR. HASSKAMP:**  Thank you, Your Honor, because I'll

36

1   note that the discovery stay is -- remains in place.  Chief

2   Judge Gee -- there's currently a stay in place so --

3           **THE COURT:**  Well why don't you meet and confer and

4   come up with some language that you would like me to modify

5   what -- the stay and how you want me to deal with that.

6           Or you can just talk amongst yourselves and let --

7   just come up with some proposal that does move this case

8   forward, given the age of the case.

9           It seems that you all can come up with something that

10  you can work on now while we're waiting to see what happens

11  with the counterclaims.

12          **MR. HASSKAMP:**  We'll do our best, yes, --

13          **THE COURT:**  Okay.

14          **MR. HASSKAMP:**  -- thank you, Your Honor.

15          **THE COURT:**  So if you need an actual order on the

16  discovery stages, come up with a stipulation and proposed order

17  and a -- I generally understand the issues so you just need to

18  let me know what aspects that you would like me to lift the

19  stay.

20          **MR. HASSKAMP:**  Thank you, Your Honor.

21          **MR. SPEAKER:**  Thank you, Your Honor.

22          **THE COURT:**  Okay.  Anything else?

23      (No audible response.)

24          So right now I'm going to vacate the scheduling

25  conference and I'll reset it after we get a sense of what the

37

1   timing is going forward.  Anything else?

2           **MR. SPEAKER:**  No, Your Honor.

3           **THE COURT:**  Okay.  Thank you.

4           **MR. SPEAKER:**  Thank you, Your Honor.

5           **THE CLERK:**  All rise.  This Court is adjourned.

6       **(This proceeding was adjourned at 3:29 p.m.)**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATION

       I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____         October 31, 2025

       Signed                               Dated


             *TONI HUDSON, TRANSCRIBER*