# Exhibit 35

| | |
|---|---|
| **From:** | Ashworth, William |
| **To:** | Maurice Mitts; Frier, Ilana; Gina Stowe; pmadden@bergermontague.com; nfernandezsilber@edelson.com; aw@winlawpc.com; Brandon Winchel; Michael LeBoff |
| **Cc:** | Brown, Kenneth; Poteat III, R. Kennon; Hoover, Kylie; Wyss, Camille; Rosenfeld, Jeffrey; Bolender, Brooke |
| **Subject:** | RE: T-Mobile US, Inc., et al. v. WCO Spectrum, LLC, et al., Case No. 2:23-cv-4347 (C.D. Cal) -- Joint Discovery Stipulation |
| **Date:** | Wednesday, June 24, 2026 1:54:30 PM |

Maurice:

The record on the parties' extensive, months-long process of meet and confer correspondence and discussions speaks for itself. There is no credible argument that the parties have not sufficiently met and conferred on the issues in our motion.

We note that none of your emails in the last few days have presented a single specific proposal to resolve any issue in dispute in our motion. While we are not willing to delay the filing of our motion, we are willing to entertain proposals from Defendants to resolve or narrow the issues before the hearing on our motion (which will be July 24). To the extent we can agree on something before our reply brief is due, then we can inform the Court of any resolutions at that time. If you have any specific proposals that you believe could resolve any of the issues in our motion, please send them to us in writing and then we can discuss them further in the coming weeks.

With respect to the due date for Defendants' portions of the motion, we do not agree that Defendants can unilaterally extend the time to prepare their response past the deadline in the rules. While we will wait until Friday for Defendants to provide their responses to avoid burdening the Court with a dispute, we reserve all rights with respect to Defendants' untimely response.

Best,

Will


**William Ashworth**
**Williams & Connolly LLP**
680 Maine Avenue, SW
Washington, DC  20024
(P) 202-434-5683 | (F) 202-434-5029
washworth@wc.com | www.wc.com/washworth


---

**From:** Maurice Mitts <MMitts@mittslaw.com>
**Sent:** Tuesday, June 23, 2026 6:30 PM
**To:** Ashworth, William <WAshworth@wc.com>; Frier, Ilana <ifrier@wc.com>; Gina Stowe

1

<Gstowe@mittslaw.com>; pmadden@bergermontague.com; nfernandezsilber@edelson.com; aw@winlawpc.com; Brandon Winchel <bwinchel@kleinandwilson.com>; Michael LeBoff <leboff@kleinandwilson.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Hoover, Kylie <KHoover@wc.com>; Wyss, Camille <cwyss@wc.com>; Rosenfeld, Jeffrey <jeffrey.rosenfeld@alston.com>; Bolender, Brooke <brooke.bolender@alston.com>
**Subject:** RE: T-Mobile US, Inc., et al. v. WCO Spectrum, LLC, et al., Case No. 2:23-cv-4347 (C.D. Cal) -- Joint Discovery Stipulation

Will,

I have again reviewed your email, the draft stipulation, the March 2 and April 13 letters cited in support of your motion, and the parties' correspondence concerning these issues.

Contrary to your assertion below, the parties have not engaged in a meaningful meet and confer regarding many of the specific discovery requests that are now the subject of T-Mobile's proposed motion. Since discovery resumed, the parties have participated in multiple conferences regarding the timing of Defendants' amended responses, proposed search parameters, custodians, sources of data, sequencing of discovery, third-party subpoenas, and, more recently, T-Mobile's own discovery deficiencies and categorical refusals to produce *any* documents. However, none of those discussions involved a substantive request-by-request discussion of many of the discovery requests that now appear in your proposed stipulation.

Indeed, I have reviewed the correspondence cited in your draft, and several of the requests that you propose to raise before the Court are not meaningfully discussed at all, including RFP Nos. 61, 67, 68, 96, and 97. Some of those are the very requests for which Defendants requested clarification yesterday before being asked to brief them in a motion to compel.

The Local Rules require a very specific process whereby the issues in dispute are set forth in writing and that a meet and confer thereafter takes place. The record here reflects discussions concerning discovery administration, timing, and process. It does not reflect a meaningful effort to confer regarding many of the specific requests now included in T-Mobile's proposed motion.

The problem is particularly apparent with respect to the financing issue. Throughout the parties' correspondence, Defendants have consistently objected

to T-Mobile's attempt to obtain sweeping financial discovery concerning dozens of non-party entities that T-Mobile has unilaterally grouped together under its expansive definitions of "WCO" and the "Winnick Entities." At no point, however, has T-Mobile meaningfully engaged in a discussion regarding what financial discovery is actually necessary, relevant, or proportional to the issues it claims are in dispute and the parties have never spoken at all about particular RFPs that relate to this issue.

