**ALSTON & BIRD LLP**
Jeffrey A. Rosenfeld (#136896)
jeffrey.rosenfeld@alston.com
Jesse Steinbach (#278923)
jesse.steinbach@alston.com
Brooke Bolender (#340689)
brooke.bolender@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1143

**WILLIAMS & CONNOLLY LLP**
Kenneth J. Brown*
kbrown@wc.com
Jonathan B. Pitt*
jpitt@wc.com
William P. Ashworth*
washworth@wc.com
R. Kennon Poteat III*
kpoteat@wc.com
Kathryn E. Hoover*
khoover@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000

**KLEINBARD LLC**
Steven J. Engelmyer*
sengelmyer@kleinbard.com
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Telephone: (215) 568-2000

*admitted *pro hac vice*

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE US, INC., CLEARWIRE SPECTRUM HOLDINGS LLC, CLEARWIRE SPECTRUM HOLDINGS II LLC, CLEARWIRE SPECTRUM HOLDINGS III LLC, FIXED WIRELESS HOLDINGS LLC, NSAC LLC, TDI ACQUISITION SUB LLC, AND WBSY LICENSING LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>WCO SPECTRUM LLC, SCH LLC, ACADEMIA SPECTRUM LLC, KAREN WINNICK AS TRUSTEE OF GKW TRUST, EXECUTOR OF THE ESTATE OF GARY WINNICK AND GARY WINNICK'S SUCCESSOR-IN-INTEREST, CARL KATERNDAHL, ASHOK VASUDEVAN, ANDREAS BITZARAKIS, AND TYLER KRATZ,<br><br>Defendants. | Case No. 2:23-CV-4347-AH(Ex)<br><br>**JOINT DISCOVERY DISPUTE STIPULATION PURSUANT TO L.R. 37-2 – <span style="color:red">CORRECTED</span> DECLARATION OF MAURICE R. MITTS**<br><br>DISCOVERY CUTOFF: NOT SET<br>PRETRIAL CONFERENCE: NOT SET<br>TRIAL: NOT SET<br><br>HEARING DATE: July 24, 2026<br>TIME: 9:30 am<br>DEPT: 750<br>JUDGE: Hon. Charles F. Eick |

# DECLARATION OF MAURICE R. MITTS

T-Mobile US, Inc. et al. v. WCO Spectrum, LLC et al., Case No. 2:23-cv-4347 (C.D. Cal.)

I, Maurice R. Mitts, declare as follows:

1.      I am an attorney licensed to practice law and the sole member of Mitts Law, LLC, and I am admitted *pro hac vice* as counsel of record for Defendants WCO Spectrum, LLC, Academia Spectrum, LLC, Karen Winnick, Carl Katerndahl, Andreas Bitzarakis, and Tyler Kratz (collectively, "Defendants") in the above-captioned action. I submit this declaration in support of Defendants' portion of the parties' Joint Discovery Dispute Stipulation Pursuant to L.R. 37-2.

2.      I have personally participated in or supervised, the meet-and-confer process and the discovery correspondence between the parties throughout this litigation. The documents attached as exhibits to this declaration are true and correct copies of correspondence and communications exchanged between counsel for the parties.

3.      Based on my participation in and review of the parties' discovery and meet-and-confer communications, none of Requests for Production Nos. 61, 67, 68, 96, and 97 addressed to WCO (or any counterpart RFPs addressed to other defendants) was the subject of a substantive, request-specific meet-and-confer discussion at any point before T-Mobile presented those requests as disputed issues in its proposed joint discovery stipulation. The parties' discussions prior to receiving T-Mobile's joint discovery stipulation concerned discovery administration, sequencing, custodians, search terms, sources of data, and related process issues. They did not include a substantive discussion of the specific requests identified above, the specific information T-Mobile sought through them, the alleged deficiencies in Defendants' responses, or the specific relief T-Mobile intended to seek with respect to them.

