Brandon Baum-Zepeda (SBN 352698)
bbaum-zepeda@edelson.com
**EDELSON PC**
1255 Union St NE, Suite 850
Washington, DC 20002
Tel: (202) 270-4777

Patrick F. Madden (*pro hac vice*)
pmadden@bergermontague.com
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3035

Natasha Fernández-Silber (*pro hac vice*)
nfernandezsilber@edelson.com
**EDELSON PC**
200 South 1st Street
Ann Arbor, MI 48104
Tel: (312) 589-6370

*Attorneys for WCO Spectrum LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE US, INC., *et al.*,<br><br>    *Plaintiffs*,<br><br>    vs.<br><br>WCO SPECTRUM LLC, *et al.*,<br><br>    *Defendants*. | No. 2:23-cv-04347-AH-E<br>Hon. Charles F. Eick<br><br>**DECLARATION OF NATASHA FERNÁNDEZ-SILBER IN SUPPORT OF JOINT DISCOVERY DISPUTE STIPULATION PURSUANT TO L.R. 37-2**<br><br>Complaint Filed: June 2, 2023<br>Amended Counterclaims Filed: January 7, 2026<br>Hearing Date: September 11, 2026<br>Time: 9:30 AM<br>Courtroom: 750 |

- 1 -

DECL. OF NATASHA FERNÁNDEZ-SILBER
IN SUPP. OF JOINT DISC. DISPUTE STIP.

CASE NO. 2:23-CV-04347-AH-E

I, Natasha Fernández-Silber, declare as follows:

1.    I am a partner at Edelson PC, counsel of record for Defendant WCO Spectrum LLC ("WCO") in the above-captioned action. I have personal knowledge of the facts set forth in this declaration and if called as a witness could and would testify competently to the matters set forth herein. I submit this declaration in support of the Joint Discovery Dispute Stipulation pursuant to Local Rule 37-2 concerning T-Mobile's responses and objections to WCO's document requests.

2.    On February 17, 2026, WCO served its first set of requests for production ("RFPs 1-54") on T-Mobile US, Inc. ("T-Mobile"). Among other things, RFPs 1-54 sought documents relevant to T-Mobile's claim that it was injured by WCO's attempts to purchase licenses, as well as WCO's affirmative defense of unclean hands. This discovery included T-Mobile's roughly 1,100 30-year leases with EBS license holders governing its exclusive use the of 2.5 GHz spectrum, which is probative of T-Mobile's claim that it was "forced" to purchase Licenses as a result of WCO's offers in order for T-Mobile to continue to use the spectrum in its 5G network.

3.    On March 19, 2026, T-Mobile served its responses and objections ("R&Os") to the RFPs, many of which consisted of boilerplate objections. T-Mobile also objected to many of the requests on the basis that they seek discovery relevant to WCO's amended counterclaims. A true and correct copy of T-Mobile's R&Os is attached hereto as **Exhibit 1**.

4.    On May 1, 2026, WCO sent T-Mobile a letter identifying numerous deficiencies in T-Mobile's responses and objections to WCO's first set of RFPs. A true and correct copy of that letter is attached hereto as **Exhibit 2**.

5.    On June 9, 2026, counsel for the parties met and conferred telephonically regarding all 54 document requests. I led the meet-and-confer on behalf of WCO. William Ashworth of Williams & Connolly LLP led the meet-and-confer on behalf of T-Mobile. Among other things, the parties discussed: (a) T-

- 1 -

Mobile's objections to producing discovery concerning its valuation of 2.5 GHz licenses (relevant to injury and damages); (b) T-Mobile's objections to producing discovery concerning WCO's unclean hands defense; (c) T-Mobile's limitation of its production of leases and licenses to those specifically referenced in the Complaint; and (d) T-Mobile's limitation of its search and production to the period January 1, 2020 through December 31, 2023.

6.      On June 17, 2026, WCO sent T-Mobile an additional letter setting forth WCO's final position on the parties' remaining disputes concerning: (a) discovery relevant to T-Mobile's alleged injury and damages; (b) discovery relevant to WCO's unclean hands affirmative defense; (c) the licenses and leases within the scope of discovery; and (d) the relevant time period for discovery. and requesting T-Mobile's final position on each issue. A true and correct copy of that letter is attached hereto as **Exhibit 3**.

7.      On July 1, 2026, T-Mobile's counsel, Ilana B. Frier of Williams & Connolly LLP, responded on T-Mobile's behalf, stating that it was standing on its objections and confirming that the parties had reached an impasse on each of the above issues. In particular, T-Mobile confirmed that it did not agree that WCO was entitled to seek any discovery relevant to its unclean hands requests and refused outright to collect and produce all of its leases with EBS license holders. A true and correct copy of T-Mobile's response is attached hereto as **Exhibit 4**.

8.      As set forth above, despite the parties' extensive meet-and-confer efforts and written correspondence, the parties remain at an impasse on Issues in Dispute Nos. 1 through 4 as set forth in the accompanying Joint Stipulation.

DECL. OF NATASHA FERNÁNDEZ-SILBER
IN SUPP. OF JOINT DISC. DISPUTE STIP.

CASE NO. 2:23-CV-04347-AH-E

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 27, 2026, at Ann Arbor, Michigan.

/s/ *Natasha Fernández-Silber*

Natasha Fernández-Silber

DECL. OF NATASHA FERNÁNDEZ-SILBER IN SUPP. OF JOINT DISC. DISPUTE STIP.          CASE NO. 2:23-CV-04347-AH-E