# EXHIBIT 5

WINNICK LAW, PC
Alexander H. Winnick (239430)
aw@winlawpc.com
2450 Colorado Ave., Suite 100E
Santa Monica, CA 90404
(424) 317-7411

MITTS LAW LLC
Maurice R. Mitts (admitted *pro hac vice*)
mmitts@mittslaw.com
1822 Spruce Street
Philadelphia, PA 19103
Tel: (215) 866-0112
Fax: (215) 866-0113

*Attorneys for Defendants WCO Spectrum LLC, Academia Spectrum LLC, Karen Winnick as Trustee of GKW Trust, Executor of the Estate of Gary Winnick and Gary Winnick's Successor in Interest, Carl Katerndahl, Andreas Bitzarakis and Tyler Kratz*

*[Additional Counsel on Signature Page]*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE US, INC., *et al.*, <br> Plaintiffs, <br><br> vs. <br><br> WCO SPECTRUM LLC, *et al.*, <br> Defendants. | No. 2:23-cv-04347-AH(Ex) <br><br> Hon. Anne Hwang <br><br> **DEFENDANTS' NOTICE OF SUBPOENA TO ASSOCIATION FOR CONTINUING EDUCATION** |

Pursuant to Federal Rule of Civil Procedure 45, Defendants WCO Spectrum LLC, Academia Spectrum LLC, Karen Winnick as Trustee of GKW Trust, Executor

of the Estate of Gary Winnick and Gary Winnick's Successor in Interest, Carl Katerndahl, Andreas Bitzarakis and Tyler Kratz (collectively "WCO"), by their undersigned counsel, will cause the attached subpoena to be served on Association for Continuing Education. Production shall be made at the date, time, and location specified in the subpoena, or at such other location mutually acceptable to and agreed upon by Association for Continuing Education and WCO's counsel.

DATED: July 10, 2026                    Respectfully Submitted,

/s/ Maurice R. Mitts
**MITTS LAW, LLC**
Maurice R. Mitts (*pro hac vice*)
1822 Spruce Street
Philadelphia, PA 19103
(215) 866-0112
mmitts@mittslaw.com

**WINNICK LAW, PC**
Alexander H. Winnick (239430)
aw@winlawpc.com
2450 Colorado Ave., Suite 100E
Santa Monica, CA 90404
(424) 317-7411

*Counsel for WCO Defendants*

**BERGER MONTAGUE PC**
Patrick F. Madden (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215-875-3035
Email: pmadden@bergermontague.com

**EDELSON PC**
Natasha Fernandez-Silber (*pro hac vice*)
200 South 1st Street
Ann Arbor, MI 48104

DEFENDANTS' NOTICE OF SUBPOENA
No. 2:23-CV-4347-AH(Ex)

Tel: 312-589-6370
Email: nfernandezsilber@edelson.com

Brandon Baum-Zepeda* (SBN 352698)
1255 Union St NE, Suite 850
Washington, DC 20002
Tel: 202-270-4777
Email: bbaum-zepeda@@edelson.com
*Barred only in California. Practice
limited to matters authorized by D.C.
Rule 49(c)(3).

Counsel for WCO Spectrum LLC

3
DEFENDANTS' NOTICE OF SUBPOENA
No. 2:23-CV-4347-AH(Ex)

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California    ▼

| | |
|---|---|
| T-Mobile US Inc., et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 23-cv-4347-AH(Ex) |
| WCO Spectrum LLC, et al. | ) |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Association for Continuing Education, 164 Main Street, Suite 110,  Los Altos, CA 94022

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Appendix A.

| Place: Edelson PC<br>150 California Street, 18th Floor<br>San Francisco, CA 94111 | Date and Time:<br><br>July 30, 2026, 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  July 10, 2026

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

The above-captioned Defendants _____ , who issues or requests this subpoena, are:
Maurice Mitts, Esq., Mitts Law, LLC, 1822 Spruce Street, Philadelphia, PA 19103. mmitts@mittslaw.com
215-866-0112

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-4347-AH(Ex)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research,
development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These
procedures apply to producing documents or electronically stored
information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

## DEFINITIONS

1. "**Agreement**" means any acceptance of an offer between two or more Persons, regardless of whether the expression of the Agreement is verbal or written. Agreement as used herein includes without limitation all mutually binding contracts.

2. "**All**" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

3. "**And**" and "or" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

4. "**Any**" shall be construed to mean "any and all."

5. "**Communication**" means without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media (including without limitation direct messaging, instant messaging, chatting or emailing within a social media platform), facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

6. "**Date**" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

7. "**Document**" shall have the broadest meaning accorded to it by Fed. R. Civ. P. 34, including: ESI, all "writings," "recordings" or "photographs" as those terms are defined in

1

Federal Rule of Evidence 1001, Agreements, Communications, e-mails (and all attachments), letters, correspondence, text messages, instant messages, voice messages, memoranda, facsimiles, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, price lists, business or strategic plans, presentations, market studies, forecasts, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, spreadsheets, sales or purchase documentation, advertising and promotional literature, stored recordings, agendas, attendee lists, minutes or other records of meetings (formal or informal), all written or graphic records or representations of any kind, and all physical, mechanical or ESI, and all drafts or partial copies, versions, alterations, modifications, changes and amendments of any of the foregoing.

8. **"Electronically Stored Information,"** abbreviated as **"ESI"** has the same meaning and scope as it has in the Federal Rules of Civil Procedure and includes, without limitation, the following:

a) structured and unstructured data, as those terms are defined in The Sedona Conference Glossary: E-Discovery & Digital Information Management, Fourth Edition, April 2014, available at www.thesedonaconference.org /publications;

b) activity listings of electronic mail receipts and/or transmittals;

c) output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, text messages (SMS, MMS or TMS), iMessages, Blackberry Messenger (BBM), Slack conversations (Slacks), AOL

2

Instant Messenger™ (or similar program), social media (including without limitation Twitter, LinkedIn, YouTube, Facebook, Instagram, and any other internet based messaging system) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

d) any and all items stored on computer memories, hard disks, floppy disks, CD discs, DVD discs, flash drives, thumb drives, memory cards, magnetic tape, microfiche, off-site interconnected servers ("cloud computing"), or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a mobile phone, a personal digital assistant (e.g., Blackberry, Smart Phone or similar device) and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all documents requested herein;

e) any and all items stored on voice-mail systems, websites, company intranet sites, chat rooms and social networking websites (e.g., Facebook, LinkedIn, Twitter, Snap Chat, WhatsApp, WeChat, Truth Social, and any other social website listed at http://en.wikipedia.org/wiki/List of social networking websites); and

f) any and all data, data compilations, and data analyses.

9. **"Include," "Includes,"** and **"Including"** shall be construed to mean "without limitation" and should not be construed as limiting the request in any way.

10. **"Lease Agreement"** means any agreement through which a Licensee leases its right to use any portion of the spectrum capacity granted by the FCC to the Licensee pursuant to a

3

License.

11. "**License**" means any license issued by the Federal Communications Commission authorizing use of spectrum in the 2.5 GH spectrum band, including any EBS license.

12. "**Licensee**" means any entity that holds a License.

13. "**Offer**" means any binding or non-binding bid, proposal, or term sheet proposing a transaction.

14. "**Person**" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, group, or other form of legal entity.

15. "**Relating to**," "**referring to**," "**regarding**," "**concerning**" or "**with respect to**" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

16. "**ROFR**" means Right of First Refusal.

17. "**T-Mobile**" mean T-Mobile US, Inc., Clearwire Spectrum Holdings LLC, Clearwire Spectrum Holdings II LLC, Clearwire Spectrum Holdings III LLC, Fixed Wireless Holdings LLC, NSAC LLC, TDI Acquisition Sub LLC, and WBSY Licensing LLC, together with their respective predecessors and successors, parents, subsidiaries, and affiliates, and the current or former officers, directors, employees, agents, attorneys, advisors, and representatives of the foregoing, when and to the extent acting on behalf of such entities.

18. "**WCO**" means WCO Spectrum LLC, together with its predecessors and successors, parents, subsidiaries, and affiliates, and the current or former officers, directors, employees,

4

agents, attorneys, advisors, and representatives of the foregoing, when and **to** the extent acting on behalf of WCO Spectrum LLC.

19. "**You**," or "**Your**," refer to the responding party, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding party manages or controls, together with all present and former directors, officers, employees, agents, representatives including, without limitation, Your attorneys, or any persons acting or purporting to act on behalf of the responding party, when and to the extent acting on behalf of such responding party.

20. "**Your License**" means any License You hold or have held or that has been granted or assigned to You.

## INSTRUCTIONS

1.    These Requests are deemed to be continuing in nature in accordance with Federal Rule of Civil Procedure 26(e). You shall supplement Your responses within a reasonable time if You obtain or become aware of any further Documents responsive to these requests.