Defendants have indicated, including in response to T-Mobile's letters and as recently as yesterday, that they are willing to discuss a tailored scope of discovery directed to the issues T-Mobile contends are relevant. Rather than engage in that discussion, T-Mobile has announced a take-it-or-leave-it ultimatum by demanding that Defendants either accept T-Mobile's view of the proper scope of financial discovery or face a motion to compel. When Defendants declined to enter into T-Mobile's demanded stipulation, it created a series of purported disputes concerning multiple interrogatories and document requests that were never the subject of a meaningful meet and confer. The documentary record speaks for itself.

The same is true of the "sources of data" issue. The parties exchanged proposed search parameters, met and conferred regarding those parameters on March 5, and ultimately reached agreement. During that process, T-Mobile was informed not only of Defendants' proposed search terms, but also the custodians and sources being searched. Moreover, your April 10 correspondence references sources of data but does not identify any additional source that T-Mobile believes should be searched or request that Defendants search any additional source. If there are additional sources that T-Mobile believes should be searched, please identify them and we can discuss them. Again, that is precisely what the meet-and-confer process is intended to accomplish.

For these reasons, Defendants do not believe T-Mobile has satisfied its meet-and-confer obligations with respect to a number of the issues presented in its proposed stipulation. Defendants remain willing to meet and confer regarding those issues and believe doing so would substantially narrow the disputes presented to the Court.

In the meantime, Defendants are continuing to prepare their portions of the joint stipulation. Given the 37 page length of your submission and the

issues discussed above, Defendants will serve their portions by Friday, June 26.  I urge you to reconsider your position and to work with us to address these matters through the meet and confer process.

Thank you,

Maurice
Maurice R. Mitts, Esq.
Mitts Law, LLC
1822 Spruce Street
Philadelphia, PA 19103
T (215) 866-0112
F (215) 866-0113
C (215) 327-7744
mmitts@mittslaw.com

This e-mail is from Mitts Law, LLC, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

---

**From:** Ashworth, William <WAshworth@wc.com>
**Sent:** Tuesday, June 23, 2026 11:35 AM
**To:** Maurice Mitts <MMitts@mittslaw.com>; Frier, Ilana <ifrier@wc.com>; Gina Stowe <Gstowe@mittslaw.com>; pmadden@bergermontague.com; nfernandezsilber@edelson.com; aw@winlawpc.com; Brandon Winchel <bwinchel@kleinandwilson.com>; Michael LeBoff <leboff@kleinandwilson.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Hoover, Kylie <KHoover@wc.com>; Wyss, Camille <cwyss@wc.com>; Rosenfeld, Jeffrey <jeffrey.rosenfeld@alston.com>; Bolender, Brooke <brooke.bolender@alston.com>
**Subject:** RE: T-Mobile US, Inc., et al. v. WCO Spectrum, LLC, et al., Case No. 2:23-cv-4347 (C.D. Cal) -- Joint Discovery Stipulation

Maurice:

We served the requests at issue on Defendants in 2023 and in January, and Defendants responded in February.  We have met and conferred through numerous correspondence and calls since March.  Those discussions have already narrowed the issues in dispute significantly, and the remaining points in our motion are ripe for the Court's review.  At this point, if Defendants seek to narrow the issues in our motion further, they can agree to the relief we are seeking.  Otherwise, we need to move forward with the motion.

4

With respect to the specific points you raise below:

1. RFPs 66, 67, 96, and 97 relate to the financing issue (our Issue 1), as to which we have a clear dispute.  That issue was addressed in correspondence and on multiple calls.  On our last call defense counsel said in no uncertain terms that we were at an "impasse" on that issue.  We also offered Defendants a stipulation to obviate the need for our motion on this issue and they refused.

2. The discovery dispute in our motion does not relate to WCO's financing efforts, as our motion makes clear—it relates to the ability of *other* Defendants and related entities to finance license purchases.  While we also disagree that WCO had the ability to finance license purchases, we understand that WCO (as opposed to other Defendants and related entities) has agreed to provide discovery on that subject.

3. Interrogatory 18 is related to the financing issue about which we clearly have a dispute.  We do not agree that a "narrowed" response would be appropriate.  This is key discovery and should be provided.  If Defendants are now agreeing to provide a complete response then they can say so in their response to our portions of the motion.