4.      T-Mobile propounded specific requests directed at WCO's financing of license purchases, including requests for documents concerning WCO's financing or planned financing of license purchases, the SCH loan, the Leon Capital Group line of credit and revolving equity line of credit and related outreach, communications regarding proof-of-funds letters, WCO's planned model for purchasing licenses, and WCO's financing, line-of-credit agreements, and other funding channels. As to each of these requests, Defendants served objections but agreed to produce

JOINT DISCOVERY DISPUTE STIPULATION-DECLARATION OF MAURICE R. MITTS

responsive, non-privileged documents pursuant to the parties' agreed-upon search parameters. Defendants have been producing those documents on a rolling basis as their review of a voluminous document collection proceeds, and have already produced substantial material reflecting WCO's actual financing efforts, including documents and communications concerning the SCH loan, the Leon Capital Group line of credit and related outreach, and proof-of-funds materials. Defendants fully intend to produce all responsive, non-privileged documents concerning WCO's actual, proposed, and intended financing of license purchases as the rolling production continues.

5. Attached as Exhibit 1 is a true and correct copy of correspondence from T-Mobile's counsel dated January 7, 2026, addressing the timing of discovery considering the Court's January 6, 2026 order partially lifting the stay of discovery.

6. On January 14, 2026, and following a series of back-and-forth email communications, the parties participated in a meet and confer conference wherein Defendants agreed to serve amended and supplemental objections and responses to T-Mobile's First Sets of RFPs and Interrogatories within 30 days. The parties did not discuss any of the issues that were addressed in T-Mobile's joint discovery stipulation.

7. On February 17, 2026, and following a series of back-and-forth email communications, the parties participated in a second meet and confer conference wherein Defendants agreed to send proposed search parameters on or before Friday, February 27.

8. Attached as Exhibit 2 is a true and correct copy of an email from T-Mobile's counsel dated February 18, 2026 memorializing the issues that were discussed on the February 17, 2026 call, which did not include any of the issues that were addressed in T-Mobile's joint discovery stipulation.

9. On March 4, 2026, and following the exchange by both parties of search parameters, including proposed search terms, custodians, and data sources, the parties participated in a third meet and confer conference and came to an agreement as to the search parameters, including the sources of data being searched that T-Mobile is now claiming in its proposed joint discovery stipulation that Defendants have refused to provide.

JOINT DISCOVERY DISPUTE STIPULATION-DECLARATION OF MAURICE R. MITTS

10. Attached as Exhibit 4 is a true and correct copy of an email from Ilana Frier of Williams & Connolly LLP dated March 5, 2026, recapping the parties' March 4, 2026 meet-and-confer and the agreed-upon search parameters. The March 5, 2026 email also confirms that Defendants agreed to add Thomas Griffith (a former Managing Director at WCO) and Conner Vacca as custodians, with the proviso that Mr. Griffith's personal files and email would be searched in connection with T-Mobile's separate third-party subpoena to him, for which my office agreed to accept service but did not agree to a specific compliance deadline. The email does not raise any concern about an impending compliance deadline for the Griffith subpoena or any expectation of production on March 6, 2026.

11. Attached as Exhibit 5 is a true and correct copy of a letter from T-Mobile's counsel dated March 2, 2026, addressing Defendants' general objections, its objections to definitions and applicable time period for discovery addressed to Defendants, and certain specific requests for production. While the letter does reference certain RFPs addressed in T-Mobile's proposed joint discovery stipulation (RFPs 62-66 and Interrogatory No. 18), it does not make any mention of RFP Nos. 61, 67, 68, 96, and 97.

12. Attached as Exhibit 6 is a true and correct copy of Defendants' letter dated April 2, 2026, which, among other things, advised that Defendants were willing to meet and confer regarding RFPs 62-66 and Interrogatory No. 18. Defendants also agreed to extend the relevant time period for discovery to commence on April 1, 2019 as requested by T-Mobile.

13. Attached as Exhibit 7 is a true and correct copy of the letter from T-Mobile's counsel dated April 10, 2026, broadly demanding responses by April 17, 2026 and stating T-Mobile's intent to move to compel. In the letter, T-Mobile states that Defendants must produce "[d]ocuments relating to the ability of any Defendant to fund license purchases" or "enter into a stipulation that "none of them had the ability to purchase licenses without external financing." T-Mobile's letter does not state what specific RFPs even ask for that information or identify the RFPs for which it would assert a motion to compel, does not provide any detail on the specific relief it intended to seek, and does not respond to Defendants' request that the parties meet and confer regarding RFPs 62-66 or as to Interrogatory No. 18.