2.    You shall produce all Documents as they are kept in the usual course of business, including producing any tabs, labels, directories, or files associated with a Document.

3.    The relevant time period for these requests is January 1, 2020 through the present, unless otherwise noted in the request.

4.    You must produce the entire Document, including all attachments, enclosures, cover letters, memoranda, and appendices. Documents not otherwise responsive to the Requests are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents. In the case of email

5

attachments, if either the email or attachment is responsive, produce the email and all corresponding attachments. Documents attached to each other shall not be separated.

5.      To the extent this subpoena calls for ESI, it shall be deemed to request responsive ESI in reasonably usable form, including associated metadata, linked or embedded attachments, and any information or applications reasonably necessary to access, search, review, or retrieve such ESI. Attachments and enclosures should be produced together with their parent documents and should not be separated. Documents collected or produced from hard-copy sources should include information sufficient to identify the originating source and custodian.

6.      Responsive ESI shall be produced in accordance with the specifications and protocols set forth in the Court's Discovery Order, including ECF Nos. 206 and 206-1, attached hereto as **Exhibit A.**

7.      Any responsive Document withheld, in whole or in part, on the basis of attorney-client privilege, work-product protection, or any other applicable privilege or immunity shall be identified on a privilege log prepared in accordance with the requirements set forth in the Court's Protective Order (ECF Nos. 205 and 205-1, attached hereto as Exhibit B).

8.      To the extent any produced material is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," such designation shall be made consistent with the procedures and provisions of the Protective Order attached as **Exhibit B.**

9.      Pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), if You object to any individual request, You must state whether any responsive materials are being withheld on the basis of that objection, and You must specify the part of the request to which you are objecting and produce all materials that are responsive to the remainder of the request.

10.     In the event that You object to any request on the grounds that it is overbroad,

6

disproportionate to the needs of the case, or unduly burdensome for any reason, You must respond to that request as narrowed to the extent necessary, in Your judgment, to render it not overly broad, disproportionate to the needs of the case, or unduly burdensome; state specifically the extent to which You have narrowed the request for purposes of your response; and state the factual basis for Your conclusion that the request as stated was overbroad, disproportionate to the needs of the case, or unduly burdensome.

11.    In the event that any Document responsive to any request once was, but is no longer, in Your possession, custody, or control, or has been lost, destroyed, discarded, or otherwise disposed of, You are requested to identify such Document as completely as possible in response to the request to which it would have been responsive, including the following information: (a) the name and nature of the Document, (b) the Person who prepared the Document, (c) the Persons to whom the Document was sent, (d) the date on which the Document was prepared and/or sent, and (e) what occurred to make the Document no longer in Your possession, custody, or control.

12.    Each request shall be construed independently and no request shall be viewed as limiting the scope of any other request.

## REQUESTS FOR PRODUCTION

**REQUEST NO 1.**    All Lease Agreements between You and T-Mobile, or any other party, including any renewals, extensions, addenda, exhibits, schedules, or attachments thereto irrespective of the date such lease was created, effective, or operative.

**REQUEST NO 2.**    All Documents and Communications with any persons concerning the licensing, leasing, sale, assignment, or transfer of Your License(s), including any bid, Offer, term sheet, letter of intent, and draft or executed Lease Agreements relating thereto.

**REQUEST NO 3.**        All Documents and Communications concerning any proposal or decision whether to license, lease, sell, assign, or transfer of Your License(s).

**REQUEST NO 4.**        All Documents and Communications relating to Your Lease Agreement with T-Mobile and the negotiation thereof, irrespective of the dates of such Documents and Communications, including all draft agreements and term sheets, correspondence, and internal notes and analyses.

**REQUEST NO 5.**        All Documents and Communications (other than with Your attorneys) concerning the scope, effect, meaning, or enforcement of any provisions contained within any Lease Agreement, including, without limitation, provisions concerning restrictions on Your ability to sell Your License(s), any Right of First Refusal, confidentiality, exclusivity, or covenants not to compete. Responsive Documents and Communications include, without limitation, Communications with T-Mobile concerning actual or potential litigation between T-Mobile and You or any other Licensee relating to Lease Agreements and/or Licenses.

**REQUEST NO 6.**        All Documents and Communications with T-Mobile concerning any bid, Offer, term sheet, letter of intent, or draft or executed agreement to license, lease, sell, assign, or transfer Your License(s) to any third party, including, without limitation, any notices or information provided to T-Mobile pursuant to any Lease Agreement and related communications, and any .

**REQUEST NO 7.**        All Documents and Communications between You and WCO Spectrum LLC, or concerning WCO Spectrum LLC.

**REQUEST NO 8.**        Documents sufficient to show all amounts You have received (including all payments, fees, royalties, or other consideration) in connection with (a) any Lease Agreement or (b) any sale or assignment of Your License(s), or (c) any lease or sublease of Your

8

License(s).

**REQUEST NO 9.**        All Documents and Communications concerning (a) the permissible uses of Your License(s), including any restrictions on use, sale, assignment, or transfer thereof; and (b) the impact of any Federal Communications Commission rule change—including the FCC's 2005 rule change permitting leasing and the FCC's 2020 rule change permitting commercial sale— on Your rights, obligations, or options with respect to any such License from January 1, 2004 through the present.

**REQUEST NO 10.**        All Documents and Communications concerning any public records requests You have received concerning Your License(s), including any Communications with T-Mobile concerning any such requests.

*          *          *

**PROOF OF SERVICE**

I, Maurice R. Mitts, declare:

I am admitted *Pro Hac Vice* as counsel for Defendants WCO Spectrum, LLC, Academia Spectrum LLC, Karen Winnick as Trustee of GKW Trust, Executor of the Estate of Gary Winnick and Gary Winnick's Successor-In-Interest, Carl Katerndahl, Andreas Bitzarakis and Tyler Kratz. I am over the age of 18 and not a party to the within action. My business address is Mitts Law, LLC, 1822 Spruce Street, Philadelphia, PA 19103.

On July 10, 2026, I served the document(s) described as **DEFENDANTS' NOTICE OF SUBPOENA TO CHRISTIAN COLLEGE OF GEORGIA** on the interested parties in this action as follows: SEE ATTACHED SERVICE LIST

☒   BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT: On this date transmitted the above-mentioned document(s) by electronic mail transmission with attachment to the parties at the electronic mail address set forth on the attached Service List.

☒   I declare that I am admitted *Pro Hac Vice* in this action and that local counsel of record is Alexander H. Winnick (239430), Winnick Law, PC, 2450 Colorado Ave., Suite 10E, Santa Monica, CA 90404.

Executed on July 10, 2026, at Philadelphia, PA.

_____ */s/ Maurice R. Mitts*
Maurice R. Mitts

1
PLAINTIFFS' NOTICE OF SUBPOENA TO AGIO LLC

***T-Mobile US, Inc., v. WCO Spectrum LLC***
**U.S. District Court-Central District of California**
**Case No. 2:23-cv-04347-AH(Ex)**

## SERVICE LIST

**ALSTON & BIRD LLP**
Jeffrey A. Rosenfeld (#136896)
jeffrey.rosenfeld@alston.com
Jesse Steinbach (#278923)
jesse.steinbach@alston.com
Brooke Bolender (#340689)
brooke.bolender@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1143

**WILLIAMS & CONNOLLY LLP**
Kenneth J. Brown*
kbrown@wc.com
Jonathan B. Pitt*
jpitt@wc.com
William P. Ashworth*
washworth@wc.com
R. Kennon Poteat III*
kpoteat@wc.com
Kathryn E. Hoover*
khoover@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000

*Attorneys for Plaintiffs*

*Admitted *Pro Hac Vice*

**KLEINBARD LLC**
Steven J. Engelmyer*
sengelmyer@kleinbard.com
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Telephone: (215) 568-2000

1
SERVICE LIST

# EXHIBIT A

Case 2:23-cv-04347-AH-E    Document 253-6    Filed 08/11/26    Page 20 of 65    Page ID
Case 2:23-cv-04347-AH-E    Document 206    Filed 12/19/25    Page 1 of 2    Page ID
#:3168
#:7137

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

T-MOBILE US, INC., CLEARWIRE SPECTRUM HOLDINGS LLC, CLEARWIRE SPECTRUM HOLDINGS II LLC, CLEARWIRE SPECTRUM HOLDINGS III LLC, FIXED WIRELESS HOLDINGS LLC, NSAC LLC, TDI ACQUISITION SUB LLC, AND WBSY LICENSING LLC,

Plaintiffs,

vs.

WCO SPECTRUM LLC, SCH LLC, ACADEMIA SPECTRUM LLC, KAREN WINNICK AS TRUSTEE OF GKW TRUST, EXECUTOR OF THE ESTATE OF GARY WINNICK AND GARY WINNICK'S SUCCESSOR-IN-INTEREST, CARL KATERNDAHL, ASHOK VASUDEVAN, ANDREAS BITZARAKIS, AND TYLER KRATZ,

Defendants.