4. Issue 2 focuses on the *entities* from which Defendants are providing discovery – that is a separate issue from custodians and search terms.  We provided examples of relevant entities in meet and confer correspondence (and again in our motion).  Defendants have not provided the information we seek in the motion.  Again, if Defendants want to agree to the relief we seek in our motion on this ground, they can narrow the issues to be submitted to the Court.

On the sealing issue, please let us know your position.  If you would like to discuss, please propose a time and we'll make some folks from our team available.

We look forward to receiving Defendants' portions of the joint stipulation by the end of the day today so we can get it on file tomorrow.

Best,

Will


**William Ashworth**
**Williams & Connolly LLP**
680 Maine Avenue, SW

5

Washington, DC  20024

(P) 202-434-5683 | (F) 202-434-5029

[washworth@wc.com](washworth@wc.com) | [www.wc.com/washworth](www.wc.com/washworth)

---

**From:** Maurice Mitts <[MMitts@mittslaw.com](MMitts@mittslaw.com)>

**Sent:** Monday, June 22, 2026 6:54 PM

**To:** Frier, Ilana <[ifrier@wc.com](ifrier@wc.com)>; Gina Stowe <[Gstowe@mittslaw.com](Gstowe@mittslaw.com)>; [pmadden@bergermontague.com](pmadden@bergermontague.com); [nfernandezsilber@edelson.com](nfernandezsilber@edelson.com); [aw@winlawpc.com](aw@winlawpc.com); Brandon Winchel <[bwinchel@kleinandwilson.com](bwinchel@kleinandwilson.com)>; Michael LeBoff <[leboff@kleinandwilson.com](leboff@kleinandwilson.com)>

**Cc:** Brown, Kenneth <[KBrown@wc.com](KBrown@wc.com)>; Ashworth, William <[WAshworth@wc.com](WAshworth@wc.com)>; Poteat III, R. Kennon <[kpoteat@wc.com](kpoteat@wc.com)>; Hoover, Kylie <[KHoover@wc.com](KHoover@wc.com)>; Wyss, Camille <[cwyss@wc.com](cwyss@wc.com)>; Rosenfeld, Jeffrey <[jeffrey.rosenfeld@alston.com](jeffrey.rosenfeld@alston.com)>; Bolender, Brooke <[brooke.bolender@alston.com](brooke.bolender@alston.com)>

**Subject:** RE: T-Mobile US, Inc., et al. v. WCO Spectrum, LLC, et al., Case No. 2:23-cv-4347 (C.D. Cal) -- Joint Discovery Stipulation

Will and Ilana,

We have reviewed your 37-page submission. Before you file anything with the Court, we should meet and confer.

A number of the requests addressed in your submission are not ripe for judicial intervention. To take a few examples:

- RFP Nos. 66, 67, 96, and 97 directed to WCO (and their counterpart requests to Kratz and Bitzarakis, as applicable) were ones about which we agreed to meet and confer.  We never did. These requests contain phrases and defined terms whose scope we do not understand and need to discuss before we can meaningfully respond.

- We are unclear what the dispute is as to RFP 61. Our understanding is that we agreed to produce documents concerning WCO's actual financing efforts, and we are already doing so. If you believe there is a remaining disagreement as to that request, we would like to discuss it and see if it can be resolved.

- On Interrogatory No. 18, we would like to meet and confer regarding the precise information you are looking to obtain. There may well be a path to

6

a stipulated, narrowed response as to certain entities and the individual defendants that addresses your legitimate needs without requiring Court intervention.

- On Issue 2, you state that "defendants should be ordered to provide the requested information about the sources they are searching for their productions." As you know, Defendants submitted proposed search parameters to which you submitted additions on March 3, 2026. We had a meet and confer and agreed on search parameters. Defendants collected and are reviewing documents pursuant to that agreement. If there are additional search parameters you propose, we are happy to take them under consideration. Also, should we reach an agreement as to Interrogatory No. 18 as to certain entities, that may also narrow, if not altogether eliminate, the dispute regarding Issue 2.

We also want to discuss the sealing question set forth in Ilana Frier's email to Gina Stowe from last Wednesday, which needs to be addressed before any motion can be filed.

Given this, we would appreciate your confirmation that our deadline to submit our portions of the joint stipulation will be extended until after we have had a chance to meet and confer. That seems like the sensible approach, since there is a good chance the conversation narrows the issues considerably, and it would benefit everyone, including the Court, to have a cleaner and more focused submission.

We are available to speak this week. Please let us know what works for you.