JOINT DISCOVERY DISPUTE STIPULATION-DECLARATION OF MAURICE R. MITTS

14.    On April 14, 2026, and following a series of communications among counsel, the parties participated in a further meet and confer that related solely to discuss certain third-party subpoenas issued by T-Mobile. There was no discussion during that call regarding any of the RFPs/Interrogatories that are the subject of T-Mobile's proposed Joint Stipulation.

15.    Attached as Exhibit 8 is a true and correct copy of Defendants' letter dated May 13, 2026, responding to T-Mobile's April 10, 2026 letter. In the letter, Defendants stated that they would not agree to T-Mobile's ultimatum that they either (1) produce sweeping discovery into Defendants' personal finances and that of unrelated affiliates or (2) enter into a stipulation that no such parties had the ability to finance transactions. The only specific discovery request for which Defendants stated that they were standing on objections was Interrogatory No. 18, *i.e.*, "Identify and describe all assets of the Winnick Entities" which, by T-Mobile's broad-sweeping definition of the Winnick Entities and Gary Winnick, and WCO, would include well over 20 non-parties. Counsel for Defendants also stated that they were available to meet and confer to discuss remaining specific disputes.

16.    Attached as Exhibit 9 is a true and correct copy of correspondence from T-Mobile's counsel dated May 20, 2026 declaring an "impasse" and stating that T-Mobile intended to file a motion to compel on the broad "subject" of Defendants' ability to purchase "[u]nless Defendants will stipulate that no Defendant other than WCO, and no entity related to or affiliated with any Defendant other than WCO, had the ability to finance any license purchases." Again, T-Mobile did not state what RFPs related to the "subject" of "Defendants' ability to purchase" and did not mention RFPS 61, 67, 68, 96, and 97.

17.    Attached as Exhibit 10 is a true and correct copy of my June 1, 2026 email to counsel for T-Mobile, reiterating that Defendants will not stipulate that "no affiliated entity had the ability to finance licenses" and offering to meet and confer on the issues raised in my email.

18.    Attached as Exhibit 11 is a true and correct copy of a June 9, 2026 from T-Mobile's counsel, which was sent shortly before counsel for the parties were scheduled to participate in a meet and confer on the topic of T-Mobile's discovery deficiencies, counsel for T-Mobile sent another email stating, among other things, "[g]iven Defendants' refusal to stipulate that individuals

5

and entities related to WCO/Defendants would not have provided financing for license purchases" that it was going to "raise this issue before the Court." Nowhere in the email did T-Mobile's counsel address the RFPs that it believed related to "this issue" nor did it state the specific relief that it intended to seek.

19.     By contrast, the June 9, 2026 meet and confer related to T-Mobile's refusal to produce *any* documents, T-Mobile's deficient discovery responses, and its wholesale objections to Defendants' discovery requests. During that call, counsel methodically went through all of T-Mobile's objections and responses to each of Defendants' RFPs – something that the parties have never done with regard to the issues that T-Mobile now claims are properly before the Court.

20.     Attached as Exhibit 12 is a true and correct copy of my correspondence to T-Mobile's counsel dated June 23, 2026, in which I explained that several of the requests T-Mobile proposed to raise before the Court—including Requests for Production Nos. 61, 67, 68, 96, and 97—were not specifically discussed in the parties' meet-and-confer process.

21.     Attached as Exhibit 13 is a true and correct copy of correspondence from T-Mobile's counsel dated June 24, 2026, in which T-Mobile invited Defendants to submit proposals to resolve the issues in its motion while declining to delay its filing, and without offering to meet and confer on issues that had never been discussed or addressing Defendants' position that they could not meaningfully respond to certain requests because T-Mobile had not explained their scope.

22.     Defendants have collected, are reviewing over 400,000 documents from WCO's corporate environment and from individual defendants' personal devices, and production of responsive, non-privileged documents on a rolling basis is ongoing. ~~"To my knowledge, as of the date of this declaration, T-Mobile has not produced a single document in this action."~~

Executed this 24th day of July, 2026, at Philadelphia, Pennsylvania.

_____
Maurice R. Mitts

JOINT DISCOVERY DISPUTE STIPULATION-DECLARATION OF MAURICE R. MITTS