Case No. 2:23-CV-4347-AH-E

Hon. Charles F. Eick

**ORDER GRANTING JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER**

Complaint Filed: June 2, 2023

ORDER

Case 2:23-cv-04347-AH-E   Document 253-6   Filed 08/11/26   Page 21 of 65   Page ID
#:7158
Case 2:23-cv-04347-AH-E   Document 206   Filed 12/19/25   Page 2 of 2   Page ID
#:3169

Pursuant to the Parties' Joint Stipulation for Entry of Agreed Discovery Order, filed December 19, 2025 ("Joint Stipulation") and for good cause shown, it is ORDERED that the Joint Stipulation be entered.

**IT IS SO ORDERED.**

Dated:      December 19, 2025

Hon. Charles F. Eick
United States Magistrate Judge

Case 2:23-cv-04347-AH-E   Document 253-6   Filed 08/11/26   Page 22 of 65   Page ID
Case 2:23-cv-04347-AH-E   Document 206-1   Filed 12/19/25   Page 1 of 19   Page ID
#:7139
#:3170

**ALSTON & BIRD LLP**
Jeffrey A. Rosenfeld (#136896)
jeffrey.rosenfeld@alston.com
Jesse Steinbach (#278923)
jesse.steinbach@alston.com
Brooke Bolender (#340689)
brooke.bolender@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1143

**WILLIAMS & CONNOLLY LLP**
Kenneth J. Brown*
kbrown@wc.com
Jonathan B. Pitt*
jpitt@wc.com
William P. Ashworth*
washworth@wc.com
R. Kennon Poteat III*
kpoteat@wc.com
Kathryn E. Hoover*
khoover@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000

*Attorneys for Plaintiffs*

**KLEINBARD LLC**
Steven J. Engelmyer*
sengelmyer@kleinbard.com
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Telephone: (215) 568-2000

*admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE US, INC., CLEARWIRE SPECTRUM HOLDINGS LLC, CLEARWIRE SPECTRUM HOLDINGS II LLC, CLEARWIRE SPECTRUM HOLDINGS III LLC, FIXED WIRELESS HOLDINGS LLC, NSAC LLC, TDI ACQUISITION SUB LLC, AND WBSY LICENSING LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> WCO SPECTRUM LLC, SCH LLC, ACADEMIA SPECTRUM LLC, KAREN WINNICK AS TRUSTEE OF GKW TRUST, EXECUTOR OF THE ESTATE OF GARY WINNICK AND GARY WINNICK'S SUCCESSOR-IN-INTEREST, CARL KATERNDAHL, ASHOK VASUDEVAN, ANDREAS BITZARAKIS, AND TYLER KRATZ, <br><br> Defendants. | Case No. 2:23-CV-4347-AH-E <br><br> Hon. Anne Hwang, Ctrm 9C <br><br> **[PROPOSED] JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER** <br><br> Complaint Filed: June 2, 2023 |

JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER

The parties (each, "Party," and collectively, "Parties"), having agreed to the following protocol for the production of documents and data, including electronically stored information ("ESI"), and the Court having found that good cause exists for issuance of an appropriately-tailored Discovery Order ("Order"), it is therefore hereby ORDERED:

This Order shall be the governing document by which the Parties and the Court manage the production of documents and data in the above-captioned action. This Order shall govern all Parties to these proceedings, whether they are currently involved or become involved in the future. This Order shall also govern productions made by any third party who is subpoenaed in this action unless otherwise agreed to between all Parties and the third party. To the extent additional obligations or rights not addressed in this Order arise under the Federal Rules of Civil Procedure, local rules, or applicable state and federal statutes, they shall be controlling.

The Parties and the Court recognize that this Order is based on facts and circumstances as they are currently known to each Party, that the discovery process is iterative, and that additions and modifications to this Order may become necessary as more information becomes known to the Parties. Nothing in this Order will be interpreted to require disclosure of documents or information protected from disclosure by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. All Parties preserve such privileges and there is no intent through either this Order or the production of documents or information hereunder to waive or weaken such privileges.

The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Standing Order on Discovery Disputes, the Federal Rules of Civil Procedure, and the Local Rules of this Court. The Parties acknowledge that they have reviewed and shall reference the Court's Checklist for Conference of Counsel Regarding ESI

2

during any Rule 26 conference and when seeking to resolve discovery disputes about ESI during meet-and-confer conferences. Furthermore, the parties will use reasonable, good faith, and proportional efforts to preserve, identify, and produce relevant information. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery, and other parameters to limit and guide preservation and discovery issues.

## I. **Production Protocol**

1. **Parent-Child Relationships.** Parent-child relationships (*i.e.*, the association between an attachment and its parent document) must be preserved. For example, electronic documents attached to an email are to be produced with contemporaneous and sequential Bates numbers, immediately following those of the parent document. Similarly, if a Party produces a document with attachments, appendices or indices that are part of that same document family, those documents should be produced with contemporaneous and sequential Bates numbers in the order in which they were attached.

2. **Partially Withheld Families**. The Parties agree that if any part of an Email family is responsive, the entire Email family will be produced, except for any attachments that are withheld or redacted on the basis of privilege. Where an attachment or attachments must be withheld in their entirety for privilege, and another document or documents in the family must be produced, the privileged attachment(s) will either be redacted in full or produced as a slip sheet bearing only a Bates number, and the non-privileged portions of the family will be produced in their entirety.

3. **Hard-copy Documents**. The Parties shall produce responsive hard-copy documents. The Parties shall physically unitize the documents where possible and shall provide optical character recognition ("OCR") where practicable. If any original hard-copy document has notes affixed thereto or attachments, the Parties

JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER

will scan and produce copies of the notes or attachments, unless privileged or otherwise protected, in the same manner as other documents. Each document's electronic image will convey the same information and image as the original document. Hard-copy documents should contain the following coding fields to the extent reasonably available:

      a.    Custodian (name of custodian where document originated)

      b.    Bates Begin (beginning production number)

      c.    Bates End (ending production number)

      d.    Confidentiality properties (populated with the confidentiality status)

      e.    Redaction (whether the document contains redactions; yes/no)

      f.    Redaction_Reason (privilege or social security numbers only)

      g.    Relative Path (relative path to the OCR/Txt Files)

      h.    Production Volume

4.    **Non-email ESI.** Unless agreed upon by the Parties or a third party, or upon order by a court, non-email ESI originally maintained as ESI shall be produced in black and white, single-page, 300 DPI, Group IV TIFF format. Upon written request that identifies a reasonable number of individual documents at issue by Bates number, a Party shall produce color images for those documents. Documents produced in color shall be produced as single page, 300 DPI, color JPG images with a quality setting of 75% or higher, with load files. Images for documents created with office or personal productivity software (*e.g.*, word processing documents, spreadsheets, and presentations) will include tracked changes, comments, hidden rows, columns or worksheets, speaker notes, and any other similar content that can be made visible with the application. Non-email ESI shall be produced with the following metadata fields in Concordance compatible load files, including Opticon/ Image load files, except that Excel spreadsheets (.xls, .xlsx), comma delimited text files (.csv), media files (e.g., video and audio files) and presentation files, such as

4

Case 2:23-cv-04347-AH-E   Document 206-1   Filed 12/19/25   Page 5 of 19   Page ID
#:7143

PowerPoint files (.ppt, .pptx), shall be produced in native format. A placeholder TIFF shall be provided for all files produced in native format. The placeholder should be bates stamped with the production number of the native file. The load files must contain the following fields (to the extent the data is able to be automatically extracted from the file and/or is available without manual input):

a. Custodian (name of custodian where document originated)

b. Custodians All (all custodians who were in possession of a de-duplicated document. This field should be populated as last name, first name and separated by semicolons for each custodian)

c. Author (author of file from properties)

d. Doc Title (title of file from properties)

e. Doc Subject (subject of file from properties)

f. Created Date (date the file was created)

g. Created Time (time the file was created)

h. Last Modified Date (date the file was last modified)

i. Last Modified Time (time the file was last modified)

j. Last Saved By (name of user who last saved the file)

k. File Name (original name of the file)

l. File Path (original location where the files existed at the time of collection)

m. File Path All (the file paths from the locations from which the items were stored by each custodian in the usual course of business separated by semicolons)

n. File Ext (extension for the file)

o. MD5 Hash (or equivalent)

p. Bates Begin (beginning production number)

q. Bates End (ending production number)

JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER

r.   A field populated with the Bates number of the first page of the family group of documents (BEG BATES ATT)

s.   A field populated with the Bates number of the last page of the family group of documents (END BATES ATT)

t.   Attachment Name (original file name of all attachments to a parent document)

u.   Page count

v.   Record Type (email, email-attachment, edoc)

w.   Time zone (Coordinated Universal Time)

x.   Native link (path to the native file as included in the production e.g., d:\PROD001\natives\ABC00015.xis) for all files produced in native format

y.   Confidentiality (populated with the confidentiality status)

z.   Redacted [Yes/No] (populated with the redaction status as a metadata field).   For documents that are produced with redactions, each redaction will contain a black or white box with the word "Redacted" such that OCR text of the document will enable searching for "redacted" and locating the precise places where the redaction was done.  All files that are redacted will be provided in TIFF format only and the only text provided is that which is OCRed.

aa.   Redaction_Reason (privilege or social security numbers only)

5.   **Emails.**  Unless agreed upon by the Parties or a third party, or upon order by a court, emails shall be produced in black and white, single-page, 300 DPI, Group IV TIFF format.  Upon written request that identifies a reasonable number of individual documents at issue by Bates number, a Party shall produce color images for those documents.  Documents produced in color shall be produced as single page, 300 DPI, color JPG images with a quality setting of 75% or higher,

6

Case 2:23-cv-04347-AH-E   Document 253-6   Filed 08/11/26   Page 28 of 65   Page ID
Case 2:23-cv-04347-AH-E   Document 206-1   Filed 12/19/25   Page 7 of 19   Page ID
#:7145
#:3176

with load files. Emails shall be produced with the following metadata fields in Concordance load files, including Opticon/ Image load files as described, except that Excel spreadsheet attachments (.xls, .xlsx), comma delimited text file attachments (.csv), media file attachments (e.g., video and audio files), and presentation file attachments, such as PowerPoint files (.ppt, .pptx), shall be produced in native format. A placeholder TIFF shall be provided for all files produced in native format. The placeholder should be bates stamped with the production number of the native file. The load files should contain the following fields (to the extent the data is able to be automatically extracted from the file and/or is available without manual input):

a. Custodian (name of custodian where the document originated)

b. Custodians All (all custodians who were in possession of a de-duplicated document. This field should be populated as last name, first name and separated by semicolons for each custodian)

c. Author (From field)

d. CC

e. BCC

f. Recipient (To field)

g. Subject (subject line of the email)

h. MD5 Hash (or equivalent)

i. Date Sent (date the email was sent)

j. Time Sent (time the email was sent)

k. Date Received (date the email was received)

l. Time Received (time the email was received)

m. File Ext (extension for the file)

n. File Path (folder where the email was located at the time of collection)

7

Case 2:23-cv-04347-AH-E Document 253-6 Filed 08/11/26 Page 29 of 65 Page ID
Case 2:23-cv-04347-AH-E Document 206-16 Filed 12/19/25 Page 8 of 19 Page ID
#:3177

o.   File Path All (the file paths from the locations from which the items were stored by each custodian in the usual course of business separated by semicolons)

p.   Bates Begin (beginning production number)

q.   Bates End (ending production number)

r.   Attachment Name (original file name of all attachments to a parent document)

s.   A field populated with the Bates number of the first page of the family group of documents (BEG BATES ATT)

t.   A field populated with the Bates number of the last page of the family group of documents (END BATES ATT)

u.   Page count

v.   Record Type (email, email-attachment, edoc)

w.   Time zone (Coordinated Universal Time)

x.   Confidentiality (populated with the confidentiality status)

y.   Redacted [Yes/No] (populated with the redaction status as a metadata field).   For documents that are produced with redactions, each redaction will contain a box with the word "Redacted" such that OCR text of the document will enable searching for "redacted" and locating the precise places where the redaction was done.

z.   Redaction_Reason (privilege or social security numbers only)

aa.   Native link (path to the native file as included in the production e.g., d:\PROD001\natives\ABC00015.xls) for all files produced in native format.

6.   **Email Threading.** Email thread analysis may be utilized to reduce the volume of emails reviewed; however, all responsive lesser included threads must be produced as separate documents.

JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER

Case 2:23-cv-04347-AH-E    Document 253-6    Filed 08/11/26    Page 30 of 65   Page ID
Case 2:23-cv-04347-AH-E    Document 206-1    Filed 12/19/25    Page 9 of 19   Page ID
#:7147
#:3178

7. **Bates Numbering.** Each page of a produced document shall have a legible, unique page identifier ("Bates Number") that is sequential within a given document and across the Party's production sets. Each Bates Number must be marked in the lower right corner at a location that does not obliterate, conceal, or interfere with any information from the source document. Confidentiality designations, if needed, must be marked in the lower left corner at a location that does not obliterate or obscure any information from the source document. Each image file shall be named with the Beginning Bates Number of the document, followed by the extension ".TIF." Any native documents shall be named with the Beginning Bates number of the document.

8. **Zipped or Compressed Files.** All compressed or zipped ESI (e.g., .CAB, .GZ, .TAR. .ZIP) shall be unzipped or decompressed during processing in a reiterative manner to ensure that a compressed file within a compressed file is decompressed into the lowest possible compression resulting in individual files. To the extent an electronic file contains embedded files, such files shall be produced as attachments in sequential order as part of a family.

9. **Encrypted Files.** For any discoverable ESI that exists in encrypted format (e.g., password-protected), the producing party will take reasonable steps to decrypt any such files prior to production. Discoverable files that cannot be decrypted through reasonable efforts should be produced in their original format or promptly identified to the opposing party, and the Parties agree to meet and confer regarding how such information should be handled.

10. **Non-Convertible Files.** Files to be processed may be identified through the use of an inclusionary list of file types that typically contain meaningful user-created data. The following categories of electronic files may be specifically excluded from collection, review and production:

    a.    System or executable files (.exe, .dll, etc.);

JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER

Case 2:23-cv-04347-AH-E   Document 206-1   Filed 12/19/25   Page 10 of 19   Page ID #:3179

     b.     ESI or data with a hash value that matches a value on the list(s) of known operating system and application files provided by the National Software Reference Library ("NSRL"), based out of the National Institute of Standards in Technology ("NIST");

     c.     ESI or data with file extensions that typically contain no meaningful user-created data and/or cannot be reviewed in any meaningful format, including: ani; bat; c; cab; cfg; class; dll; ex_; exe; fon; hlp; ico; icon; inf; ini; isu; java; jpa; kqp; mpe; msi; ocx; out; pcd; pcx; reg; sfw; sys; tag; ttf; and xp.

11.    **OCR/Extracted Text.**  The Parties will produce corresponding document level text files—extracted text if available in the native file, or OCR for documents with no extractable text and for redacted documents—for all produced documents. The OCR/extracted text files will be provided in a manner suitable for importation into commercially available document management or litigation support software (*i.e.*, Relativity). OCR/extracted text files will be provided in Text file format with individual files corresponding to each document. The file name of each extracted or OCR text file will be the Bates number of the image of the first page of the corresponding document, followed by the extension ".txt."

12.    **De-Duplication:** The Parties shall make reasonable efforts to de-duplicate ESI. All ESI will be de-duplicated using MD5 Hash, SHA-or Relativity Hash Values at the family level. The Parties shall only produce one document image for duplicate ESI documents within a duplicate group, with an "All Custodians" Metadata field identifying all the custodians who possessed copies of the document. For the avoidance of doubt, this paragraph is intended only to minimize the review burden on all Parties by allowing for the removal of exact duplicates within a Party's collections; nothing in this paragraph will be interpreted to authorize the removal of non-duplicative documents from the universe of documents that should be reviewed pursuant to the Parties' respective search

JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER

Case 2:23-cv-04347-AH-E Document 253-6 Filed 08/11/26 Page 32 of 65 Page ID
Case 2:23-cv-04347-AH-E Document 206-1 Filed 12/19/25 Page 11 of 19 Page ID
#:7149
#:3180

protocols.

13. **Production of Text Messages, Internal Communications, and Social App Communications.** Absent a showing of undue burden or other good cause, text messages (SMS messages), collaboration system messages (e.g., Slack), and social media messages (e.g., WhatsApp) will be searched and produced in 24-hour conversation summaries for custodians whom a Party reasonably believes possess potentially relevant communications that solely exist in these data sources, subject to the Parties' agreed-upon search criteria, and subject to any applicable privacy or any other applicable laws. The load files should contain the following fields (to the extent the data are able to be automatically extracted from the file and/or are available without manual input):

    a.    Text path

    b.    Chat account (account identifier or source of data, i.e., phone number or username)

    c.    Chat application (Application source of text messages, i.e., native messages, WhatsApp, etc.)

    d.    Chat participants (All individuals (name and/or number/username) in text/chat conversation (even if not an active participant in the current 24-hr excerpt)

    e.    Chat start time (Timestamp of first message in 24-hr conversation in HH:MM:SS AM/PM format)

    f.    Chat end time (Timestamp of last message in 24-hr conversation in HH:MM:SS AM/PM format)

    g.    Confidential properties (populated with the confidentiality status)

    h.    Redaction properties (populated with the redaction status). For documents that are produced with redactions, each redaction will contain a box with the word "Redacted" such that OCR text

11

JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER

Case 2:23-cv-04347-AH-E   Document 206-1   Filed 12/19/25   Page 12 of 19   Page ID
#:7150
#:3181

of the document will enable searching for "redacted" and locating the precise places where the redaction was done.