Thanks,

Maurice
Maurice R. Mitts, Esq.
Mitts Law, LLC
1822 Spruce Street
Philadelphia, PA 19103
T (215) 866-0112
F (215) 866-0113
C (215) 327-7744
mmitts@mittslaw.com

7

This e-mail is from Mitts Law, LLC, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

---

**From:** Frier, Ilana <ifrier@wc.com>
**Sent:** Monday, June 22, 2026 11:33 AM
**To:** Maurice Mitts <MMitts@mittslaw.com>; Gina Stowe <Gstowe@mittslaw.com>; pmadden@bergermontague.com; nfernandezsilber@edelson.com; aw@winlawpc.com; Brandon Winchel <bwinchel@kleinandwilson.com>; Michael LeBoff <leboff@kleinandwilson.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Ashworth, William <WAshworth@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Hoover, Kylie <KHoover@wc.com>; Wyss, Camille <cwyss@wc.com>; Rosenfeld, Jeffrey <jeffrey.rosenfeld@alston.com>; Bolender, Brooke <brooke.bolender@alston.com>
**Subject:** RE: T-Mobile US, Inc., et al. v. WCO Spectrum, LLC, et al., Case No. 2:23-cv-4347 (C.D. Cal) -- Joint Discovery Stipulation

Maurice,

That is fine by us. Defendants can serve their portions of the joint stipulation by tomorrow.

Thanks,
Ilana

**Ilana Frier**
**Associate | Williams & Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5193 | ifrier@wc.com | www.wc.com

---

**From:** Maurice Mitts <MMitts@mittslaw.com>
**Sent:** Monday, June 22, 2026 10:15 AM
**To:** Frier, Ilana <ifrier@wc.com>; Gina Stowe <Gstowe@mittslaw.com>; pmadden@bergermontague.com; nfernandezsilber@edelson.com; aw@winlawpc.com; Brandon Winchel <bwinchel@kleinandwilson.com>; Michael LeBoff <leboff@kleinandwilson.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Ashworth, William <WAshworth@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Hoover, Kylie <KHoover@wc.com>; Wyss, Camille <cwyss@wc.com>; Rosenfeld, Jeffrey <jeffrey.rosenfeld@alston.com>; Bolender, Brooke <brooke.bolender@alston.com>
**Subject:** RE: T-Mobile US, Inc., et al. v. WCO Spectrum, LLC, et al., Case No. 2:23-cv-4347 (C.D. Cal) -- Joint Discovery Stipulation

Ilana,

I was in Europe for the past week and was stranded in Montreal on my return due to extreme weather.  I am back in Philadelphia and working on your stipulation, but request to have until tomorrow to get our comments and revisions to you.  Please let me know if that is acceptable.

Thanks,

Maurice
Maurice R. Mitts, Esq.
Mitts Law, LLC
1822 Spruce Street
Philadelphia, PA 19103
T (215) 866-0112
F (215) 866-0113
C (215) 327-7744
mmitts@mittslaw.com

This e-mail is from Mitts Law, LLC, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.

**From:** Frier, Ilana <ifrier@wc.com>
**Sent:** Monday, June 15, 2026 5:06 PM
**To:** Maurice Mitts <MMitts@mittslaw.com>; Gina Stowe <Gstowe@mittslaw.com>; pmadden@bergermontague.com; nfernandezsilber@edelson.com; aw@winlawpc.com; Brandon Winchel <bwinchel@kleinandwilson.com>; Michael LeBoff <leboff@kleinandwilson.com>
**Cc:** Brown, Kenneth <KBrown@wc.com>; Ashworth, William <WAshworth@wc.com>; Poteat III, R. Kennon <kpoteat@wc.com>; Hoover, Kylie <KHoover@wc.com>; Wyss, Camille <cwyss@wc.com>; Rosenfeld, Jeffrey <jeffrey.rosenfeld@alston.com>; Bolender, Brooke <brooke.bolender@alston.com>
**Subject:** T-Mobile US, Inc., et al. v. WCO Spectrum, LLC, et al., Case No. 2:23-cv-4347 (C.D. Cal) -- Joint Discovery Stipulation

Counsel,

Pursuant to Local Rule 37-2, attached please find Plaintiffs' sections of a Joint Stipulation related to Plaintiffs' Motion to Compel.  Please provide us with Defendants' sections within seven days, as required by the rule, and we will file by the following day.

We have noticed the hearing on the motion before Judge Eick for July 24 at 9:30am; if this presents an issue for Defendants please let us know and we can meet and confer regarding potential alternative hearing dates.

We have also attached a zip file with a Declaration and the attached exhibits. If you have any issues opening or reviewing any of the exhibits please let us know.

Best regards,
Ilana

**Ilana Frier**
**Associate | Williams & Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5193 | ifrier@wc.com | www.wc.com

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.