14. **Document Production.** Documents shall be produced or provided via a secure encrypted electronic file transfer or file sharing system (e.g., FTP site). To the extent it is not practicable to produce or provide documents via secure electronic file transfer system, documents will be produced or provided in encrypted format on a portable hard drive. When reasonably feasible, each production shall be accompanied by a cover letter containing, or, if produced in a physical format, labeled with, (1) the producing Party's name; (2) the production date; (3) the Bates range of the materials contained on the Production Media; and (4) the Confidentiality status of the documents in the production. Any password necessary to access the production should be transmitted separately to all receiving parties as part of a cover letter or other transmittal notification. The password should not be included with or as part of the encrypted container or appear on labels attached to the media containing the production.

15. **Color.** Where color is material to the interpretation of ESI and upon reasonable request, a receiving Party may request that the ESI be produced in color.

16. **Native Format Copies.** The Parties shall, upon reasonable request, make native format copies of any produced, unredacted document not otherwise required to be produced in native format under this Protocol available for inspection and copying. The Party requesting the inspection and copying shall bear the cost of any such request.

17. **Unitizing of Documents.** Distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., documents should be unitized as kept in the ordinary course of business).

18. **Confidentiality Designations.** Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. To the extent responsive documents are

12

JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER

produced in native format, confidentiality designations will be identified in the file name and stamped on the placeholder image.

19. **Hyperlinked Documents.** The Parties agree that, when producing ESI, the Producing Party is not obligated to collect or produce as family members documents that correspond to hyperlinks contained within that ESI, absent agreement of the Parties or a showing of good cause. If a Receiving Party identifies a specific hyperlinked document that it believes is relevant and necessary, the Parties shall meet and confer in good faith to determine whether the document should be collected and produced. Custodial or non-custodial sources, including but not limited to OneDrive, SharePoint and Google Drive, utilized by a Producing Party's email system as a repository for documents which may be hyperlinked in lieu of attachment shall not be excluded from that Party's search, review, and production processes for non-Email ESI.

II. **Processing of Third-Party Documents**

20. A Party that issues a subpoena requesting the production of documents ("Issuing Party") shall include a copy of this Order and the Protective Order in this case with the subpoena. The Issuing Party shall also state that the Parties have requested that third parties produce documents in accordance with the specifications set forth in this Order and the Protective Order.

21. The Issuing Party shall ensure that any documents it obtains pursuant to a subpoena are produced to all Parties within two weeks of receiving the third-party production.

22. If a third-party production is not Bates stamped, the Issuing Party will endorse the third-party production with unique prefixes and bates numbers prior to producing them to the other Party. The Issuing Party bears no responsibility for further conforming any third-party production to the requirements of this Protocol.

JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER

Case 2:23-cv-04347-AH-E    Document 253-6    Filed 08/11/26    Page 35 of 65    Page ID
Case 2:23-cv-04347-AH-E    Document 206-12    Filed 12/19/25    Page 14 of 19    Page ID
#:7152
#:3183

23. Nothing in this Order is intended or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or third parties to object to a subpoena.

## III.  Privilege Logs

24. The Parties agree that any hard copy documents or ESI withheld or redacted on privilege grounds will be recorded on a line-by-line privilege log, with control numbers assigned by the producing Party.  The Parties agree that a privilege log shall be provided within 30 days of substantial completion of document production, and that any supplements to that privilege log shall be provided no later than 30 days prior to the completion of fact discovery.

25. The Parties shall produce privilege logs in Excel or similar format that permits text searching, filtering, and sorting.  Each installment of a privilege log shall be produced in chronological order, with documents for which date information is unavailable at the end of the log.

    a.    A unique document identification number for each entry that remains constant even if the logs are sorted or revised.  The identifier shall be unique to each entry and not as to a document family;

    b.    Document type;

    c.    Date (date sent for correspondence such as emails, memos and letters; date created for other documents);

    d.    Custodian;

    e.    The title of the document, or subject/re: line (unless that information is itself subject to a claim of privilege, in which case that withholding shall be indicated on the log);

    f.    From;

    g.    To;

    h.    CC;

JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER

Case 2:23-cv-04347-AH-E    Document 253-6    Filed 08/11/26    Page 36 of 65    Page ID
Case 2:23-cv-04347-AH-E    Document 206-153    Filed 12/19/25    Page 15 of 19    Page ID
#:3184

    i.     BCC;

    j.     All privilege(s) or protection(s) claimed;

    k.    A description of the document, its subject matter, and its contents sufficient to explain the basis for the claim(s) of privilege and to satisfy Federal Rule of Civil Procedure 26(b)(5);

    l.    The beginning bates number of the document (if produced in redacted form).

26. All names appearing in a privilege log shall reflect the full name and email address values as included in the available metadata (e.g., shall not be redacted to initials). Privilege logs shall identify attorneys on the face of the log with an asterisk (*).

27. The Parties agree to meet and confer in good faith regarding any disagreements over the sufficiency of a privilege log or privilege log entry.

28. Each individual email or communication withheld or redacted for privilege shall be logged regardless of whether such individual email or communication is also a lesser-included component of a later email or communication that is logged. The privilege description of an email chain in a Party's privilege log must adequately describe the basis for the privilege in the entire email chain. For the avoidance of doubt, a Party need not individually list the "To," "From," "CC"," "BCC," or other descriptors such as Date and Subject, for the earlier emails in the chain.

29. Each Party reserves the right to request that another Party log communications with outside litigation counsel. Such a request may be made at an appropriate time in connection with document discovery in this Action. If the Parties cannot agree on this issue, they will present competing proposals to the Court.

JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER

## IV.    Inadvertent Disclosure

30.    Inadvertent disclosure of information or documents subject to a claim of privilege or work product protection shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, subject to the following two paragraphs below.

31.    The production or disclosure of any information (including documents) in this action that a Party or third-party ("Producing Party") later claims should not have been produced due to a privilege or protection from discovery—including, but not limited to, any attorney client privilege, work product privilege, joint defense privilege, or settlement privilege—shall not constitute a waiver of, or estoppel as to, any such privilege or protection, unless (1) the Producing Party makes affirmative use of such information in the Action; or (2) the Producing Party does not object within a reasonable time to the party to whom the information was disclosed or produced (the "Recipient Party") making use of such information in the Action (e.g., at a deposition or in a Court filing).  A Producing Party may request the return, destruction, or sequestration of such information, which request shall identify the information and the basis for requesting its return or destruction.  If a Party receives information that it believes in good faith is subject to a valid claim of privilege or protection from discovery, the Recipient Party shall promptly identify the information to the Producing Party.

32.    When a Producing Party or Recipient Party identifies such privileged or protected information, the Recipient Party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall take reasonable steps to retrieve the information from others to which the Party disclosed the information; (3) shall, within ten business days of the Producing Party's request, return to the Producing Party or destroy or sequester the information and all copies thereof; and (4) shall confirm to the Producing Party the destruction or sequestration, under (3) above, of all copies of the information not returned to the Producing Party.  No

16

JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER

one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived. Notwithstanding this provision, no Party shall be required to return, destroy, or sequester any information that may exist on any disaster recovery backup system.

## V. **Limitations**

33. Nothing in this Order shall prohibit a Party from seeking modification of any of its terms either by stipulation or by application to the Court. The Parties will meet and confer to attempt to resolve any dispute regarding proposed modifications before seeking Court intervention.

34. This Order relates to the general protocol of identifying and producing hard copy documents and ESI, and is not otherwise intended to alter the Parties' respective rights and obligations under the Federal Rules of Civil Procedure. The Parties may stipulate or any Party may bring a motion to modify or clarify the application of this Order to a particular document or set of documents, particular set of ESI, or otherwise.

35. The Parties will meet and confer regarding the production of any type of document or data that is not addressed in this Stipulation.


**IT IS SO ORDERED.**


Dated: December 19, 2025          By:_____

                                          Hon. Charles F. Eick
                                          United States Magistrate Judge


Dated: December 19, 2025

/s/ Jeffrey A. Rosenfeld                  /s/ Maurice R. Mitts
ALSTON & BIRD LLP                         WINNICK LAW, PC
Jeffrey A. Rosenfeld (#136896)            Alexander H. Winnick
jeffrey.rosenfeld@alston.com              2450 Colorado Avenue
Jesse Steinbach (#278923)                 Suite 100E

jesse.steinbach@alston.com
Brooke Bolender (#340689)
brooke.bolender@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1143

WILLIAMS & CONNOLLY LLP
Kenneth J. Brown*
kbrown@wc.com
Jonathan B. Pitt*
jpitt@wc.com
William P. Ashworth*
washworth@wc.com
R. Kennon Poteat III*
kpoteat@wc.com
Kathryn E. Hoover*
khoover@wc.com
Ilana B. Frier*
ifrier@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

KLEINBARD LLC
Steven J. Engelmyer*
sengelmyer@kleinbard.com
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Telephone: 215-568-2000
* admitted *pro hac vice*
*Attorneys for Plaintiffs*

Santa Monica, CA 90404

MITTS LAW LLC
Maurice R. Mitts*
mmitts@mittslaw.com
1822 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 866-1010
Facsimile: (215) 866-0111

* admitted *pro hac vice*

*Attorneys for Defendants WCO
Spectrum LLC, Academia Spectrum
LLC, Karen Winnick, Carl
Katerndahl, Andreas Bitzarakis, and
Tyler Kratz*

18

JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER

Case 2:23-cv-04347-AH-E   Document 253-6   Filed 08/11/26   Page 40 of 65   Page ID
Case 2:23-cv-04347-AH-E   Document 206-1   Filed 12/19/25   Page 19 of 19   Page ID
#:7157
#:3188

## LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION

The filer of this document attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

_/s/ Jeffrey A. Rosenfeld_
Jeffrey A. Rosenfeld

JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER

# EXHIBIT B

Case 2:23-cv-04347-AH-E    Document 253-6    Filed 08/11/26    Page 42 of 65   Page ID
Case 2:23-cv-04347-AH-E    Document 2059   Filed 12/19/25    Page 1 of 2   Page ID
#:3144

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE US, INC., CLEARWIRE SPECTRUM HOLDINGS LLC, CLEARWIRE SPECTRUM HOLDINGS II LLC, CLEARWIRE SPECTRUM HOLDINGS III LLC, FIXED WIRELESS HOLDINGS LLC, NSAC LLC, TDI ACQUISITION SUB LLC, AND WBSY LICENSING LLC, | Case No. 2:23-CV-4347-AH-E<br><br>Hon. Charles F. Eick<br><br>**STIPULATED PROTECTIVE ORDER** |
| Plaintiffs, | |
| vs. | Complaint Filed: June 2, 2023 |
| WCO SPECTRUM LLC, SCH LLC, ACADEMIA SPECTRUM LLC, KAREN WINNICK AS TRUSTEE OF GKW TRUST, EXECUTOR OF THE ESTATE OF GARY WINNICK AND GARY WINNICK'S SUCCESSOR-IN-INTEREST, CARL KATERNDAHL, ASHOK VASUDEVAN, ANDREAS BITZARAKIS, AND TYLER KRATZ, | |
| Defendants. | |

ORDER

Pursuant to the Parties' Joint Stipulation for Entry of Protective Order, filed December 18, 2025 ("Stipulated Protective Order") and for good cause shown, it is ORDERED that the Stipulated Protective Order be entered.

**IT IS SO ORDERED.**

Dated:  December 19,. 2025

Hon. Charles F. Eick
United States Magistrate Judge

2
ORDER

Case 2:23-cv-04347-AH-E    Document #203-61    Filed 12/19/25    Page 1 of 22    Page ID
#:3146

**ALSTON & BIRD LLP**
Jeffrey A. Rosenfeld (#136896)
jeffrey.rosenfeld@alston.com
Jesse Steinbach (#278923)
jesse.steinbach@alston.com
Brooke Bolender (#340689)
brooke.bolender@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1143

**WILLIAMS & CONNOLLY LLP**
Kenneth J. Brown*
kbrown@wc.com
Jonathan B. Pitt*
jpitt@wc.com
William P. Ashworth*
washworth@wc.com
R. Kennon Poteat III*
kpoteat@wc.com
Kathryn E. Hoover*
khoover@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000

**KLEINBARD LLC**
Steven J. Engelmyer*
sengelmyer@kleinbard.com
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Telephone: (215) 568-2000

*admitted *pro hac vice*

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE US, INC., CLEARWIRE SPECTRUM HOLDINGS LLC, CLEARWIRE SPECTRUM HOLDINGS II LLC, CLEARWIRE SPECTRUM HOLDINGS III LLC, FIXED WIRELESS HOLDINGS LLC, NSAC LLC, TDI ACQUISITION SUB LLC, AND WBSY LICENSING LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> WCO SPECTRUM LLC, SCH LLC, ACADEMIA SPECTRUM LLC, KAREN WINNICK AS TRUSTEE OF GKW TRUST, EXECUTOR OF THE ESTATE OF GARY WINNICK AND GARY WINNICK'S SUCCESSOR-IN-INTEREST, CARL KATERNDAHL, ASHOK VASUDEVAN, ANDREAS BITZARAKIS, AND TYLER KRATZ, <br><br> Defendants. | Case No. 2:23-CV-4347-AH-E <br><br> Hon. Anne Hwang, Ctrm 9C <br><br> [~~PROPOSED~~] **JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER** <br><br> Complaint Filed: June 2, 2023 |

Case 2:23-cv-04347-AH-E    Document 253-6    Filed 08/11/26    Page 45 of 65    Page ID
Case 2:23-cv-04347-AH-E    Document #05162    Filed 12/19/25    Page 2 of 22    Page ID
#:3147

The parties, having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored Protective Order, it is therefore hereby

ORDERED that this Joint Stipulation for Protective Order ("Order") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests for admissions, and responses to requests for documents and electronically stored information, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom by or among any Party or non-Party providing Discovery Material (as defined below) in this Action.

1. **Definitions.**

    a.    **Action**: *T-Mobile US, Inc., et al. v. WCO Spectrum LLC, et al.*, United States District Court Case No.: 2:23-CV-4347-AH-E.

    b.    **Confidential Discovery Material**: Discovery Material that the Producing Party in good faith believes to contain nonpublic, confidential, personal, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in this Order.

    c.    **Highly Confidential – Attorney's Eyes Only Discovery Material**: Discovery Material that the Producing Party in good faith believes to contain, constitute, reveal, or reflect non-public, highly confidential information, consisting of either trade secrets or proprietary or other highly confidential business, competitively sensitive, financial, regulatory, or strategic information that—if disclosed—would create a substantial risk of competitive or business injury to the Producing Party that could not be avoided by less restrictive means. Highly

Confidential – Attorney's Eyes Only Discovery Material shall constitute a subset of Confidential Discovery Material, and all provisions in this Order pertaining to Confidential Discovery Material apply equally to materials designated as Highly Confidential – Attorney's Eyes Only Discovery Material unless stated otherwise herein.

d.    **Counsel (without qualifier)**: Outside Counsel of Record and House Counsel (as well as their respective support staffs).

e.    **Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are provided in disclosures or responses to discovery in this matter.

f.    **House Counsel**: attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

g.    **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

h.    **Outside Counsel of Record**: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

i.    **Party**: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

---

3

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

Case 2:23-cv-04347-AH-E Document 253-6 Filed 08/11/26 Page 47 of 65 Page ID
Case 2:23-cv-04347-AH-E Document #:3164 Filed 12/19/25 Page 4 of 22 Page ID
#:3149

j.   **Producing Party**: a Party or Non-Party that produces Discovery Material in this action.

k.   **Protected Material**: any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

l.   **Receiving Party**: a Party that receives Discovery Material from a Producing Party.

m.   **Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.   **Scope**.   The protections conferred by this Order cover not only Protected Material but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. But the protections conferred by this Order do not cover the following information: (a) information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) information known to the Receiving Party prior to the disclosure, provided that such information came from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; and (c) information obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

4

Case 2:23-cv-04347-AH-E    Document 253-6    Filed 08/11/26    Page 48 of 65    Page ID
Case 2:23-cv-04347-AH-E    Document #:3165    Filed 12/19/25    Page 5 of 22    Page ID
#:3150

3. **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under this Order. If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection, that Producing Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

4. **Manner for Designating Confidential Discovery Material and Highly Confidential – Attorney's Eyes Only Discovery Material**. The designation of Discovery Material as Confidential Discovery Material or Highly Confidential - Attorney's Eyes Only Discovery Material shall be made in the following manner:

  a. In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material or "Highly Confidential – Attorney's Eyes Only" to each page containing Highly Confidential – Attorney's Eyes Only Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the word "Confidential" or "Highly Confidential – Attorney's Eyes Only" need only be stamped on the first page of the document in order for the entire document to be treated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential – Attorney's Eyes Only" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential – Attorney's Eyes

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

Only" to the media containing the Discovery Material (e.g., CD-ROM, DVD, flash drive), as applicable.

    b.    In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within thirty (30) days of receipt of the final transcript designating the entire transcript or portions thereof; provided that only those portions of the transcript designated as Confidential or Highly Confidential – Attorney's Eyes Only Discovery Material shall be deemed Confidential or Highly Confidential – Attorney's Eyes Only Discovery Material. All depositions and other pretrial testimony will be deemed to be Protected Material until the expiration of the thirtieth (30th) business day after counsel receive a copy of the final transcript, after which such deposition and other pretrial testimony will be treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any deposition or other pretrial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

    c.    In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Discovery Material, as applicable.

    5.    **Representation that Protected Material Meets Those Definitions**. The designation of Discovery Material as Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Discovery Material shall constitute a representation that such Discovery Material has been reviewed by an attorney

Case 2:23-cv-04347-AH-E    Document 253-6    Filed 08/11/26    Page 50 of 65    Page ID
Case 2:23-cv-04347-AH-E    Document #:3167    Filed 12/19/25    Page 7 of 22    Page ID
#:3152

representing the Producing Party, and that there is a good faith basis for such designation.

6.    **Inadvertent Failure to Designate**.  Inadvertent failure to designate Discovery Material as Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Discovery Material shall not constitute a waiver of such claim and may be corrected promptly upon discovery of such failure.  In the event that a Producing Party produces any Protected Material without affixing the legend required by Paragraph 4, the Producing Party may, within a reasonable period of time following discovery of such failure, designate the material as Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Discovery Material: (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Discovery Material; or (ii) in a manner consistent with Paragraph 4.    The Producing Party shall mark and replace previously supplied Discovery Material.  Upon receiving notice of the inadvertent failure to designate, the Parties shall thereafter treat the Discovery Material so designated as Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Discovery Material and such Discovery Material shall be fully subject to this Order from the date of such supplemental notice forward.  The Party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Protected Material.  In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material before its designation as Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Discovery Material shall exercise its best efforts to ensure: (i) the return or destruction of such Discovery Material by any person not authorized to receive the Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only

-7-

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

Case 2:23-cv-04347-AH-E   Document 253-6   Filed 08/11/26   Page 51 of 65   Page ID
Case 2:23-cv-04347-AH-E   Document 205-68   Filed 12/19/25   Page 8 of 22   Page ID
#:3153

Discovery Material under the terms of this Order; (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Discovery Material when originally produced; (iii) that such Discovery Material is not to be further disclosed except in accordance with the terms of this Order, and (iv) that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 12.

7. **Use of Confidential Discovery Material**. Confidential Discovery Material may be used in connection with this Action and disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in accordance with this Order:

    a.    The Parties and the directors, officers, general partners, limited partners, managers, members, and employees of the Parties who are assisting with or making decisions concerning the Action, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Action;

    b.    Counsel who represent the Parties in this Action including in-house counsel of the Parties and their affiliates, and the partners, counsel, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Action;

    c.    Subject to Paragraph 10, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying

8

Case 2:23-cv-04347-AH-E    Document 253-6    Filed 08/11/26    Page 52 of 65    Page ID
Case 2:23-cv-04347-AH-E    Document #:3169    Filed 12/19/25    Page 9 of 22    Page ID
#:3154

services and outside support services) who are assisting with the Action, provided that such person signs an undertaking in the form attached as Exhibit A hereto;

    d.    Subject to Paragraph 11, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony or to prepare and submit declarations or affidavits in this Action;

    e.    Any author or recipient of the Confidential Discovery Material or a custodian or other person who otherwise possessed the Confidential Discovery Material or knew the Information contained therein;

    f.    The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Action or any appeal therefrom;

    g.    Any mediators or other mutually agreed upon or court-appointed person responsible for resolving the action, provided that such person signs an undertaking in the form attached as Exhibit A hereto; and

    h.    Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Confidential Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

8.    **Use of Highly Confidential – Attorney's Eyes Only Discovery Material.** Unless otherwise ordered by the Court, access to and/or disclosure of "Highly Confidential – Attorney's Eyes Only" Discovery Material shall be permitted only to the following persons:

Case 2:23-cv-04347-AH-E    Document 253-6    Filed 08/11/26    Page 53 of 65    Page ID
Case 2:23-cv-04347-AH-E    Document 203-170  Filed 12/19/25    Page 10 of 22   Page ID
#:3155

a. Outside Counsel of Record in the Action and their firms' attorneys who are actively involved in the Action, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside document vendor or copying services, who are working on this Action under the direction of such attorneys and to whom it is necessary that the Highly Confidential – Attorney's Eyes Only Discovery Material be disclosed for purposes of this Proceeding;

b. House Counsel of the Receiving Party: (1) who function in a litigation role, as opposed to a business role; (2) to whom disclosure is reasonably necessary for this Action; and (3) who has signed Exhibit A;

c. Any author or recipient of the Highly Confidential – Attorney's Eyes Only Discovery Material or a custodian or other person who otherwise possessed the Highly Confidential – Attorney's Eyes Only Discovery Material or knew the Information contained therein;

d. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Action or any appeal therefrom;

e. Outside experts or consultants consulted by the Parties or their counsel in connection with the Action, whether or not retained to testify at any oral hearing or trial; provided, however, that prior to the disclosure of Highly Confidential – Attorney's Eyes Only Discovery Material to any such expert or consultant, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such

10

Case 2:23-cv-04347-AH-E    Document 253-6    Filed 08/11/26    Page 54 of 65    Page ID
Case 2:23-cv-04347-AH-E    Document 205-1    Filed 12/19/25    Page 11 of 22    Page ID
#:3156

person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Order by any such expert or consultant, to promptly notify counsel for the Producing Party of such breach or threatened breach;

f.    Any mediators or other mutually agreed upon or court-appointed person responsible for resolving the action, provided that such person signs an undertaking in the form attached as Exhibit A hereto; and

g.    Any other person that the Producing Party agrees to in writing or a court of competent jurisdiction orders them to abide by the terms of this Order.

9.    **Exclusion from Deposition or Other Venue.** Subject to Paragraph 23, to the extent that testimony is sought concerning Protected Material during any deposition or in any other pretrial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Protected Material may not be disclosed to such person under the terms of this Order.

10.    **Provision of Protected Material to Experts or Consultants.** Notwithstanding Paragraph 7(c) and 8(g), Protected Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Action, provided that such expert or consultant is not a current officer, director, employee, or routine consultant (i.e., a consultant who works on a routine basis with and is not a consulting or testifying expert) of a competitor of a party or will become one and that such expert or consultant agrees to be bound by the terms of this Order by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Protected Material to any person required

11

Case 2:23-cv-04347-AH-E    Document 253-6    Filed 08/11/26    Page 55 of 65   Page ID
Case 2:23-cv-04347-AH-E    Document 205-12    Filed 12/19/25    Page 12 of 22   Page ID
#:3157

to execute an undertaking pursuant to this paragraph shall be responsible for obtaining and retaining such signed undertaking before the disclosure of Protected Material to such expert or consultant.

11. **Provision of Protected Material to Witnesses or Deponents**. Notwithstanding Paragraph 7(d), Protected Material may be provided to persons listed therein only after: (i) such persons confirm their understanding and agreement to abide by the terms of this Order by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto; or (ii) a court of competent jurisdiction orders them to abide by the terms of this Order. Counsel for the Party showing Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining and retaining such signed undertaking before the provision of such Protected Material to such person.

12. **Use of Protected Material Limited to this Action**. Protected Material shall be used solely for purposes of this Action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose. The Parties agree to comply with the procedures set forth in C.D. Cal. Local Rule 79-5 when filing Protected Material in this Action.

13. **Duty to Advise Persons Receiving Protected Material**. Every person to whom Protected Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Protected Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

14.    **Duty to Advise Non-Parties of this Order**.  Any Party issuing a subpoena to a non-Party shall enclose a copy of this Order and notify the non-Party that the protections of this Order are available to such non-Party.

15.    **Challenges to Confidentiality Designations**.  Any Party may challenge a designation of confidentiality.

16.    **Meet and Confer**.  A Party that elects to challenge a designation must do so in good faith and must first begin the process by meeting and conferring directly with the Producing Party.  The Challenging Party shall initiate the dispute resolution process by providing written notice to the Producing Party of each designation it is challenging by Bates number and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within seven (7) days of the date of service of notice (or such other time as the parties may agree or the Court may order under the circumstances).  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Producing Party is unwilling to participate in the meet and confer process in a timely manner.

17.    **Judicial Intervention for Disputes Regarding Confidentiality Designations**.  If the Parties cannot resolve a challenge without court intervention, then either Party may proceed to file a Motion in accordance with the Local Rules and/or this Court's preferences.  The burden of persuasion in any such challenge proceeding shall be on the Producing Party.  Unless the Producing Party has waived

Case 2:23-cv-04347-AH-E   Document 253-6   Filed 08/11/26   Page 57 of 65   Page ID
Case 2:23-cv-04347-AH-E   Document 205-174   Filed 12/19/25   Page 14 of 22   Page ID
#:3159

or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

18. **Non-Waiver of Rights and Privileges**. Entering into this Order, or agreeing to and/or producing or receiving Discovery Material or Protected Material or otherwise complying with the terms of this Order, shall not:

a. Prejudice in any way the rights of any Party to: (i) seek production of documents or information the Party considers subject to discovery; or (ii) object to the production of documents or information it considers not subject to discovery;

b. Operate as an admission by any Party that any Discovery Material constitutes Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Discovery Material;

c. Prejudice in any way the rights of any Party to: (i) petition the Court for a further protective order relating to any purportedly Protected Material; or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material or Highly Confidential – Attorney's Eyes Only Discovery Material should be subject to the terms of this Order;

d. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any Discovery Material;

e. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

f. Preclude any Party from objecting to discovery that it believes to be otherwise improper;

14

Case 2:23-cv-04347-AH-E   Document 253-6   Filed 08/11/26   Page 58 of 65   Page ID
Case 2:23-cv-04347-AH-E   Document 205-175   Filed 12/19/25   Page 15 of 22   Page ID
#:3160

      g.     Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege, immunity or protection; or

      h.     Alter, amend, or waive any contractual or common law rights of any Party hereto.

19. **Producing Party's Use of Its Own Discovery Material**. This Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Protected Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Protected Material obtained lawfully by such person independently of the discovery proceedings in this Action, and not otherwise subject to confidentiality restrictions.

20. **Joinder of Additional Parties**. In the event additional Parties join or are joined in this Action, they shall not have access to Protected Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be bound fully by this Order.

21. **Parties Bound Pending Court Approval.** The Parties agree to be bound by the terms of this Order pending the entry by the Court of this Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

22. **Provisions Shall Apply Throughout and After Action**. The provisions of this Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including, without limitation, any appeals therefrom, except as provided in Paragraph 23.

23. **Use of Protected Material in Court Proceedings.** Prior to any court proceeding in which Protected Material is to be used, counsel for the Parties shall

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Protected Material. After such meet and confer, and absent use of Protected Material in open court without advance notice to the Producing Party (as to which the Producing Party may object), in the event that any Protected Material is used in open court during any court proceeding or lodged as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material.

24. **Procedure Following Final Disposition of this Proceeding.** Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Action, or any other proceeding in which Protected Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Protected Material shall either: (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all Protected Material, and if so requested, to certify to that fact in writing to counsel for the Producing Party. However, Outside Counsel of Record for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Protected Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, correspondence, pleadings, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Protected Material), to any person except pursuant to a court order, agreement by the Producing Party, or as otherwise required by law. For purposes of this Paragraph, good faith reasonable efforts to return or destroy material need not include

16

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

Case 2:23-cv-04347-AH-E    Document 253-6    Filed 08/11/26    Page 60 of 65   Page ID
Case 2:23-cv-04347-AH-E    Document 203-1 77  Filed 12/19/25    Page 17 of 22   Page ID
#:3162

destroying Discovery Material residing on back-up tapes or other disaster recovery systems, so long as the person who has received such Discovery Material maintains the confidentiality of such material.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

25.    **Receipt of Subpoena Seeking Protected Material.**  If any person subject to this Order in possession of Protected Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Protected Material produced or designated by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within five (5) business days of receipt of such Demand (or if a response to the Demand is due in less than five (5) business days, at least forty-eight (48) hours prior to the deadline for a response to the Demand), identifying the Protected Material sought and enclosing a copy of the Demand, and must object to the production of the Protected Material on the grounds of the existence of this Order.  The burden of opposing the enforcement of the Demand will fall on the Producing Party.  Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of Protected Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court.  Compliance by the Receiver with any order directing production pursuant to a Demand of any Protected Material will not constitute a violation of this Order.

26.    **Recipient of Subpoena's Duty to Maintain Confidentiality.**  No Receiver shall reveal any Protected Material or the information contained therein, to anyone not entitled to receive such Protected Material under the terms of this Order.  In the event that Protected Material is disclosed to any person other than in

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

the manner authorized by this Order, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Protected Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Protected Material by each unauthorized person who receives the information.

27. **Right to Advise Clients**. Nothing in this Order shall prevent Outside Counsel of Record from advising his or her client(s) concerning this Action and, in the course thereof, from relying in a general way upon his or her examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with his or her client(s), such counsel shall not disclose the specific contents of any material designated Highly Confidential – Attorney's Eyes Only Discovery Material to any individual not authorized to receive such material, pursuant to the terms of this Order.

28. **Terms Apply to Productions by Non-Parties**. The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Order.

**IT IS SO ORDERED.**

DATED: December 19, 2025

By:_____

Hon. Charles F. Eick
United States Magistrate Judge

DATED: December 19, 2025

/s/ Jeffrey A. Rosenfeld
ALSTON & BIRD LLP

/s/ Maurice R. Mitts
WINNICK LAW, PC

18

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

Jeffrey A. Rosenfeld (#136896)
jeffrey.rosenfeld@alston.com
Jesse Steinbach (#278923)
jesse.steinbach@alston.com
Brooke Bolender (#340689)
brooke.bolender@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 576-1143

WILLIAMS & CONNOLLY LLP
Kenneth J. Brown*
kbrown@wc.com
Jonathan B. Pitt*
jpitt@wc.com
William P. Ashworth*
washworth@wc.com
R. Kennon Poteat III*
kpoteat@wc.com
Kathryn E. Hoover*
khoover@wc.com
Ilana B. Frier*
ifrier@wc.com
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

KLEINBARD LLC
Steven J. Engelmyer*
sengelmyer@kleinbard.com
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Telephone: 215-568-2000

* admitted *pro hac vice*

*Attorneys for Plaintiffs*

Alexander H. Winnick
2450 Colorado Avenue
Suite 100E
Santa Monica, CA 90404

MITTS LAW LLC
Maurice R. Mitts*
mmitts@mittslaw.com
1822 Spruce Street
Philadelphia, PA 19103
Telephone: (215) 866-1010
Facsimile: (215) 866-0111

* admitted *pro hac vice*

*Attorneys for Defendants WCO Spectrum LLC, Academia Spectrum LLC, Karen Winnick, Carl Katerndahl, Andreas Bitzarakis, and Tyler Kratz*

19
JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

Case 2:23-cv-04347-AH-E    Document 253-6    Filed 08/11/26    Page 63 of 65    Page ID
Case 2:23-cv-04347-AH-E    Document 203-180   Filed 12/19/25    Page 20 of 22   Page ID
#:3165

## LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION

The filer of this document attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

*/s/ Jeffrey A. Rosenfeld*
Jeffrey A. Rosenfeld

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2025, a true and correct copy of the foregoing **JOINT STIPULATION FOR ENTRY OF AGREED DISCOVERY ORDER** was served via email to all counsel of record.

*/s/ Jeffrey A. Rosenfeld*
Jeffrey A. Rosenfeld

Case 2:23-cv-04347-AH-E    Document 253-6    Filed 08/11/26    Page 64 of 65    Page ID
Case 2:23-cv-04347-AH-E    Document 205-1    Filed 12/19/25    Page 21 of 22    Page ID
#:3166
#:7181

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| T-MOBILE US, INC., CLEARWIRE SPECTRUM HOLDINGS LLC, CLEARWIRE SPECTRUM HOLDINGS II LLC, CLEARWIRE SPECTRUM HOLDINGS III LLC, FIXED WIRELESS HOLDINGS LLC, NSAC LLC, TDI ACQUISITION SUB LLC, AND WBSY LICENSING LLC, | Case No. 2:23-CV-4347-AH-E |
| Plaintiffs, | Hon. Anne Hwang, Ctrm 9C |
| vs. | |
| WCO SPECTRUM LLC, SCH LLC, ACADEMIA SPECTRUM LLC, KAREN WINNICK AS TRUSTEE OF GKW TRUST, EXECUTOR OF THE ESTATE OF GARY WINNICK AND GARY WINNICK'S SUCCESSOR-IN-INTEREST, CARL KATERNDAHL, ASHOK VÁSUDEVAN, ANDREAS BITZARAKIS, AND TYLER KRATZ, | |
| Defendants. | |

### AGREEMENT TO BE BOUND BY JOINT STIPULATION FOR PROTECTIVE ORDER

I have read the Joint Stipulation for Entry of Protective Order (the "Order") in the above-captioned action. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the U.S. District Court for the Central District of California for purposes of enforcement of the Order. I further agree not to disclose or use any Protected Material (as defined in the Order) for purposes other than those permitted under the Order.

_____
Signature

_____
Name

1
JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

_____

Affiliation

_____

_____

Date

_____

Title

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER